**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNN GAMBRILL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>CS DISCO, INC.; KIWI CAMARA; MICHAEL LAFAIR;<br><br>    Defendants. | **CASE No.: 1:23-cv-08270-LAK-SN**<br><br>**MEMORANDUM OF LAW OF BERT W. PLUYMEN IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**<br><br>**CLASS ACTION** |

1

Lead Plaintiff Movant Bert W. Pluymen ("Mr. Pluymen" or "Movant") respectfully submits this memorandum in opposition to the competing lead plaintiff motions filed by Randal Black ("Mr. Black") (Dkt. No. 14) and Lynn Gambrill ("Ms. Gambrill") (Dkt. No. 7).

Preliminarily, due to an inadvertent typographical error, Mr. Pluymen's name is spelled incorrectly in his opening motion papers as "Pluyman." Such inadvertent typographical errors are not dispositive to this motion. Indeed, competing movant Lynn Gambrill's name is misspelled in her own sworn PSLRA certification. Dkt. No. 9-2. Courts have found similar inadvertent errors to be non-dispositive. *See, e.g.*, *In re Lyft Sec. Litig.*, No. 19-cv-02690-HSG, 2020 WL 1043628, at *6 (N.D. Cal. Mar. 4, 2020) ("The Court further disregards as trivial movants' arguments that typographical errors in their competit[ors'] motions or certificates are meaningfully indicative of inadequacy."); *In re Solar City Corp. Sec. Litig.*, No. 16-cv-04686-LHK, 2017 WL 363274, at *6 (N.D. Cal. Jan. 25, 2017) (finding "minor or inadvertent mistakes" did not prevent [lead plaintiff] from being appointed); *Banerjee v. Avinger, Inc.*, No. 17-cv-03400-CW, 2017 WL 4552063, at *3 (N.D. Cal. Oct. 11, 2017) ("clerical error [wa]s not sufficient to prove that [lead plaintiffs] will not be adequate."); *In re Advanced Tissue Scis. Sec. Litig.*, 184 F.R.D. 346, 351 n.12 (S.D. Cal. 1998) (typographical errors not "so substantial as to overcome the statutory presumption.").[1]

---

[1] Some courts find typographical errors probative of adequacy when the error involves the movant's reported losses or their sworn PSLRA certification. *Camp v. Qualcomm Inc.,* 2019 WL 3554798, at *2 (S.D. Cal. Aug. 5, 2019); *Nager v. Websecure, Inc*., 1997 WL 773717, at *2 n.1 (D. Mass. Nov. 26, 1997). Here, while Mr. Pluymen *correctly* spelled his name on his sworn PSLRA certification, competing movant Lynn Gambrill's name is spelled incorrectly in her sworn certification. Additionally, it appears that competing movants may have inaccurately reported their trades and losses. Mr. Black and Ms. Gambrill both submitted trading data for transactions that do not comport with the daily trading range of CS Disco stock. *See* Kim Declaration in Support of Memorandum of Law of Movant Bert W. Pluymen in Opposition to Competing Lead Plaintiff Motion, Exs. A, B.

## I.    INTRODUCTION

Before the Court are two motions seeking appointment as lead plaintiff and approval of lead counsel, on behalf of purchasers of the securities of CS Disco, Inc. ("CS Disco" or the "Company") between July 21, 2021 and August 11, 2022.[2]

Of the two motions, Mr. Pluymen has the largest financial interest, having lost over $40,000. Dkt. No. 12-3. The competing motion has considerably smaller losses as Ms. Gambrill lost $2,554. Dkt. No. 9-2.

As Mr. Pluymen has the largest financial interest in this action and also *prima facie* satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that Movant is presumed to be the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As explained in his opening papers, Mr. Pluymen is more than adequate to serve as lead plaintiff.  Mr. Pluymen possesses a law degree and practiced as a litigator for twenty years and as a mediator for twenty years. Because no movant can offer any proof that Mr. Pluymen is inadequate or atypical, the Court should appoint Mr. Pluymen as lead plaintiff and approve his selection The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel. *See Id*.

## II.    ARGUMENT

### A.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

Under the PSLRA's analysis, Mr. Pluymen should be appointed the lead plaintiff as there is a "rebuttable presumption … that the most adequate plaintiff … is the person or group of persons … that … has the largest financial interest in the relief sought by the class." *See* 15 U.S.C. § 78u-

---

[2] On December 4, 2023, Mr. Black filed a notice of non-opposition to the competing motions for appointment as lead plaintiff noting that he "has not asserted the largest financial interest," thereby effectively withdrawing himself from consideration. Dkt. No. 21.

4(a)(3)(B)(iii)(I). Here, Mr. Pluymen suffered the largest loss of any movant. Courts across the country recognize this factor as the most significant factor to be considered. *See, e.g.*, *In re Comverse Tech., Inc. Sec. Litig.*, 2007 WL 680779, at *3 (E.D.N.Y. Mar. 2, 2007), *adhered to on reconsideration,* 2008 WL 820015 (E.D.N.Y. Mar. 25, 2008) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period, to be most influential in identifying the plaintiff with the largest financial interest."); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) ("[W]e, as have other courts, shall place the most emphasis on the last of the four factors: the approximate loss suffered by the movant."); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Moreover, as set forth in Mr. Pluymen's opening papers, Movant has made a *prima facie* showing of his adequacy and typicality. Mr. Pluymen submitted a certification attesting to his willingness to serve as lead plaintiff. Dkt. No. 12-2. In addition, Mr. Pluymen's claims are typical of other class members because his claims arise from the same legal theories and same nucleus of fact. Mr. Pluymen's interests are aligned with the interests of the other class members as he has the same incentive to prove Defendants' misconduct. There are no conflicts of interest between Mr. Pluymen and absent class members. *See* Dkt. No. 12 at 6.

In short, because Mr. Pluymen has the largest financial interest and satisfies the typicality and adequacy requirements of Rule 23, he is the presumptive lead plaintiff. As such, Mr. Pluymen should be appointed as lead plaintiff and his selection of Lead Counsel should be approved.

### B.  COMPETING MOTION SHOULD BE DENIED

The competing motion should be denied as Mr. Pluymen has the greatest financial interest in the litigation and satisfies the requirements of Rule 23. *Cavanaugh*, 306 F.3d at 732 ("The statutory process is sequential: The court must examine potential lead plaintiffs one at a time, starting with the one who has the greatest financial interest, and continuing in descending order if and only if the presumptive lead plaintiff is found inadequate or atypical."). While Mr. Pluymen should therefore be appointed lead plaintiff without further analysis, the following fact bears mentioning.

Ms. Gambrill's opening motion papers did not provide any information regarding her background or sophistication as an investor. Mr. Pluymen has therefore been unable to vet her adequacy to serve as lead plaintiff. As a result, Mr. Pluymen reserves his right to contest Ms. Gambrill's adequacy should the Court reach her motion (it should not).

### C.  MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (aa); *see also In re Molson Coors Brewing Co. Sec. Litig*., 233 F.R.D. 147, 150 (D. Del. 2005) (the Lead Plaintiff "is primarily responsible for selecting lead counsel.").

Mr. Pluymen has selected The Rosen Law Firm, P.A. as Lead Counsel. The firm has the resources and expertise to litigate this action efficiently and aggressively. As the firm's resume reflects, it is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. Dkt. No. 12-4 at 10-17. Thus, the Court may be assured that by approving Mr.

Pluymen's selection of counsel, the members of the class will receive excellent legal representation.

### III.    CONCLUSION

For the foregoing reasons, Mr. Pluymen respectfully requests the Court issue an Order: (1) appointing Mr. Pluymen as lead plaintiff of the Class; (2) approving Mr. Pluymen's selection of The Rosen Law Firm P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: December 4, 2022                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Lead Counsel for the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2023, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim
Phillip Kim