**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LYNN GAMBRILL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CS DISCO; KIWI CAMARA; MICHAEL LAFAIR;<br><br>Defendants. | Case No. 1:23-08270 (LAK) (SN)<br><br>Hon. Lewis A. Kaplan |

**LYNN GAMBRILL'S MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>COMPETING MOTIONS FOR LEAD PLAINTIFF</u>**

**TABLE OF CONTENTS**

**PAGE**

I.      PRELIMINARY STATEMENT ..................................................................................... 1

II.     ARGUMENT ............................................................................................................. 3

    A.      Pluyman Is Not The Presumptive "Most Adequate Plaintiff" ................................ 3

        1.      Pluyman Has Failed to Make a Prima Facie Showing of His Financial Interest .................................................................................................... 3

        2.      Pluyman Has Failed To Show That He Satisfies The Adequacy Requirement of Rule 23 ............................................................................. 4

    B.      Black Does Not Satisfy the Typicality and Adequacy Requirements of Rule 23 .. 8

    C.      Gambrill Satisfies the Requirements for Appointment as Lead Plaintiff ............. 10

III.    CONCLUSION ......................................................................................................... 11

# TABLE OF AUTHORITIES

**PAGE(S)**

**Cases**

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ................................................................................................ 10

*Camp v. Qualcomm Inc.*,
No. 18-cv-1208-AJB-BLM, 2019 WL 277360 (S.D. Cal. Jan. 22, 2019) ........................... 6, 7

*Cromer Fin. Ltd. v. Berger*,
205 F.R.D. 113 (S.D.N.Y. 2001) ...................................................................................... 9

*Garbowski v. Tokai Pharms., Inc.*,
302 F. Supp. 3d 441 (D. Mass. 2018) ............................................................................... 7

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d
176 (2d Cir. 1990) ............................................................................................................ 8

*Gronich v. Omega Healthcare Investors, Inc.*,
No. 17 Civ. 8983 (NRB), 2018 WL 1626078 (S.D.N.Y. Mar. 27, 2018) .............................. 9

*In re Chicago Bridge & Iron Co. N.V. Sec. Litig.*,
No. 17 Civ. 01580 (LGS), 2019 WL 5287980 (S.D.N.Y. Oct. 18, 2019), *report and
recommendation adopted in part*, No. 17 Civ. 1580 (LGS), 2020 WL 1329354
(S.D.N.Y. Mar. 23, 2020) ................................................................................................. 8

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
574 F.3d 29 (2d Cir. 2009) ............................................................................................. 10

*In re Indep. Energy Holdings PLC Sec. Litig.*,
210 F.R.D. 476 (S.D.N.Y. 2002) ...................................................................................... 9

*Micholle v. Ophthotech Corp.*,
No. 17-CV-1758 (VSB), 2018 WL 1307285 (S.D.N.Y. Mar. 13, 2018) ............................... 7

*Murphy v. Argo Blockchain plc*,
No. 23-CV-572-NRM-SJB, --- F. Supp. 3d ---, 2023 WL 4629444 (E.D.N.Y. July 19,
2023) ............................................................................................................................... 3

*Plaut v. Goldman Sachs Grp., Inc.*,
No. 18-cv-12084 (VSB), 2019 WL 4512774 (S.D.N.Y. Sept. 19, 2019) ............................. 7

*Westchester Putnam Ctys. Heavy & Highway Laborers Loc. 60 Benefit Funds v. Brixmor
Prop. Grp. Inc.*, No. 16-CV-02400 (AT)(SN), 2016 WL 11648466 (S.D.N.Y. Nov. 29,
2016) ........................................................................................................................... 3, 4

*Williams v. Block.One*,
No. 20-cv-2809 (LAK), 2020 WL 4505569 (S.D.N.Y. Aug. 4, 2020) ................................... 7

**Statutes**

15 U.S.C. § 78u-4(a)(2)(A)(iv) ......................................................................................... 3

15 U.S.C. § 78u–4(a)(3)(B)(i) .......................................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii) ........................................................................................ 4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ..................................................................................... 1

15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)-(cc)....................................................................... 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)................................................................................... 11

**Docketed**

*Agarwal v. DigitalOcean Holdings Inc.*,
No. 1:23-cv-08060-JSR (S.D.N.Y.)................................................................................ 5

Plaintiff and Lead Plaintiff Movant Lynn Gambrill ("Gambrill") respectfully submits this memorandum of law in opposition to the motions for appointment as Lead Plaintiff filed by Bert W. Pluyman ("Pluyman") (ECF No. 11) and Randal Black ("Black") (ECF No. 14), and in further support of Gambrill's motion (ECF No. 7).[1]  For the following reasons, the Court should deny the Pluyman and Black motions and appoint Gambrill as Lead Plaintiff and approve her selected counsel, Berman Tabacco, as Lead Counsel.  In the alternative, the Court should permit limited discovery to further assess whether Pluyman and Black satisfy the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure for the reasons discussed below.

## I.    PRELIMINARY STATEMENT

Gambrill is the movant with the largest financial interest who has also demonstrated that she is capable of satisfying the adequacy and typicality requirements of Rule 23 as required under The Private Securities Litigation Reform Act of 1995 ("PSLRA"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Gambrill has been fully engaged in the filing of her initial complaint and her lead plaintiff application. ECF No. 9-2 (Certification); Gambrill Decl.  Gambrill has conferred with proposed Lead Counsel by telephone and in email communications and reviewed her initial complaint and her lead plaintiff application before their filing.  Gambrill Decl. ¶ 6.  She fully understands the obligations she would assume as Lead Plaintiff and would vigorously pursue the claims on behalf of the Class.  Gambrill Decl. ¶ 2.

The lead plaintiff motions of Pluyman and Black should be denied.  First, Pluyman's application should be rejected because it fails to put forth any competent evidence establishing that

---

[1] In support of this memorandum of law, Gambrill has also filed the Declaration of Michael W. Dark in Further Support of the Motion of Lynn Gambrill for Appointment as Lead Plaintiff and Approval of Her Choice of Lead Counsel ("Dark Decl.") and Declaration of Lynn Gambrill in Further Support of Motion for Appointment as Lead Plaintiff ("Gambrill Decl."), filed concurrently herewith.

he has a financial interest in this matter. Moreover, even if the Court could overlook this flaw, Pluyman's application includes a multitude of red flags (detailed below) which call into question his ability to oversee counsel and the litigation rendering him inadequate to represent the class.

On December 1, 2023, in response to a request from counsel for Gambrill seeking information regarding Black's typicality, counsel for Black advised counsel for Gambrill that his client would be withdrawing Black's motion for lead plaintiff. Dark Decl. ¶ 3. However, on December 4, 2023, Black instead filed a Notice of Non-Opposition to Competing Motions for Appointment of Lead Plaintiff and Approval of Selection of Lead Counsel (ECF No. 21) ("Black's Non-Opposition"), which states:

> Having reviewed the competing motions and supporting papers provided by the other movants seeking appointment as lead plaintiff, it appears that Movant has not asserted the "largest financial interest." However*, in the event the Court determines that other movants are incapable or inadequate to represent the Class in this litigation, Movant remains willing and able to serve as Lead Plaintiff or as a Class representative*.

*Id.* (emphasis added). Because Black has not withdrawn his motion, Gambrill asserts that Black's application should be denied because his claims are subject to unique defenses and are not typical. Black's son appears to be a former CS Disco Director of Channel Sales who may have material information concerning CS Disco's revenue growth which is at the heart of this lawsuit. *See* Dark Decl. ¶¶ 9, 10. The son's communications with his father concerning the operations at CS Disco will likely be a major focus of Defendants at the class certification stage and could put class certification in jeopardy.

Moreover, there is a potential conflict with Black prosecuting a claim where his son may be a material witness who may be in fact represented by CS Disco's counsel. For these reasons, Black is also inadequate.

2

## II.    ARGUMENT

### A.    Pluyman Is Not The Presumptive "Most Adequate Plaintiff"

The PSLRA directs a Court to appoint as lead plaintiff "the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u–4(a)(3)(B)(i). The PSLRA creates a "rebuttable presumption" that the "most adequate plaintiff" possesses the "largest financial interest in the relief sought by the class," so long as the typicality and adequacy requirements of Federal Rule of Civil Procedure 23 are met. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(I)(aa)-(cc). *Westchester Putnam Ctys. Heavy & Highway Laborers Loc. 60 Benefit Funds v. Brixmor Prop. Grp. Inc.*, No. 16-CV-02400 (AT)(SN), 2016 WL 11648466, at *1 (S.D.N.Y. Nov. 29, 2016) (Netburn, J.).

Pluyman is not the presumptive most adequate plaintiff because he has not made a prima facie showing that that he has the largest financial interest. Nor has he satisfied his prima facie burden of demonstrating adequacy.

### 1.    Pluyman Has Failed to Make a Prima Facie Showing of His Financial Interest

While Pluyman claims a larger loss than Gambrill, his application fails to demonstrate that he has the largest financial interest in this matter because he does not provide any competent evidence concerning his Class Period transactions in CS Disco common stock. *See Murphy v. Argo Blockchain plc*, No. 23-CV-572-NRM-SJB, --- F. Supp. 3d ---, 2023 WL 4629444, at *4 (E.D.N.Y. July 19, 2023) (under the PSLRA, a putative lead plaintiff must provide a certification that "sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period." (citing 15 U.S.C. § 78u-4(a)(2)(A)(iv))).

Pluyman's 2-page online Certification electronically signed on November 14, 2023 (ECF No. 12-2, at 1-2) omits any transactions:

3

6. Plaintiff has made no transaction(s) during the Class Period in the debt or equity securities that are the subject of this action except those set forth below:

**Purchases:**

| Type of Security | Buy Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | | | |

**Sales:**

| Type of Security | Sale Date | # of Shares | Price per Share |
|---|---|---|---|
| Common Stock | | | |

Instead, Pluyman's loss calculation relies on an *uncertified* list of transactions simply inserted after his 2-page online Certification. ECF No. 12-2, at 3. Such transactions were ***not*** incorporated by reference into his certification. Because Pluyman provides no evidentiary basis for his alleged loss, he has failed to establish that he has ***any*** financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). On this basis alone, Pluyman's application is infirm.

## 2. Pluyman Has Failed To Show That He Satisfies The Adequacy Requirement of Rule 23

Even if Pluyman had put forth (or does so on reply) competent evidence of his alleged loss, his lead plaintiff papers suffer from other red flags which call into question his ability to oversee counsel and the litigation and render him inadequate to represent the class. *See Brixmor Prop. Grp. Inc.*, 2016 WL 11648466, at *2 (presumptive lead plaintiff must make a "preliminary showing" that the adequacy and typicality requirements under Rule 23 are satisfied).

***First***, Pluyman's name is misspelled on his lead plaintiff motion. His online Certification, dated November 14, 2023, indicates his actual last name is "Pluymen." ECF 12-2, at 2. This raises the concern as to whether Pluyman reviewed his lead plaintiff motion and is adequately overseeing his counsel. Indeed, when counsel for Gambrill asked Pluyman's counsel whether his

4

client reviewed his lead plaintiff papers, Pluyman's counsel refused to offer a representation to Gambrill's counsel that Pluyman had reviewed the papers.  Dark Decl. ¶¶ 2-4.

Moreover, unlike the certifications of Black and Gambrill, there is no language in Pluyman's online Certification authorizing the filing of the lead plaintiff application on his behalf. *Compare* Pluyman's online Certification (ECF No. 12-2, at 1-2) *with* Black's Certification (ECF No. 16-2, at ¶ 2) ("I have reviewed a Complaint … and authorize the filing of a motion on my behalf for appointment as lead plaintiff.") and Gambrill's Certification (ECF No. 9-2, at 1) ("I have authorized Berman Tabacco to file the complaint and/or file a motion for appointment as lead plaintiff and appointment of counsel on my behalf in this litigation.").

Pluyman's online Certification filed here stands in stark contrast the to the certification filed by his counsel in *Agarwal v. DigitalOcean Holdings Inc*., No. 1:23-cv-08060-JSR (S.D.N.Y.) (ECF No. 23-2) (executed on 11/13/2023), which expressly stated:

> I have reviewed a complaint against DigitalOcean and certain of their officers and directors and ***I authorize the firm to file a lead plaintiff motion on my behalf***.[2]

Dark Decl. Ex. 4 (emphasis added).

Such discrepancies belie Pluyman's assertion that he will be able to protect the interests of the class fairly and adequately.

***Second***, Pluyman's "Certification and Authorization of ***Named Plaintiff*** Pursuant to Federal Securities Laws" states:

> The individual or institution listed below (the "Plaintiff") authorizes and, upon execution of the accompanying retainer agreement by The Rosen Law Firm P.A., ***retains The Rosen Law Firm P.A. to file an action*** under the federal securities laws to recover damages and to seek other relief against CS Disco, Inc.  The Rosen Law Firm P.A. will prosecute the action on a contingent fee basis not to exceed one-third of the recovery and will advance all costs and expenses.  All payments of

---

[2] Also, unlike Pluyman's online Certification, the *DigitalOcean* certification expressly incorporated a list of transactions into the certification stating: "See Schedule A."

fees and expenses shall be made only after Court review and approval. The CS Disco, Inc. Retention Agreement provided to the Plaintiff is incorporated by reference herein and is effective, upon execution and delivery by The Rosen Law Firm P.A.

ECF No. 12-2, at 1 (emphasis added).[3]

The Certification states that: "Plaintiff certifies that: … ***Plaintiff has reviewed a complaint and authorized its filing or the filing of an amended complaint***." ECF No. 12-2, at 1 (emphasis added). However, no complaint was filed by Pluyman against CS Disco. This raises concerns whether Pluymen understood that he was filing a lead plaintiff motion and raises concerns as to the reliability of his representations. Moreover, Pluyman's statement that he has already authorized "the filing of an amended complaint" before he has reviewed it, and indeed before it has been written, raises additional concerns regarding his ability to effectively oversee his counsel on behalf of absent class members.

In *Camp v. Qualcomm Inc.*, No. 18-cv-1208-AJB-BLM, 2019 WL 277360, at *2 (S.D. Cal. Jan. 22, 2019), the Court found that defects in lead plaintiff papers about what the movant approved counsel to do on its behalf were sufficient to deny appointment under Rule 23:

> Notably, Mistry points out that that although Singh declared under penalty of perjury that he "reviewed the complaint *and authorized its filing*," there was no complaint filed in his name. In a similar case cited by Mistry, the Court stated that "[Plaintiff's] willingness to make false statements under oath contributes to the court's conclusion that he would not have been an adequate lead plaintiff." This Court has similar reservations. Looking at Singh's "Certification and Authorization of Named Plaintiff Pursuant to Federal Securities Laws," ***Singh did sign under penalty of perjury that he "reviewed the complaint and authorized its filing," however, there was indeed no filing made on behalf of Singh.***
>
> Mistry also asserts doubts about Singh's ability to serve as the class representative because of "significant errors in the transaction records and loss calculations accompanying Mr. Singh's motion." The certification claims $ 62.30 was the price

---

[3] Pluyman's counsel's website includes a link to a CS Disco complaint which is an exact copy of the initial complaint filed by Gambrill (with redaction of the information regarding the initial plaintiff and counsel). *See* Dark Decl. Exs. 1-2.

> to purchase 400 shares on February 21, 2018, however that price allegedly is not within the daily low or high trading prices for Qualcomm stock that day. Additionally, Mistry claims Singh used the wrong loss calculation, which when corrected, reduces his losses by 30%.
>
> Due to these errors in Singh's pleadings, and the questions surrounding whether he is a typical plaintiff, ***the Court finds these questions underscore the reliability of Singh's representations***. Thus, the Court finds that ***Singh does not meet the final requirements to be appointed lead plaintiff under Rule 23***, leading the Court to assign lead plaintiff to Mistry.

*Qualcomm*, 2019 WL 277360, at *3-4 (citations omitted) (emphasis added).  *See also Garbowski v. Tokai Pharms., Inc.*, 302 F. Supp. 3d 441, 455 (D. Mass. 2018) (questioning movant's representation that he "reviewed the complaint and authorized its filing" when no complaint was filed in his name).

*Third*, as noted above, Pluyman's lead plaintiff papers fail to certify Pluyman's CS Disco transactions.  This failure further demonstrates his inadequacy to serve as lead plaintiff.  *See Plaut v. Goldman Sachs Grp., Inc.*, No. 18-cv-12084 (VSB), 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) (Broderick, J.) (noting that "[t]he certification errors in [movant's] submissions 'militate against appointment and render [it] inadequate to serve as lead plaintiff under Rule 23's adequacy requirement'" and that "this error 'nonetheless speak[s] to a level of carelessness,' and causes me 'to doubt whether [movant] possesses the necessary adequacy and sophistication to be lead plaintiff.'" (citing *Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *9 (S.D.N.Y. Mar. 13, 2018))) (some alterations in original).

In *Williams v. Block.One*, No. 20-cv-2809 (LAK), 2020 WL 4505569, at *2 (S.D.N.Y. Aug. 4, 2020) (Kaplan, J.), Judge Kaplan found that the lead plaintiff papers contained "several defects … that raise significant doubts about [movant's] competency to lead [the] lawsuit."  *Id.* Among these defects was that "plaintiffs failed to submit with their motion the required sworn PSLRA certifications that, among other things, must 'set[] forth all of the transactions of the

7

plaintiff in the security that is the subject of the complaint during the class period.'" *Id.* (alterations in original).  The Court noted that such oversights "***indicate a lack of diligence on behalf of these plaintiffs and their counsel.***"  *Id.* (emphasis added).

For these reasons, Pluyman fails to make a prima facie showing of adequacy, and his motion to be appointed lead plaintiff should be denied.  In the alternative, the Court should approve limited discovery on these matters.

### B.  Black Does Not Satisfy the Typicality and Adequacy Requirements of Rule 23

While Black has a larger loss than Gambrill, Gambrill's investigation shows that Black has issues concerning his typicality and adequacy.  The risk to the class of having a lead plaintiff saddled with conflicts and typicality challenges preclude Black from being appointed lead plaintiff. *See In re Chicago Bridge & Iron Co. N.V. Sec. Litig.,* No. 17 Civ. 01580 (LGS), 2019 WL 5287980, at *5 (S.D.N.Y. Oct. 18, 2019) ("Regardless of whether the issue is framed in terms of the typicality of the representative's claims ... or the adequacy of its representation ... there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it." (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990))) (alteration in original), *report and recommendation adopted in part*, No. 17 Civ. 1580 (LGS), 2020 WL 1329354 (S.D.N.Y. Mar. 23, 2020).

Based on Gambrill's review of publicly available information including prior addresses and social media posts, it appears that Andrew "Drew" Black is the son of Black.  *See* Dark Decl. ¶ 9.  Drew Black's LinkedIn profile indicates that he is a former employee of CS Disco and served as a "Director, Channel Sales" from November 2018 through October 2022 in Austin, Texas.  Dark Decl. Ex. 5.  *See also* https://www.linkedin.com/in/drewblack/.  As a director of Channel Sales,

8

Drew Black may have information pertinent to the pending claims concerning the Company's allegedly false statements about its "rapid revenue growth." *See* Compl., ECF No. 1, at ¶¶ 4-5.

On November 30, 2023, counsel for Gambrill emailed a letter to Black's counsel seeking to confirm whether Black was, in fact, related to Drew Black and, if so, whether Black discussed CS Disco operations with Drew Black.[4]  Dark Decl. Ex. 7.  On December 1, 2023, counsel for Black advised that he disagreed with the November 30, 2023, letter but said that his client would be withdrawing his lead plaintiff motion on December 4, 2023.   Dark Decl. ¶ 13.

The typicality requirement is satisfied "where the presumptive lead plaintiff's claims arise from the same conduct from which the other class members' claims and injuries arise." *Gronich v. Omega Healthcare Investors, Inc.*, No. 17 Civ. 8983 (NRB), 2018 WL 1626078, at *3 (S.D.N.Y. Mar. 27, 2018).  Here, Black's purchases appear atypical because Defendants will likely seek discovery on whether his son communicated non-public information concerning the Company's operations.  Based on the foregoing, there are serious concerns whether Black could be subject to unique defenses. *Cf. In re Indep. Energy Holdings PLC Sec. Litig.*, 210 F.R.D. 476, 481–82 (S.D.N.Y. 2002) ("Courts have routinely found a disqualifying unique defense where the potential named plaintiff has had a direct or personal relationship with a board member or officer of the issuing company"); *Cromer Fin. Ltd. v. Berger*, 205 F.R.D. 113, 123 (S.D.N.Y. 2001) ("When a defense that is unique to a class representative threatens to dominate or even interfere with that

---

[4] Also, Black may have been able to purchase initial public offering ("IPO") shares in a special program offered by CS Disco by virtue of his relationship with Drew Black.  *See* Dark Decl. Ex. 6, at 1 (describing Directed Share Program available to "friends and family members" of employees).  Black's Certification, ECF 16-2, at 2, shows he acquired 730 shares on the IPO date at the IPO price of $32.00 per share, but it is unclear if these shares were purchased through this program.  If Black acquired his shares through the Directed Shares Program, there should be an additional inquiry into whether he obtained other non-public information prior to those purchases and whether his purchases were subject to any restrictions unlike other IPO purchasers.

plaintiff's ability to press the claims common to the class, then that threat must be analyzed with care.").

Further, Drew Black may be a material witness as a Director for Channel Sales for CS Disco and would likely be represented by CS Disco's counsel. In such circumstances, Movant Black would be placed into a conflicted position with concerns about protecting his son's interests. Indeed, in reviewing a class representative's adequacy, "[t]he focus is on uncovering 'conflicts of interest between named parties and the class they seek to represent.'" *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 574 F.3d 29, 35 (2d Cir. 2009) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Accordingly, Black's application to serve as lead plaintiff should be denied. In the alternative, Gambrill respectfully requests that the Court permit approve limited discovery concerning these issues.

### C.    Gambrill Satisfies the Requirements for Appointment as Lead Plaintiff

With Pluyman and Black eliminated from consideration, Gambrill is the only movant capable of satisfying the PSLRA's financial interest and adequacy and typicality requirements. In addition to having a meaningful financial interest in the litigation, Gambrill also satisfies the adequacy and typicality requirements under Rule 23 and has provided specific evidence of her "active" leadership of this litigation. *See* Gambrill Certification (ECF No. 9-2); Gambrill Decl. ¶ 6. As is relevant here, Gambrill personally invested in CS Disco during the Class Period at inflated prices and was damaged as facts about Defendants' misconduct were revealed. *Id.*; Gambrill Decl. ¶¶ 1, 4. Gambrill is fully aware of the facts of this litigation, has been, and continues to be, engaged in the litigation, has had multiple phone calls and emails with counsel (including before and after filing her initial complaint and lead plaintiff motion), reviewed her

complaint and lead plaintiff motion and has reaffirmed her commitment to satisfying the fiduciary obligations that he will assume if appointed as Lead Plaintiff. Gambrill Decl. ¶¶ 2, 3, 6. Gambrill has no conflicts and a sufficient interest in the outcome of the case to ensure vigorous advocacy. Further, her selected counsel is qualified and experienced to prosecute this matter. *See* Berman Tabacco Resume (ECF No. 9-4).

Finally, because there is no proof before the Court undermining Gambrill's adequacy and typicality, Gambrill is entitled to appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Indeed, Black's Non-Opposition does not dispute that Gambrill satisfies the adequacy and typicality requirements of Rule 23.

### III.    CONCLUSION

For the foregoing reasons, Gambrill respectfully requests that the Court grant her motion and enter an Order appointing Gambrill to serve as Lead Plaintiff in this Action and approving Gambrill's selection of Berman Tabacco as Lead Counsel for the Class; and deny the competing motions by Pluyman and Black.

In the alternative, the Court should permit limited discovery to assess adequacy and typicality of Pluyman and Black for the reasons discussed herein.

Dated:  December 4, 2023                  Respectfully submitted,

                                          **BERMAN TABACCO**


                                          By:    */s/ Patrick T. Egan*
                                                   Patrick T. Egan (PE-6812)

                                          One Liberty Square
                                          Boston, MA 02109
                                          Telephone: (617) 542-8300
                                          Facsimile: (617) 542-1194
                                          Email: pegan@bermantabacco.com

11

Michael W. Dark
**BERMAN TABACCO**
425 California St., Suite 2300
San Francisco, CA  94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: mdark@bermantabacco.com

*Counsel for Plaintiff and Lead Plaintiff Movant*
*Lynn Gambrill*