**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | NO. 1:24-cv-00028-RP |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § § § | |
| *Defendants*. | | |

**REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS
INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants CS Disco, Inc. ("DISCO"), Kiwi Camara, and Michael Lafair, hereby respectfully request that the Court incorporate by reference and/or take judicial notice of the documents listed below, submitted in support of Defendants' Motion to Dismiss ("Motion") Plaintiff's Amended Complaint ("Amended Complaint" or "AC"), Dkt. 53, and attached to the accompanying Declaration of Brett H. De Jarnette in Support of the Motion ("De Jarnette Declaration").

**I.      DOCUMENTS SUBJECT TO THIS REQUEST**

| Ex. | Description | AC ¶¶ |
|---|---|---|
| 1 | Final prospectus on Form 424B4, filed on July 22, 2021, for DISCO's initial public offering | 48 |
| 2 | Transcript for Q2 2021 earnings call held on September 2, 2021 | 28, 29, 31, 33, 50, 52, 86 |
| 3 | Q2 2021 Form 10-Q, filed on September 3, 2021 | 56 |
| 4 | Preliminary registration statement on Form S-1, filed on September 13, 2021, accompanying DISCO's secondary offering | 25, 58 |
| 5 | Transcript for Q3 2021 earnings call held on November 9, 2021 | 31–32, 34 |
| 6 | Q3 2021 Form 10-Q, filed on November 10, 2021 | 60 |

| Ex. | Description | AC ¶¶ |
|---|---|---|
| 7 | Transcript for investor conference call held by Needham & Company, LLC on January 11, 2022 | 54, 62, 64, 86 |
| 8 | Transcript for fiscal year 2021 earnings call held on February 24, 2022 | 31, 35 |
| 9 | Fiscal year 2021 Form 10-K, filed on February 25, 2022 | 66 |
| 10 | Transcript for Q1 2022 earnings call held on May 12, 2022 | 31, 68 |
| 11 | Transcript for Q2 2022 earnings call held on August 11, 2022 | 73–76 |
| 12 | Report published by Canaccord Genuity on August 11, 2022 titled *CS Disco: Usage model surprises to the downside; estimate reset pushes us to sidelines; downgrade to HOLD* | N/A |
| 13 | DISCO's Code of Business Conduct and Ethics published on its website | 70–71 |
| 14 | Compilation of Forms 4 for Kiwi Camara filed with the SEC between July 21, 2021 and September 11, 2023 | 84 |
| 15 | Compilation of Forms 4 for Michael Lafair filed with the SEC between July 21, 2021 and September 11, 2023 | 85 |
| 16 | Chart of DISCO stock prices from July 21, 2021 to September 12, 2023 | 6–7, 24–25, 78, 83–85 |

## II.    ARGUMENT

Upon reviewing a motion to dismiss in a securities class action, courts "***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, ***documents incorporated into the complaint by reference, and matters of which a court may take judicial notice***." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs*, 551 U.S. at 322); *see Alaska Elec. Pension Fund v. Asar*, 768 F.App'x 175, 180 n.25 (5th Cir. 2019) ("[A] court *must* consider documents incorporated by reference into a securities fraud complaint.").

### A.    The Court May Consider Documents Incorporated by Reference into the Amended Complaint (Exhibits 1–11 and 13–16)

When deciding a motion to dismiss, courts may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec.*

*Litig. BMC Software, Inc.*, 183 F.Supp.2d 860, 882 (S.D. Tex. 2001); *see also Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

"Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also BMC Software*, 183 F. Supp. 2d at 883 (noting need for courts to "fulfill their gatekeeping role" by reviewing documents referenced in the complaint to ensure that plaintiffs have not taken them "out of context"). Therefore, when a document referenced in the complaint contradicts conclusory allegations or deductions in the complaint, the document controls. *See Carter v. Target Corp.*, 541 F.App'x 413, 418 (5th Cir. 2013).

**SEC Filings – Exhibits 1, 3, 4, 6, and 9.** Plaintiff cites to the SEC filings in Exhibits 1, 3, 4, 6, and 9 to support his falsity allegations. AC ¶¶25, 48, 56, 58, 60, 66. These documents, in fact, each contain statements Plaintiff challenges as misleading. *Id.* Accordingly, these documents are incorporated by reference and the Court may consider them in their entirety to avoid Plaintiff taking them "out of context" and obscuring the meaning fairly attributed to the challenged statements. *See BMC Software*, 183 F.Supp.2d at 883; *Alaska Elec.*, 768 F.App'x at 180 n.25 (incorporating by reference SEC filing quoted in allegations in complaint); *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at \*5 (N.D. Cal. June 2, 2020) (incorporating by reference documents plaintiff alleged contained misleading statements); *Park v. GoPro, Inc.*, 2019 WL 1231175, at \*6 (N.D. Cal. Mar. 15, 2019) (incorporating by reference the documents plaintiffs contended "revealed the truth after the misleading statements").

**Earnings & Investor Conference Call Transcripts – Exhibits 2, 5, 7, 8, 10, and 11.** Plaintiff cites to the earnings and investor conference call transcripts in Exhibits 2, 5, 7, 8, 10, and

11 to support his falsity allegations.  AC ¶¶28, 29, 31–35, 50, 52, 54, 62, 64, 68, 73–76, 86.

Exhibits 2, 7, and 10, in fact, each contain statements Plaintiff challenges as misleading.  AC ¶¶50,

52, 54, 62, 64, 68, 86.  Exhibit 11 contains the first alleged corrective disclosure related to

Plaintiff's theory that DISCO's revenue growth was contingent on a few large Review projects.

AC ¶¶74–76.  Further, Plaintiff cites to the earnings and investor conference call transcripts in

Exhibits 2 and 7 to support his scienter allegations.  AC ¶¶33, 54, 86.  Plaintiff alleges that the

statements in those exhibits suggest DISCO "close[ly] track[ed] customer usage . . . allow[ing]

them to very accurately predict revenue on an annual basis," raising an inference of scienter.  AC

¶86.

Accordingly, these documents are incorporated by reference and the Court may consider

them in their entirety to avoid Plaintiff taking them "out of context" and obscuring the meaning

fairly attributed to the challenged statements.  *See BMC Software*, 183 F.Supp.2d at 883; *Alaska*

*Elec.*, 768 F.App'x at 180 n.25; *Apple*, 2020 WL 2857397, at *5; *Park*, 2019 WL 1231175, at *6.

**Code of Business Conduct and Ethics – Exhibit 13.**  Plaintiff cites to DISCO's Code of

Conduct in Exhibit 13 to support his falsity allegations.  AC ¶¶70–71.  This document, in fact,

contains statements Plaintiff challenges as misleading.  *Id.*  Accordingly, these documents are

incorporated by reference and the Court may consider them in their entirety to avoid Plaintiff

taking them "out of context" and obscuring the meaning fairly attributed to the challenged

statements.  *See BMC Software*, 183 F.Supp.2d at 883; *Alaska Elec.*, 768 F.App'x at 180 n.25;

*Apple*, 2020 WL 2857397, at *5; *Park*, 2019 WL 1231175, at *6.

**Forms 4 – Exhibits 14 and 15.**  Plaintiff cites to sales of DISCO stock made by Camara

and Lafair to support his scienter allegations.  AC ¶¶84–85.  Those allegations rely on the accuracy

of the Forms 4 filed on behalf of Camara and Lafair, which reflect the stock sales made by Camara

and Lafair during the Proposed Class Period, contained within Exhibits 14 and 15. Thus, these documents form the basis of Plaintiff's allegations and should be incorporated by reference. *Alaska Elec.*, 768 F.App'x at 182 ("Looking to Forms 4 also seems congruent with the requirement that we consider plausible nonculpable explanations for the defendants' conduct."); *BMC Software*, 183 F. Supp. 2d at 884 (Since the only conceivable basis for plaintiffs' stock sale allegations are the "Forms 3, 4, and 5," those documents are "integral to" the complaint and therefore incorporated by reference.).

**Stock Price Information – Exhibit 16.** Plaintiff cites to DISCO's stock prices several times in the Amended Complaint to support its falsity and scienter allegations. AC ¶¶ 6–7, 24–25, 78, 83–85. The allegations in paragraphs 78 and 83 of the Amended Complaint also rely on the accuracy of the stock price information, which reflects the price of DISCO's stock before the stock drop after each corrective disclosure. Thus, the information in Exhibit 16 forms the basis of Plaintiff's allegations and Exhibit 16 should be incorporated by reference. *See In re PetroChina Co. Ltd. Sec. Litig.*, 120 F.Supp.3d 340, 354 (S.D.N.Y. 2015) (historical stock price data incorporated by reference).

**B.     The Court May Also Take Judicial Notice of Publicly Available Information (Exhibits 1–16)**

Even if a document is not referenced in the Amended Complaint, this Court may take judicial notice of matters "not subject to reasonable dispute" that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *Basic Cap. Mgmt., Inc. v. Dynex Cap. Inc.,* 976 F.3d 585, 589 (5th Cir. 2020) (taking judicial notice of Form 10-K because "the existence of the document[], and the contents therein, cannot reasonably be questioned"). Courts in the Fifth Circuit routinely take judicial notice of "public disclosure documents that were filed with the SEC" and "documents of public record." *See*

*McNulty v. Kanode*, 2013 WL 12077503, at *5 & n.4 (W.D. Tex. Nov. 5, 2013) (taking judicial notice of ten documents filed with the SEC); *BMC Software*, 183 F.Supp.2d at 882. "The court may consider these matters of public record without converting the motion into one seeking summary judgment." *In re Plains All Am. Pipeline, L.P. Sec. Litig.*, 307 F.Supp.3d 583, 613 (S.D. Tex. 2018), *aff'd*, 777 F.App'x 726 (5th Cir. 2019).

Courts routinely take judicial notice of publicly available documents in securities class actions to identify "what statements [the disclosure documents] contain." *McNulty*, 2013 WL 12077503, at *5 (taking judicial notice of conference call transcripts and public disclosure documents filed with the SEC); *see BMC Software,* 183 F.Supp.2d at 883–84 (taking judicial notice of earnings call transcripts and Forms 4); *Alaska Elec.*, 768 F.App'x at 182 (taking judicial notice of Forms 4); *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F.Supp.3d 882, 901–02 (E.D. La. 2014) (analyst reports are a proper subject of judicial notice); *Catogas v. Cyberonics*, 292 F.App'x 311, 316 (5th Cir. 2008) (Courts "can, of course, take judicial notice of stock prices."). Doing so does not require the Court to determine whether what was said in these documents was true; it merely requires the Court to determine that it was said, and the fact that a statement was made is not subject to reasonable dispute. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996). Moreover, the Court "need not 'accept as true allegations that contradict matters properly subject to judicial notice;' a party may not avoid dismissal by raising an unreasonable factual dispute." *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *6 (N.D. Cal. Sept. 3, 2019) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Here, the documents cited in the De Jarnette Declaration are categories of documents routinely considered to be proper subjects for judicial notice:  SEC filings (Exs. 1, 3, 4, 6, and 9),

earnings and investor conference call transcripts (Exs. 2, 5, 7, 8, 10, and 11), an analyst report (Ex. 12), Forms 4 (Exs. 14 and 15) and a chart of historical stock prices (Ex. 16).  Exhibit 12 also is being offered to show the market's awareness of the disclosures made by Defendants throughout the Proposed Class Period, not for the truth of any statement within that document.  In addition, Exhibit 13 is DISCO's Code of Business Conduct and Ethics which is cited in the Amended Complaint as containing purported misleading statements.  The document is publicly available on DISCO's website and is not subject to reasonable dispute.  Further, the documents' existence can immediately be verified.  The Court, thus, may take judicial notice of Exhibits 1–16 because "the existence of the documents, and the contents therein, cannot reasonably be questioned." *Basic Cap. Mgmt.*, 976 F. 3d at 589.

## III.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1–16 under the incorporation by reference doctrine and/or judicial notice under Federal Rule of Evidence 201.  Defendants have identified the specific portions of the documents they are requesting the Court to consider by highlighting such portions in the versions of the documents attached to the De Jarnette Declaration.

Dated: May 10, 2024                                    Respectfully submitted,


                                                       By:/s/ *Patrick E. Gibbs*
                                                       Patrick E. Gibbs
                                                       Admitted *Pro Hac Vice*
                                                       pgibbs@cooley.com
                                                       Brett H. De Jarnette
                                                       Admitted *Pro Hac Vice*
                                                       pdejarnette@cooley.com
                                                       Cooley LLP
                                                       3175 Hanover Street
                                                       Palo Alto, California 94304-1130
                                                       (650) 843-5000 (phone)
                                                       (650) 849-7400 (fax)

                                                       Peter D. Kennedy
                                                       Texas Bar No. 11296650
                                                       pkennedy@gdhm.com
                                                       Hailey L. Suggs
                                                       Texas Bar No. 24113497
                                                       hsuggs@gdhm.com
                                                       Graves, Dougherty, Hearon & Moody, P.C.
                                                       401 Congress Avenue, Suite 2700
                                                       Austin, Texas 78701
                                                       (512) 480-5764
                                                       (512) 480-9908 (Fax)

                                                       **Attorneys for Defendants**



## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2024, a true and correct copy of the foregoing document

was served on all counsel of record registered via the Court's CM/ECF electronic filing system.


                                                       */s/Peter D. Kennedy*