IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | NO. 1:24-cv-00028-RP |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § § | |
| *Defendants*. | § | |

**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE**

TO THE HONORABLE ROBERT L. PITMAN:

**I.    Argument.**

Plaintiff concedes that he "does not object to Defendants' Request for Judicial Notice to the extent that it seeks notice of the documents for their contents, not the truth of the matters contained therein." Opposition to Defendants' Request for Judicial Notice ("RJN Opp.") at 1. He does not dispute that Defendants' 16 exhibits are the proper subjects of the incorporation by reference and judicial notice doctrines. Nor does he claim that 15 of the 16 exhibits are used for any improper purpose, or are being offered for the truth of the matters asserted.[1] Plaintiff only argues that Defendants misuse Exhibit 12, an analyst report published by Canaccord Genuity on August 11, 2022, the day of the first alleged corrective disclosure, because he alleges Defendants are using it "as evidence of what was known to the market at an earlier time, such as before that

---

[1] While Defendants are not offering any of the documents for the truth of the matter asserted, they note that incorporated documents such as Exhibits 1-11 and 13-16 may be considered for their truth. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) ("Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties – and the Court – are free to refer to any of its contents.").

corrective disclosure." RJN Opp. at 1. But Plaintiff ignores that courts may take judicial notice of documents, like analyst reports, to show the "market's awareness of the disclosures made by Defendants" – the purpose for which Defendants offer Exhibit 12 here. Defendants' Request for Judicial Notice at 7. *See Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (taking judicial notice merely requires the court to determine what was said). Plaintiff misconstrues *Firefighters Pension & Relief Fund of the City of New Orleans v. Bulmahn*, 53 F. Supp. 3d 882 (E.D. La. 2014), as holding that courts may only consider analyst reports to show that such reports disseminated information at certain dates and times. RJN Opp. at 1. But *Bulmahn* says no such thing. While the *Bulmahn* court took notice of conference call transcripts to consider when statements were made to the public, it also acknowledged that analyst reports are judicially noticeable "as an indication of the information available to the public at the time." 53 F. Supp. 3d at 902. Indeed, Plaintiff does not dispute that this Court may take judicial notice of the analyst report, so long as it is not for its truth. Here, Defendants offer the analyst report to show that Defendants' risk disclosures about large customers and concentrated usage being susceptible to the volatility of litigation pipelines were available prior to the August 11, 2022, alleged corrective disclosure, not for the truth of the matter asserted. Specifically, the analyst stated that DISCO "consistently communicated that the usage-based nature of its platform can and will result in revenue volatility," which shows that DISCO's disclosures were publicly available prior to the alleged corrective disclosure. Declaration of Brett H. De Jarnette, Exhibit 12 at 1.

## II.    Conclusion.

Defendants respectfully request that the Court consider Exhibits 1-16 under the incorporation by reference doctrine and/or judicial notice under Federal Rule of Evidence 201. Indeed, upon reviewing a motion to dismiss in a securities class action, courts "***must*** consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule

12(b)(6) motions to dismiss, in particular, ***documents incorporated into the complaint by reference, and matters of which a court may take judicial notice***." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added).

Dated: August 12, 2024

Respectfully submitted,

By:/s/ *Patrick E. Gibbs*
Patrick E. Gibbs
Admitted *Pro Hac Vice*
pgibbs@cooley.com
Brett H. De Jarnette
Admitted *Pro Hac Vice*
bdejarnette@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, California 94304-1130
(650) 843-5000 (phone)
(650) 849-7400 (fax)

Peter D. Kennedy
Texas Bar No. 11296650
pkennedy@gdhm.com
Hailey L. Suggs
Texas Bar No. 24113497
hsuggs@gdhm.com
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764
(512) 480-9908 (Fax)

**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2024, a true and correct copy of the foregoing document was served on all counsel of record registered via the Court's CM/ECF electronic filing system.

/s/      *Peter D. Kennedy*
Peter D. Kennedy