**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | No. AU:24-CV-00028-DAE |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § § | |
| *Defendants*. | § § | |

<u>**DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**</u>

TO THE HONORABLE DAVID A. EZRA:

Defendant CS Disco Inc. ("DISCO" or the "Company") and individual defendants Kiwi Camara and Michael Lafair ("Individual Defendants" and, collectively with DISCO, "Defendants"), by and through their counsel, hereby answer Lead Plaintiff Bert W. Pluymen's ("Lead Plaintiff" or "Plaintiff") Amended Class Action Complaint (the "Amended Complaint"). To the extent that the paragraphs in the Amended Complaint are grouped under headings and subheadings, Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the Amended Complaint.

Except as explicitly admitted herein, Defendants deny each and every allegation in the Amended Complaint, including, without limitation, headings, subheadings, footnotes, and the prayer for relief.

The Court's Order dated January 30, 2025 (the "Order') granted in part and denied in part Defendants' motion to dismiss the Amended Complaint. Specifically, the Order dismissed nine

challenged statements between July 21, 2021, and September 11, 2023. As a result, many allegations in the Complaint relate to claims that the Court dismissed. ECF No. 69. Defendants are not obligated to answer those allegations. *See Kilroy v. Los Angeles Unified Sch. Dist. Bd. of Educ.*, 2016 WL 11758053 (C.D. Cal. Mar. 18, 2016) ("[Defendant] is not required to answer dismissed claims."); *Chivalry Film Prods. v. NBC Universal, Inc.*, 2006 WL 89944 (S.D.N.Y. Jan. 11, 2006) (holding Defendants need not answer claims that have been dismissed); *Peper v. Dep't of Agric. of U.S.*, 2008 WL 1744578, at *2 (D. Colo. Apr. 11, 2008); *American Fam. Ins. Co. v. Almassud*, 522 F.Supp.3d 1263, 1278 (N.D. Ga. 2021).

Defendants further answer the numbered paragraphs in the Amended Complaint as follows.

## ANSWER

1.      Paragraph 1 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Moreover, the Court's January 30, 2025, Order (ECF No. 69) granting in part and denying in part Defendants' Motion to Dismiss the Amended Complaint has shortened the putative class period from between July 21, 2021, and September 11, 2023, to between September 2, 2021, and August 11, 2022.

2.      Defendants admit that Plaintiff asserts claims against Defendants under Section 10(b) and 20(a) of the Exchange Act. Except as expressly admitted, Defendants deny the allegations in paragraph 2.

3.      Defendants admit that DISCO provides cloud-native, artificial intelligence-powered legal product offerings that simplify legal hold, legal request, ediscovery, legal document review and case management for enterprises, law firms, legal services providers and governments. Defendants admit that during the putative class period, it offered:  Ediscovery, Review, Case

Builder, Professional Services and, as of Q1 2022, Hold and Request.  The remainder of paragraph 3 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

4.      Paragraph 4 contains allegations to which no response is required as the allegations are regarding claims that the Company's code of conduct was false or misleading that were dismissed pursuant to the Court's Motion to Dismiss Order.  *See above* at 1.

5.      Defendants admit that on August 11, 2022, DISCO released financial results for the second quarter of 2022 and revised its annual revenue projections.  Defendants admit that DISCO's revised 2022 revenue guidance was primarily attributed to the volatility in its Review business and conservatively incorporated the potential for incremental headwinds that could materialize in the back half of the year.  The remainder of paragraph 5 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

6.      Defendants admit that on August 11, 2022, DISCO stock closed at $28.96 and on August 12, 2022, DISCO stock closed at $13.43.  The remainder of paragraph 6 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

7.      Paragraph 7 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

8.      Defendants deny that Plaintiff and putative class members suffered damages.  The remainder of paragraph 8 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

9.      Defendants admit that Plaintiff asserts claims against Defendants under Section 10(b) and 20(a) of the Exchange Act.  Except as expressly admitted, Defendants deny the allegations in paragraph 9.

10.      Defendants admit that the Court has jurisdiction over the subject matter of this action.  Except as expressly admitted, Defendants deny the allegations in paragraph 10.

11.      Defendants admit that venue is proper in this District.  The remainder of paragraph 11 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 11.

12.      Paragraph 12 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 12.

13.      Defendants deny that Plaintiff Bert Pluymen suffered damages.  As to the remainder of the allegations in paragraph 13, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations, and on that basis, deny them.

14.      Defendants admit DISCO provides cloud-native, artificial intelligence-powered legal product offerings that simplify legal hold, legal request, ediscovery, legal document review and case management for enterprises, law firms, legal services providers and governments.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 14.

15.      Defendants admit that DISCO is incorporated in Delaware and that the Company maintains its corporate headquarters and principal place of business in Austin, Texas, with its only other U.S. office in Manhattan, New York City.  Defendants admit that DISCO is a citizen of Texas and Delaware.  Defendants admit that DISCO's common stock trades on the NYSE under

ticker symbol "Law."  Defendants admit that DISCO had 59,452,011 shares of common stock outstanding as of February 20, 2023.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations, and on that basis denies them.

16.     Defendants admit the allegations in paragraph 16.

17.     Defendants admit that Michael Lafair has served as DISCO's Chief Financial Officer since January 2018, and that his title as Executive Vice President, Chief Financial Officer was approved by the Board on October 12, 2022.  Defendants admit that Lafair signed the Company's quarterly and annual financial statements during the putative Class Period, including the Registration Statements for the IPO and SPO.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 17.

18.     Paragraph 18 does not contain an allegation of fact and therefore requires no response.  To the extent a response is required, Defendants deny the allegations.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and denies them on that basis.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and denies them on that basis.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 20.

21.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and denies them on that basis.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 21.

22.     Defendants admit that DISCO is a public company that provides cloud-native, artificial intelligence-powered legal product offerings that simplify legal hold, legal request,

ediscovery, legal document review and case management for enterprises, law firms, legal services providers and governments.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 22.

23.    Defendants admit the allegations in paragraph 23.

24.    Defendants admit the allegations in paragraph 24.

25.    Defendants admit that on September 17, 2021, the Company completed a secondary public offering ("SPO") of its common stock pursuant to a Registration Statement on Form S-1. In the SPO, selling stockholders sold an aggregate of 6,050,000 shares of common stock, including 550,000 shares sold pursuant to the underwriters' option to purchase additional shares at an offering price of $53.00 per share. The remainder of paragraph 25 contains Plaintiff's own characterizations, speculation, arguments, and/or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 25.

26.    Defendants admit that on July 22, 2021, DISCO filed a Form 424B4 Final Prospectus with the SEC.  To the extent that paragraph 26 purports to quote, summarize, or characterize the statements made in DISCO's public filings, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 26 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 26.

27.    Defendants deny that Review launched in 2019.  Defendants admit that: Ediscovery automates much of the ediscovery process, saving legal departments from costly and cumbersome manual tasks associated with collecting, processing, enriching, searching, reviewing, analyzing, producing and using enterprise data that is at issue in legal matters; DISCO Review is an AI-

powered document review that consistently delivers legal document reviews that are high quality, on time and on budget; and DISCO Case Builder allows legal professionals to collaborate across teams to effectively build a compelling case by offering a single place to search, organize and review witness testimony and other important legal data.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 27.

28.    Defendants admit that the Company has two primary types of contractual arrangements: usage-based and subscription solutions.  Defendants admit that DISCO generates substantially all of its revenue from its customers' usage of its product offerings wherein revenues are based on its customers' actual usage of Disco's products and that some of its revenue is derived from subscription contracts.  Defendants admit that Lafair made public statements on a September 2, 2021 earnings call.  To the extent that paragraph 28 purports to quote, summarize, or characterize the statements made on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 28 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 28.

29.    Defendants deny that they told investors that customers follow an "adjustment journey."  In response to paragraph 29, Defendants admit that Camara made public statements on a September 2, 2021, earnings call.  To the extent that paragraph 29 purports to quote, summarize, or characterize the statements made on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 29 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted

herein, Defendants deny the allegations in paragraph 29.

**30.**    Paragraph 30 contains Plaintiff's own characterization, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  Defendants also lack knowledge or information sufficient to form a belief as to the truth of the allegations as to "the mind of many investors" and denies them on that basis.  To the extent that paragraph 30 purports to quote, summarize, or characterize the statements made in Seeking Alpha in March of 2022, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 30 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 30.

**31.**    Defendants admit that DISCO announced the following revenue earned and projected:

On September 2, 2021, DISCO announced total revenue for the quarter of $29.5 million, up 88% compared to the second quarter of 2020.  DISCO projected revenue for the third quarter of 2021 of $25.5-$25.9 million, representing year-over-year growth between 43% and 45% and fiscal year 2021 revenue in the range of $103.5-$104.3 million, representing year-over-year growth between 51% and 52%.

On November 9, 2021, DISCO announced quarterly revenue of $29.9 million, up 67% compared to the third quarter of 2020, and above its prior quarter projection.  It projected fourth quarter of 2021 revenue in the range of $28.2-$28.8 million, representing year-over-year growth between 47% and 50% and annual revenue of $108.7-$109.3 million, representing year-over-year growth between 59% and 60%.

On February 24, 2022, DISCO announced fourth quarter revenue of $33.8 million, up 76% compared to the fourth quarter of 2020 and annual revenue of $114.3 million, up 67% compared to fiscal year 2020. It then projected first quarter 2022 revenue of $30.0 - $31.0 million, representing year-over-year growth between 42% and 47%, and annual revenue of $146.8-$150.8 million, representing year-over-year growth between 28% and 32%.

On May 12, 2022, the Company announced $34.5 million in revenue from the first quarter of 2022, and revised upwards its annual revenue guidance to $149.0-$153.0 million.

Defendants admit that DISCO announced the revenue earned and revenue projected for the corresponding quarters in the chart in paragraph 31. To the extent that the chart and allegations in paragraph 31 purport to quote, summarize, or characterize DISCO's earnings statements in press releases or earnings calls from September 2021 to May 2022, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 31 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 31.

32.    Defendants admit that Camara made public statements on a September 2, 2021, earnings call. To the extent that paragraph 32 purports to quote, summarize, or characterize the statements made by Camara on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 32 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 32.

33.    Defendants deny that Lafair made the alleged public statements on a September 2,

2021, earnings call.  To the extent that paragraph 33 purports to quote, summarize, or characterize the statements made on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 33 differ in any way from the contents of those statements, Defendants deny the allegations.

34.    Defendants admit that Camara made public statements on a November 11, 2021, earnings call.  To the extent that paragraph 34 purports to quote, summarize, or characterize the statements made on the November 11, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 34 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 34.

35.    Defendants deny the allegations in paragraph 35.

36.    Paragraph 36 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

37.    Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

38.    Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

39. Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

40. Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

41. Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

42. Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

43. Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

44. Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 44. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

45.    Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

46.    Paragraph 46 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

47.    Paragraph 47 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

48.    Paragraph 48 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

49.    Paragraph 49 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

50.    Defendants admit that Camara made public statements on a September 2, 2021, earnings call.  To the extent that paragraph 50 purports to quote, summarize, or characterize the statements made by Camara on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 50 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 50.

51.    Paragraph 51 contains Plaintiff's own characterizations, arguments, or legal

conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

52.    Defendants admit that Camara made public statements on a September 2, 2021, earnings call.  To the extent that paragraph 52 purports to quote, summarize, or characterize the statements made by Camara on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 52 differ in any way from the contents of those statements, Defendants deny the allegations.   Except as expressly admitted herein, Defendants deny the allegations in paragraph 52.

53.    Paragraph 53 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

54.    Paragraph 54 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.  To the extent a response is required, Defendants deny that Camara made the public statements in paragraph 54 on the September 2, 2021, earnings call.  To the extent that paragraph 54 purports to quote, summarize, or characterize the statements made on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 54 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 54.

55.    Paragraph 55 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

**56.** Paragraph 56 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See above* at 1

**57.** Paragraph 57 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See above* at 1.

**58.** Paragraph 58 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See above* at 1.

**59.** Paragraph 59 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See above* at 1.

**60.** Paragraph 60 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See above* at 1.

**61.** Paragraph 61 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required. *See above* at 1.

**62.** Defendants admit that Camara made public statements at the 24th Annual Needham Virtual Growth Conference on January 11, 2022. To the extent that paragraph 62 purports to quote, summarize, or characterize the statements made by Camara at the January 11, 2022, conference, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 62 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 62.

**63.** Paragraph 63 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

64.    Defendants admit that Camara made public statements at the 24th Annual Needham Virtual Growth Conference on January 11, 2022.  To the extent that paragraph 64 purports to quote, summarize, or characterize the statements made by Camara at the January 11, 2022, conference, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 64 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 64.

65.    Paragraph 65 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

66.    Paragraph 66 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

67.    Paragraph 67 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

68.    Paragraph 68 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

69.    Paragraph 69 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

70.    Paragraph 70 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

71.    Paragraph 71 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

**72.**     Paragraph 72 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

**73.**     Defendants admit that on August 11, 2022, the Company lowered its annual revenue guidance to the range of $132.0 to $136.0 million.

**74.**     Defendants admit that Camara made public statements on an August 11, 2022, earnings call.  To the extent that paragraph 74 purports to quote, summarize, or characterize the statements made by Camara on the August 11, 2022, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 74 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 74.

**75.**     Defendants admit that Camara made public statements on an August 11, 2022, earnings call.  To the extent that paragraph 75 purports to quote, summarize, or characterize the statements made by Camara on the August 11, 2022, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 75 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 75.

**76.**     Defendants admit that Camara made public statements on an August 11, 2022, earnings call.  To the extent that paragraph 76 purports to quote, summarize, or characterize the statements made by Camara on the August 11, 2022, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 76 differ in any way from the contents of

those statements, Defendants deny the allegations.    Except as expressly admitted herein, Defendants deny the allegations in paragraph 76.

77.    Defendants admit that on August 12, 2022, Cowen Equity Research published an analyst report titled "Downgrading to Market Perform; Consumption Growth Momentum Hits a Big Snag."  To the extent that paragraph 77 purports to quote, summarize, or characterize the statements made in the Cowen Equity Research report, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 77 differ in any way from the contents of those statements, Defendants deny the allegations.    The remainder of paragraph 77 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

78.    Defendants admit that DISCO stock closed at a price of $28.96 on August 11, 2022, and closed at a price of $13.43 on August 12, 2022.  The remainder of paragraph 78 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

79.    Defendants admit that Camara made public statements at a September 13, 2022, Piper Sandler Growth Frontiers Conference.  To the extent that paragraph 79 purports to quote, summarize, or characterize the statements made by Camara at the September 13, 2022, conference, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 79 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 79.

80.    Defendants admit that Camara made public statements on a November 10, 2022,

earnings call.  To the extent that paragraph 80 purports to quote, summarize, or characterize the statements made by Camara on the November 10, 2022, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 80 differ in any way from the contents of those statements, Defendants deny the allegations.  Except as expressly admitted herein, Defendants deny the allegations in paragraph 80.

81.     Defendants admit that on October 29, 2023, the *Wall Street Journal* published an article titled "A Harvard Prodigy Set Out to Disrupt the Legal Industry.  Now, CS Disco Tries to Fix Its Culture."  To the extent that paragraph 81 purports to quote, summarize, or characterize the statements made in the *Wall Street Journal*, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 81 differ in any way from the contents of those statements, Defendants deny the allegations.  The remainder of paragraph 81 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

82.     Paragraph 82 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

83.     Paragraph 83 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

84.     Defendants admit that Camara sold shares of CS Disco stock.  To the extent that paragraph 84 purports to quote, summarize, or characterize the sales made by Camara, Defendants refer the Court to the contents of Camara's Forms 4 filed with the SEC which speak for themselves and are the best evidence of their contents.  To the extent that the allegations in paragraph 84 differ

in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 84.

85.    Defendants admit that Lafair sold shares of CS Disco stock. To the extent that paragraph 85 purports to quote, summarize, or characterize the sales made by Lafair, Defendants refer the Court to the contents of Lafair's Forms 4 filed with the SEC which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 85 differ in any way from the contents of those statements, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 85.

86.    Defendants admit that Camara made public statements on a September 2, 2021, earnings call. To the extent that paragraph 86 purports to quote, summarize, or characterize the statements made by Camara on the September 2, 2021, earnings call, Defendants refer the Court to the contents of those statements which speak for themselves and are the best evidence of their contents. To the extent that the allegations in paragraph 86 differ in any way from the contents of those statements, Defendants deny the allegations. Defendants deny that Camara made the statements at the January 11, 2022, investor conference. The remainder of paragraph 86 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. Except as expressly admitted herein, Defendants deny the allegations in paragraph 86.

87.    Paragraph 87 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations. To the extent Plaintiff's allegations rely on statements of former DISCO employees, Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 87. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

88.    Paragraph 88 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.  To the extent Plaintiff's allegations rely on statements of former DISCO employees, Plaintiff did not provide Defendants, or the Court, with any documentation of what the purported former DISCO employees stated, and so Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88. Accordingly, under Federal Rule of Civil Procedure 8(b)(5), Defendants deny the allegations.

89.    Paragraph 89 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

90.    Paragraph 90 contains allegations regarding claims that were dismissed pursuant to the Order to which no response is required.  *See above* at 1.

91.    Paragraph 91 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

92.    Paragraph 92 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

93.    Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedure 23.  Paragraph 93 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**94.**     Paragraph 94 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**95.**     Paragraph 95 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**96.**     Paragraph 96 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**97.**     Paragraph 97 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**98.**     Paragraph 98 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**99.**     Paragraph 99 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**100.**     Paragraph 100 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

**101.**     Paragraph 101 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required.  To the extent a response is required, Defendants

deny the allegations.

102. Paragraph 102 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

103. Paragraph 103 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

104. Paragraph 104 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

105. Paragraph 105 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

106. Paragraph 106 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

107. Paragraph 107 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

108. Paragraph 108 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

109. Paragraph 109 contains Plaintiff's own characterizations, arguments, or legal

conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

110. Paragraph 110 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

111. Paragraph 111 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

112. Paragraph 112 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

113. Paragraph 113 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

114. Paragraph 114 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

115. Paragraph 115 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

116. Paragraph 116 contains Plaintiff's own characterizations, arguments, or legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Forward Looking Statements)

1.      The Amended Complaint, and each and every cause of action alleged, is barred to the extent Plaintiff's allegations are based on alleged projections, forecasts, or predictions of future events or results, because such projections, forecasts, or predictions were identified as forward-looking statements and accompanied by meaningful cautionary language, including in Defendants' public filings with the SEC, that identified factors that could cause actual results to differ materially from those in the forward-looking statements; were immaterial; or were not made with actual knowledge that the statements were false or misleading when made.  All such statements fall within the Safe Harbor provisions of the Private Securities Litigation Reform Act of 1995, as codified at 15 U.S.C. § 77z-2(c).

### SECOND AFFIRMATIVE DEFENSE
### (Available Information)

2.      The Amended Complaint, and each and every cause of action alleged, is barred because the facts alleged to have been misrepresented or omitted were rebutted by contrary information (including both public and non-public information) that were known to, received by, or otherwise publicly available to Plaintiff, members of the putative class, and the securities markets generally.

### THIRD AFFIRMATIVE DEFENSE
### (Class Action)

3.      The Amended Complaint, and each and every cause of action alleged, is barred because this action is not maintainable as a class action under Federal Rule of Civil Procedure 23.

## FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

4.     The Amended Complaint, and each and every cause of action alleged, is barred because Defendants acted in good faith, with genuine belief, and without knowledge that any alleged misstatement or omission was materially false or misleading.

## FIFTH AFFIRMATIVE DEFENSE
### (Truth)

5.     The Amended Complaint, and each and every cause of action alleged, is barred by the truth of Defendants' assertions.

## SIXTH AFFIRMATIVE DEFENSE
### (Information and Belief)

6.     The Amended Complaint, and each and every cause of action alleged therein, is barred because, on information and belief, Plaintiff and members of the putative class would have purchased DISCO stock at the same price even if they had known, at the time of their respective purchases, of the facts alleged to have been misrepresented or omitted.

## SEVENTH AFFIRMATIVE DEFENSE
### (15 U.S.C. § 78U-(e))

7.     If it should be determined that Plaintiff has been damaged, then the damages that Plaintiff seeks are limited by the Private Securities Litigation Performed Act of 1995, 15 U.S.C. § 78u-4(e).

## EIGHTH AFFIRMATIVE DEFENSE
### (Section 20(a) Lack of Primary Liability)

8.     As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because Plaintiff cannot establish the primary liability necessary to assert a control person liability claim.

## NINTH AFFIRMATIVE DEFENSE
### (Section 20(a) Failure to Control)

9.      As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, such liability is barred because Defendants did not directly or indirectly control DISCO or any other individual that Plaintiff alleges is a primary violator.

## RESERVATION OF RIGHTS

Defendants expressly reserve the right to amend or supplement their Answer, defenses, and all other pleadings, as permitted by law. Defendants further reserve the right to assert any and all additional defenses under any applicable law, in the event that discovery indicates such defenses would be appropriate, and to assert any cross-claims, counterclaims, and/or third party claims.

## PRAYER FOR RELIEF

Defendants pray that this Court enter judgment as follows:

1.      That Plaintiff takes nothing by the Complaint;

2.      For costs, attorneys' fees and expert witness fees;

3.      For judgment in favor of Defendants; and

4.      For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Defendants demand a trial by jury.

Dated: March 31, 2025

Respectfully submitted,

/s/ Patrick E. Gibbs
Patrick E. Gibbs
Admitted *Pro Hac Vice*
pgibbs@cooley.com
Brett H. De Jarnette
Admitted *Pro Hac Vice*
bdejarnette@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, California 94304-1130
(650) 843-5000 (phone)
(650) 849-7400 (fax)

Peter D. Kennedy
Texas Bar No. 11296650
pkennedy@gdhm.com
Hailey L. Suggs
Texas Bar No. 24113497
hsuggs@gdhm.com
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764
(512) 480-9908 (Fax)

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record

on March 31, 2025, via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

*/s/ Peter D. Kennedy*
Peter D. Kennedy