IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 1:24-CV-00028-DAE |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § | |
| *Defendants.* | § § | |

## CONFIDENTIALITY AND PROTECTIVE ORDER

Before the Court is the joint motion of the parties for the entry of a confidentiality and protective order ("Protective Order"). After careful consideration, it is hereby ORDERED as follows:

**1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by any of the supplying or receiving persons, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

**2.    Qualified Persons**

"Qualified Persons" means:

a.    For the designation "Highly Confidential – Attorneys' Eyes Only":

i.    retained counsel for the parties in this litigation and their respective staff;

1

   ii.     in-house counsel of the receiving party who are given primary responsibility for overseeing this litigation and are directly assisting outside counsel in this litigation, and for avoidance of doubt, does not include individual Defendants in this action;

   iii.    the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

   iv.    litigation vendors, court reporters, and other litigation support personnel;

   v.     actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, prior to any disclosure of Classified Information to such person, have signed the Confidentiality Agreement attached as Exhibit A-1 agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

   vi.    any mediator agreed to by the parties to this action, including the mediator's staff; and

   vii.   this Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation.

b.    For the designation "Confidential":

   i.     the persons identified in subparagraph 2(a);

   ii.    the party, if a natural person;

   iii.    if the party is an entity, such officers or employees of the party who are actively involved in the prosecution or defense of this case;

   iv.    any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment; and

   v.     any person who was an author, addressee, or intended or authorized recipient of the Confidential information and who agrees to keep the information confidential, provided that such persons may see and use the Confidential information but not retain a copy.

2

-3-

c.    Such other person as this Court may designate after notice and an opportunity to be heard.

d.    In the event that additional persons or entities become parties to this action after entry of this Order, such parties shall not be considered Qualified Parties until the newly joined parties or their counsel confirm in writing to all other parties that they have read this Protective Order and agree to be bound by its terms.

3.    **Designation Criteria**

a.    *Classified Information.* "Classified Information" refers to any information or documents that are designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

b.    *Confidential.* A party shall designate as "Confidential" only such information (regardless of how it is generated, stored, or maintained) or tangible things that the producing party in good faith believes in fact is Confidential or subject to protection under Federal Rule of Civil Procedure 26(c). Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential. Confidential information shall not include information that either:

      i.    is in the public domain at the time of disclosure, as evidenced by a written document;

      ii.   becomes part of the public domain through no fault of the recipient, as evidenced by a written document;

      iii.  the receiving party can show by written document was in its rightful and lawful possession at the time of disclosure; or

      iv.   lawfully comes into the recipient's possession subsequent to the time of disclosure from another source without restriction as to disclosure, provided such third party has the right to make the disclosure to the receiving party.

Information and documents that may be designated as Confidential include, but are not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties. Correspondence and other communications between the parties or with nonparties may be designated as Confidential if the communication was made with the understanding or reasonable expectation that the information would not become generally available to the public.

c.    *Highly Confidential – Attorneys' Eyes Only.*  The designation "Highly Confidential – Attorneys' Eyes Only" shall be reserved for information that is believed to be unknown to the opposing party or parties. For purposes of this order, so-designated information includes, but is not limited to, product formula information, design information, non-public financial information, pricing information, customer identification data, and certain study methodologies.

d.    *Ultrasensitive Information.*  At this point, the parties do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information. However, in the event that a court orders that ultrasensitive documents or information be produced, the parties will negotiate and ask the Court to enter an ultrasensitive information protocol in advance of production to further protect such information.

**4.    Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation, or attempting to settle this litigation, and for no other purpose, and shall not be disclosed except in accordance with the terms hereof. The receiving party of any Classified Information agrees to not

use, disclose, or reference Classified Information in any capacity beyond preparing for or conducting this litigation.

**5.    Use of Customer Information**

Documents produced in this litigation may contain the names or identifying information of the producing party's customers or clients ("Customer Information"). The receiving party of any documents or information that contain Customer Information agrees to inform the producing party—and to use best efforts to do so at least five (5) days—before filing such information under seal pursuant to Rule CV 5.2 in connection with any motion or filing, in order to allow the producing party to ensure that proper notice is given under the terms of any third-party agreements that may be applicable to such Customer Information.

**6.    Marking of Documents**

Documents provided in this litigation may be designated by the producing person or by any party as Classified Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or "Attorneys' Eyes Only").  In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.  Originals shall be preserved for inspection.

**7.    Disclosure at Depositions**

Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Classified Information by indicating on the record at the deposition that the testimony

is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and is subject to the provisions of this Order.

Any party also may designate information disclosed at a deposition as Classified Information by notifying all parties in writing not later than 30 days from receipt of the transcript of the specific pages and lines of the transcript that should be treated as Classified Information thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as "Highly Confidential – Attorneys' Eyes Only" for a period of 30 days after initial receipt of the transcript. If timely corrected within 30 days from receipt of the transcript, an inadvertent failure to designate Classified Information does not, standing alone, waive the producing party's right to secure protection under this Protective Order for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

To the extent possible, the court reporter shall segregate into separate transcripts information designated as Classified Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Classified Information shall have page numbers that correspond to the blank pages in the main transcript.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Classified Information pursuant to this Protective Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Classified Information is being used or discussed.

8.    **Disclosure to Qualified Persons**

a.    *To Whom.* Classified Information shall not be disclosed or made available by the receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or the valid order of a court of competent jurisdiction; ***provided, however***, that in the event of a disclosure compelled by law or court order, the receiving party will notify the producing party as promptly as practicable (if at all possible, prior to making such disclosure), notify the party or court seeking disclosure that the Classified Information is subject to this Protective Order, and cooperate with all reasonable procedures pursued by the producing party in seeking a protective order or confidential treatment of such information prior to its production to the extent practicable and without violating any lawful directive from another court. Information designated as "Highly Confidential – Attorneys' Eyes Only" shall be restricted in circulation to Qualified Persons described in subparagraph 2(a).

b.    *Retention of Copies During this Litigation.* Copies of "Highly Confidential – Attorneys' Eyes Only" information shall be maintained only in the offices of outside counsel for the receiving party and, to the extent supplied to experts described in subparagraph 2(a)(v), in the offices of those experts. Any documents produced in this litigation, regardless of classification, that are provided to Qualified Persons shall be maintained only at the office of such Qualified Person and only necessary working copies of any such documents shall be made. Copies of documents and exhibits containing Classified Information may be prepared by independent copy services, printers, or illustrators for the purpose of this litigation.

### 9.   Unintentional Disclosures

Documents unintentionally produced without designation as Classified Information later may be designated and shall be treated as Classified Information from the date written notice of the designation is provided to the receiving party.

If a receiving party learns of any unauthorized disclosure of information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the party shall immediately upon learning of such disclosure inform the producing party of all pertinent facts relating to such disclosure and shall make all reasonable efforts to prevent disclosure by each unauthorized person who received such information.

### 10.   Documents Produced for Inspection Prior to Designation

In the event documents are produced for inspection prior to designation, the documents shall be treated as "Highly Confidential – Attorneys' Eyes Only" during inspection.  At the time of copying for the receiving parties, Classified Information shall be marked prominently "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (or "Attorneys' Eyes Only") by the producing party.

### 11.   Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the Court, after notice to all affected parties and nonparties, orders such disclosure.  Nor shall anything in this order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the Classified Information, irrespective of which party produced such information.

## 12.    Challenging the Designation

a.    *Classified Information.*  A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation.  In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies.  If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designated the document or information as Classified Information.  The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information.  The disputed information shall remain Classified Information unless and until the Court orders otherwise.  Failure to move for an order shall constitute a termination of the status of such item as Classified Information.

b.    *Qualified Persons.*  In the event that any party in good faith disagrees with the designation of a person as a Qualified Person or the disclosure of particular Classified Information to such person, the parties shall first try to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party shall have 14 days from the date of the designation or, in the event particular Classified Information is requested subsequent to the designation of the Qualified Person, 14 days from service of the request to move the Court for an order denying the disposed person (a) status as a Qualified Person, or (b) access to particular Classified Information.  The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm.

Upon the timely filing of such a motion, no disclosure of Classified Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

### 13.    Manner of Use in Proceedings

In the event a party wishes to use any Classified Information in affidavits, declarations, briefs, memoranda of law, or other papers filed in this litigation, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (e.g., in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the Court consistent with the sealing requirements of the Court.

### 14.    Filing Under Seal

The clerk of this Court is directed to maintain under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers filed under seal in this litigation that have been designated, in whole or in part, as Classified Information by any party to this litigation consistent with the sealing requirements of the Court.

### 15.    Return of Documents

Not later than 120 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information in the possession of any of the persons specified in paragraph 2 (except subparagraph 2(a)(iii)) shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such information has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy information, counsel need not search their electronic communication and disaster recovery systems to comply with this paragraph

and may retain attorney work product, including document indices. Any retained Classified Information continues to be governed by this Protective Order.

### 16.   Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

### 17.   Advice to Clients

This order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this litigation from conveying to any party client the attorney's evaluation in a general way of Classified Information produced or exchanged under the terms of this order; provided, however, that in rendering such advice and otherwise communicating with the client, the attorney shall not disclose the specific contents of any Classified Information produced by another party if such disclosure would be contrary to the terms of this Protective Order.

### 18.   Duty to Ensure Compliance

Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order and shall be responsible upon breach of such duty for the failure of such person to observe the terms of this Protective Order.

### 19.   Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this Court modifying this Protective Order.

It is SO ORDERED this 28th day of August, 2025.

_____
DAVID A. EZRA
UNITED STATES DISTRICT JUDGE

**Exhibit A-1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>     *Plaintiff,*<br><br>v.<br><br>CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR,<br><br>     *Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. AU:24-CV-00028-DAE |

**CONFIDENTIALITY AGREEMENT FOR
EXPERT OR CONSULTANT OF ANY PARTY**

I hereby affirm that:

Information, including documents and things, designated as "Classified Information," as defined in the Protective Order entered in the above-captioned case ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Classified Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I understand that I am to retain all documents or materials designated as or containing Classified Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Classified Information are to be returned to counsel who provided me with such documents

and materials, destroyed, and/or permanently deleted in a manner not subject to recovery by ordinary electronic means.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

_____
(Date)