**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 1:24-cv-00028-DAE |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § | |
| *Defendants.* | § § | |

**DEFENDANTS CS DISCO, INC., KIWI CAMARA, AND MICHAEL LAFAIR'S
OPPOSED MOTION TO COMPEL DISCOVERY FROM PLAINTIFF**

TO THE HONORABLE DAVID A. EZRA:

Pursuant to Rule 37, Fed. R. Civ. P., Defendants CS DISCO, Inc., Kiwi Camara, and Michael Lafair move for an order compelling Plaintiff Bert W. Pluymen to serve amended, sufficient responses to Defendants' First Set of Requests for Production of Documents and First Set of Interrogatories and to promptly produce all responsive documents.

The crux of this dispute is simple: Plaintiff seeks to represent a class but refuses to provide documents and information central to the case. Defendants are ***three weeks*** from Plaintiff's deposition and ***five weeks*** from their deadline to oppose class certification, but despite efforts to resolve this dispute without Court intervention, Plaintiff refuses to provide discovery on these four key topics:

1. Plaintiff's investment portfolio size and performance over the last five years (RFP No. 11).

2. Witness information that Plaintiff put at issue (RFP No. 15 and Int. Nos. 1-3).

3. The facts underlying his claim of misleading statements (Int. Nos. 11-16).

4. What work (if any) he has done on this putative class action (Int. No. 18).

Plaintiff's dilatory and evasive conduct has materially hindered Defendants' ability to prepare for and defend this action, and the urgency for relief is further underscored by this Court's firm briefing schedule on class certification. *See* ECF No. 79. Having exhausted all reasonable efforts to resolve this dispute, Defendants have no choice but to seek this Court's guidance.[1]

## I.    BACKGROUND.

On May 2, 2025, Defendants served narrowly tailored RFPs and Interrogatories on Plaintiff. *See* Ex. A (RFPs), Ex. B (Interrogatories). On June 25, 2025, Plaintiff served RFP and Interrogatory responses, which made only boilerplate objections and failed to respond to the vast majority of the discovery requests. *See* Ex. C (Pl. Resp. to RFPs), Ex. D (Pl. Resp. to Interrogatories). Indeed, Plaintiff refused to provide a substantive response to 31 of the 47 RFPs and declined to answer 12 of the 18 Interrogatories. *Id.* On July 10, Defendants sent a comprehensive deficiency letter outlining the significant deficiencies across Plaintiff's discovery responses. *See* Ex. E (2025-07-10 Deficiency Letter). Due to extenuating circumstances affecting Plaintiff's counsel, the parties could not schedule a meet-and-confer until July 28 and July 29.

During two lengthy videoconference meet and confers on Plaintiff's discovery deficiencies, Defendants reiterated the relevance of the requested information and the necessity of prompt amendment and supplementation of Plaintiff's responses. *See* Ex. F (2025-07-30 Email) at 3-6. Plaintiff's counsel agreed to revert with Plaintiff's final positions on the identified deficiencies by August 8, 2025. *Id.* Defendants did not receive Plaintiff's response letter until

---

[1] Given the limited time, Defendants are raising only core issues that require amendment. For example, Defendants are not formally seeking relief on Plaintiff's concerning boilerplate and irrelevant objections, such as Plaintiff's invocation of the spousal privilege and failure to tailor any objections.

August 15, in which Plaintiff still refused to amend many discovery requests.[2]  *See* Ex. G (2025-08-15 Pl. Response Letter).  Defendants' counsel promptly identified the most prominent remaining deficiencies in Plaintiff's responses and emphasized the urgency, given impending case deadlines.  *See* Ex. H (2025-08-19 Defs. Response Letter).

On August 22, and only following the threat of seeking Court intervention, Plaintiff's counsel agreed to additional amendments and proposed a slightly more expansive time frame for a subset of other discovery requests.[3]  *See* Ex. I at 4 (2025-08-22 Email).  Defendants accepted Plaintiff's proposed limitations as a compromise but indicated the parties were at an impasse on other discovery requests.  *Id*.  While Defendants still await amendment on the majority of the discovery requests, Defendants now move for an order compelling Plaintiff to adequately respond to discovery requests where Plaintiff has wholesale refused to provide responsive information.

## II.    LEGAL STANDARD.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection when the responding party fails to adequately respond.  *See* Fed. R. Civ. P. 37.  "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."  Fed. R. Civ. P. 37(a)(4).  The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable.  *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

---

[2] On August 7, Plaintiff's counsel claimed they would send a full response the following week and thereafter waited until August 15 to send a responsive letter.

[3] Of the twelve interrogatories to which Plaintiff failed to respond, he has now agreed to amend only two interrogatories.  *See* Corkery Decl., Exs. G, I.

### III.    ARGUMENT.

#### A.    Plaintiff refuses to provide discovery about his investment history, which is plainly relevant to this securities lawsuit (RFP No. 11).

RFP No. 11 seeks documents "sufficient to show the size and performance of [Plaintiff's] investment portfolio in the last five (5) years[.]"  *See* Ex. A at 8.  This request bears on Plaintiff's sophistication and decision-making as an investor, which in turn, is directly relevant to his alleged reliance on the challenged statements and his adequacy as a class representative.   Courts consistently hold investment history information bears on dispositive issues at class certification and on the merits, and must be produced in securities class action matters.  *See, e.g.*, *Brody v. Zix Corp.*, 2007 WL 1544638, at *2-3 (N.D. Tex. May 25, 2007) (compelling production of documents relating to "trading histories, investment strategies, and financial results of the putative class representatives" and noting the "proposed class period does not determine the period of relevancy"); *Degulis v. LXR Biotechnology, Inc.*, 176 F.R.D. 123, 127 (S.D.N.Y. 1997) (granting defendants' request for documents concerning trading history because plaintiff's "sophistication and trading strategies [were] relevant to the pending class certification motion" as the "determination of whether a class representative is 'typical' might be affected by any unique defenses relating to an investment strategy"); *Roseman v. Sports & Recreation*, 165 F.R.D. 108, 112 (M.D. Fla. 1996) ("The plaintiffs' investment history and background is relevant to the adequacy issue.").

Moreover, Plaintiff's asserted "fraud on the market theory of reliance" does not "foreclose[] discovery concerning [] investment histories" because the theory "does not dispense with reliance as an element of the Rule 10b-5 cause of action."  *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 112-113 (S.D.N.Y. 1993) (affirming discovery order compelling production of investment portfolio information).  Plaintiff has claimed that there are supposedly

"far less burdensome means of seeking information regarding this topic" but fails to articulate any such means.[4]  Ex. I at 2.  And, even if he could, Plaintiff's contention that Defendants may seek this information through another discovery mechanism does not excuse his obligation to fully comply with RFP No. 11.  *See Heller v. City of Dallas*, 303 F.R.D. 466, 493 (N.D. Tex. 2014) (a party "may seek information through [discovery] even if" the requested information could be "explored through deposition"); Fed. R. Civ. P. 26(d)(3)(A) ("methods of discovery may be used in any sequence").

Accordingly, this Court should compel Plaintiff to produce documents sufficient to show the information sought in RFP No. 11.

**B.      Non-privileged witness information is discoverable (RFP No. 15 and Interrogatory Nos. 1-3).**

RFP No. 15 and Interrogatory Nos. 1-3 seek non-privileged documents and information concerning (1) the confidential witnesses referenced in the Complaint, and (2) the name, affiliation, and means of communication of third parties with whom Plaintiff or lead counsel have communicated regarding this action.  *See* Ex. A at 9, Ex. B at 6-7.  After multiple meet and confers, Plaintiff belatedly agreed to identify the three former employees referenced in the operative Complaint.[5]  However, Plaintiff maintains he will not otherwise respond to these discovery requests.  Plaintiff's position is deficient in several respects.

As an initial matter, Plaintiff's position is inconsistent and non-sensical because he has already agreed to produce communications with third parties (including putative class members) in response to ***other*** requests.  *See* Ex. A at 8-9 (RFP Nos. 9, 13); Ex. G at 1-2.  He, therefore,

---

[4] Defendants also offered to limit the date range, but Plaintiff has refused to identify a shorter time frame that he feels would be appropriate.

[5] Indeed, Plaintiff should have disclosed this information in his initial disclosures but neglected to do so.

should be ordered to also provide ***non-privileged*** documents and information in response to ***these*** requests or indicate that no non-privileged documents exist.

     ***Witness Interview Dates and Present Custodians***: Plaintiff seems to contend that ***all*** information concerning former employees or other third-party communications related to this action are privileged. *See* Ex. I at 2. Not so. Courts have held that dates of interviews or statements and the custodians of such statements are within the scope of non-privileged, discoverable information. *See, e.g.*, *Orgulf Transport Co. v. Magnolia Marine Transport*, 1998 WL 351845, at *2 (E.D. La. June 25, 1998) (ordering response to interrogatory that sought "persons who were interviewed or gave statements" and "the dates of interviews or statements and present custodians of any such statements" because the information sought was not privileged or protected); *Shenwick v. Twitter, Inc.*, 2018 WL 8244911, at *2 (N.D. Cal. Nov. 27, 2018) (holding "the attorney work product doctrine does not protect the dates that Plaintiffs' counsel or Plaintiff spoke with" confidential witnesses). The case law Plaintiff cites in support of his privilege objection is inapposite. *See* Ex. I at 2.[6] For instance, Plaintiff relies on *United States v. Rodgers*, a criminal case that did not address the discoverability of information regarding witnesses the plaintiff placed at issue (like the confidential witnesses repeatedly referenced in the Complaint here). Rather, the court quashed a subpoena compelling trial testimony from government officials to discuss their "interviews with witnesses related to the [criminal] investigation" because the information sought was protected work-product. 2022 WL 1074013, at *7 (E.D. Tex. Apr. 8, 2022). And *Smith v. Diamond Offshore Drilling, Inc.* stands only for the proposition that reports containing "mental

---

[6] Defendants distinguish in detail the irrelevant cases Plaintiff previously offered in their August 19 letter to Plaintiff. *See generally* Ex. H. Plaintiff responded with the additional cases cited herein.

impressions and conclusions" prepared in anticipation of litigation were protected work-product. 168 F.R.D. 582, 585 (S.D. Tex. 1996).

*Unnamed Class Member Communications*: Plaintiff also seeks to avoid his discovery obligations by claiming that *all* communications with third-parties related to this action—including unnamed class members—are privileged. This, too, misstates the law. Unnamed class members are not "clients" before class certification. *See, e.g.*, *In re Wells Fargo Wage & Hour Emp. Practics.*, 18 F. Supp. 3d 844, 851 (S.D. Tex. 2014) ("client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired"); 2 McLaughlin on Class Actions § 11:1 (21st ed. 2024) ("The majority rule is that while named plaintiffs are clients of putative class counsel precertification, absent class members have no attorney-client relationship with putative class counsel prior to class certification.") (collecting cases). And contrary to Plaintiff's contention that *Barton v. United States District Court for Central District of California* "squarely . . . protect[s] communications with class members," (*see* Ex. I at 2), the *Barton* court held only (under California state law) that responses to a questionnaire posted by a law firm were privileged because the questionnaire led the individuals completing it to think that they would be represented by the law firm. 410 F.3d 1104, 1107, 1111 (9th Cir. 2005).

The Court should order that Plaintiff respond with and produce all responsive, non-privileged documents and information related to communications with the former employees identified in the Complaint or any other third party, including CS Disco employees and putative class members. At a bare minimum, Plaintiff should be required to provide a detailed privilege log of all communications and documents he is withholding under his blanket claim of privilege.

### C.    Core factual allegations concerning allegedly misleading statements are discoverable (Interrogatory Nos. 11-16).

Interrogatory Nos. 11-16 seek information directly relevant to Plaintiff's allegations, including information related to the statements Plaintiff alleges to be false or misleading in the Complaint.  *See* Ex. B at 8-9.  Plaintiff wrongly claims these are "premature" contention interrogatories that need not be answered until after the close of fact discovery.  *See* Ex. D at 11-13, Ex. G at 3, Ex. I at 2.

But a party need not wait until after fact discovery closes to receive a response to a contention interrogatory.  *See, e.g.*, *Redus v. Univ. of Incarnate World*, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014) (rejecting plaintiffs' claim that contention interrogatories are "not fully answered until 'designated discovery is complete'" because "plaintiffs have a duty to make reasonable inquiries regarding the information sought" and ordering plaintiff to "amend their responses … to either  identify the basis of their information and belief or to verify under oath an inability to answer completely and supplement as discovery progresses"); *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (overruling plaintiff's objections that defendants' interrogatories "call[ed] for a legal conclusion or serv[ed] no proper purpose" because defendants' interrogatories were proper contention interrogatories authorized by Fed. R. Civ. Pro. 33).

The bases of Plaintiff's claims in this case—including the statements he continues to assert are false and misleading, how they were false and misleading, and when and how the market learned of the alleged "truth" of such statements—are central to challenging class certification and Plaintiff's claims.  Surely Plaintiff knows the factual bases for his own lawsuit—Rule 11 requires it—and Defendants should not have to guess.  Plaintiff must respond to the interrogatories to the best of his ability based on what information is known and supplement as appropriate.

**D.    Plaintiff must explain the extent of his participation in and supervision of this action as a lead plaintiff (Interrogatory No. 18).**

Interrogatory No. 18 seeks a detailed explanation of Plaintiff's time and effort spent "participating in, monitoring, supervising, and managing" this action, including steps taken to monitor lead counsel. *See* Ex. B at 10.  This information bears directly on Plaintiff's adequacy as the class representative. *See Berger v. Compaq Computer Corp.*, 257 F.3d 475, 483 (5th Cir. 2001) (lead plaintiffs must be "active, able class representatives who are informed and can demonstrate they are directing the litigation").  Plaintiff's response states only that he "communicated regularly" with his attorneys regarding various filings, nothing more.  *See* Ex. D at 14.  As above, to the extent Plaintiff claims this information may be obtained through Plaintiff's deposition, this does not absolve Plaintiff of his obligation provide Defendants with a complete answer.  *See Heller*, 303 F.R.D. at 493; *see also* Fed. R. Civ. P. 26(d)(3)(A).

A party must respond "to the full extent [an interrogatory] is not objectionable and affirmatively explain what portion of an interrogatory [] is objectionable and why, affirmatively explain what portion of the interrogatory [] is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Lechuga v. Magallanes*, 2017 WL 8180781, at *2 (W.D. Tex. June 1, 2017).  "Each interrogatory must, to the extent it is not objected to, be answered separately and ***fully*** in writing under oath."  Fed. R. Civ. P. 33(b)(3) (emphasis added).  Plaintiff's response falls far below this standard.  Plaintiff cannot selectively choose to vaguely respond to the portions of an interrogatory that he wants, while avoiding the level or specificity that is required, nor can he avoid providing direct information that is requested, such as the amount of "time spent" on this action.  *See* Ex. D at 14.

Plaintiff should be required to specify his precise involvement in this lawsuit and quantify the time spent monitoring and participating in this action, including by detailing the scope and frequency of his supervision of this matter.

> **E.    Defendants reserve all rights to raise additional issues awaiting amendment.**

Defendants reserve their right to raise additional issues with the Court as to the substance and timing of pending, promised amendments.  Defendants also reserve the right to seek supplementation of their class certification opposition and to hold Lead Plaintiff's deposition open, if Plaintiff does not adequately respond and produce documents in response to these requests before impending Court-ordered deadlines.

## IV.    CONCLUSION.

Defendants ask this Court to order Plaintiff to respond in full to RFP Nos. 11 and 15 and Interrogatory Nos. 1-3, 11-16, and 18, and to produce all documents at least one week before Plaintiff's deposition, currently scheduled for September 23, 2025, and at least three weeks in advance of Defendants' deadline to oppose class certification on October 3, 2025, and award Defendants their  reasonable fees and costs incurred in preparing this Motion.  *See* Fed. R. Civ. P. 37(a)(5)(A) ("the court ***must***, after giving an opportunity to be heard, require the" payment of movant's expenses and fees if discovery motion is granted) (emphasis added).

Dated: August 29, 2025                    Respectfully submitted,

                                          */s/ Patrick E. Gibbs*
                                          Patrick E. Gibbs
                                          Admitted *Pro Hac Vice*
                                          pgibbs@cooley.com
                                          Brett H. De Jarnette
                                          Admitted *Pro Hac Vice*
                                          bdejarnette@cooley.com
                                          Cooley LLP
                                          3175 Hanover Street
                                          Palo Alto, California 94304-1130
                                          (650) 843-5000 (phone)
                                          (650) 849-7400 (fax)

                                          Peter D. Kennedy
                                          Texas Bar No. 11296650
                                          pkennedy@gdhm.com
                                          Hailey L. Suggs
                                          Texas Bar No. 24113497
                                          hsuggs@gdhm.com
                                          Graves, Dougherty, Hearon & Moody, P.C.
                                          401 Congress Avenue, Suite 2700
                                          Austin, Texas 78701
                                          (512) 480-5764 (phone)
                                          (512) 480-9908 (fax)

                                          **Attorneys for Defendants**

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), I hereby certify that counsel for both parties have conferred in a good-faith attempt to resolve this matter but were unable to reach an agreement because counsel disagreed as to the discoverability of the information at issue.

Dated: August 29, 2025                    */s/Ashley Corkery*
                                          Ashley Corkery

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served on all counsel of record on August 29, 2025, via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

*/s/ Peter D. Kennedy*
Peter D. Kennedy