# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

LYNN GAMBRILL, Individually and On
Behalf of All Others Similarly Situated,

        Plaintiff

        v.

CS DISCO, INC., KIWI CAMARA, and
MICHAEL LAFAIR,

        Defendants.

§
§
§
§
§
§
§
§
§
§
§
§
§

NO. 1:24-cv-00028-DAE

**DEFENDANTS CS DISCO, INC., KIWI CAMARA, AND MICHAEL LAFAIR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO LEAD PLAINTIFF BERT PLUYMAN**

**PROPOUNDING PARTY:**    **DEFENDANTS CS DISCO, INC., KIWI CAMARA, AND MICHAEL LAFAIR**

**RESPONDING PARTY:**    **LEAD PLAINTIFF BERT PLUYMAN**

**SET NUMBER:**    **ONE**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 34, Defendants CS Disco, Inc., Kiwi Camara and Michael Lafair ("Defendants") requests that Lead Plaintiff Bert Pluyman ("Lead Plaintiff") produce for inspection and copying responsive documents within thirty (30) days of the date of service, at the offices of Defendants' counsel, Cooley LLP, 3175 Hanover Street, Palo Alto, CA 94304, in accordance with the following Definitions and Instructions:

**DEFINITIONS**

1. ACTION refers to the above-captioned litigation currently pending in the United States District Court for the Western District of Texas, Case No. 1:24-cv-00028-DAE.

2. LEAD PLAINTIFF means Bert Pluymen.

3.      YOU or YOUR refer to LEAD PLAINITFF and anyone acting on behalf of LEAD PLAINTIFF, including without limitation, any affiliates, agents, representatives, employees, attorneys, brokers, accountants, financial advisors, contractors, and consultants.

4.      LEAD COUNSEL means any partner, associate, of counsel, special counsel, employee, contractor, agent, or consultant of lead counsel or local counsel, the Rosen Law Firm, P.A. or Kendall Law Group, PLLC, and any PERSON acting or purporting to act on behalf of the Rosen Law Firm, P.A. or Kendall Law Group, PLLC.

5.      PERSON(S) means any natural person or business, legal or governmental entity or association.

6.      CONCERNING means relating to, referring to, describing, evidencing, or constituting.

7.      COMMUNICATION(S) means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and shall be construed in its broadest possible sense under the Rules of Civil Procedure.

8.      COMPLAINT means Plaintiff's Amended Class Action Complaint, filed in this ACTION on March 8, 2024.  *See* ECF No. 53.

9.      ANSWER means Defendants' Answer to Plaintiff's Amended Class Action Complaint, filed by Defendants in this Action on March 31, 2025.  *See* ECF No. 76.

10.     DOCUMENT(S) means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), and shall have the broadest possible meaning under the Federal Rules of Civil Procedure.  A draft of a non-identical copy is a separate document within the meaning of this term.

11.     ESI means electronically stored information of any kind or type and is intended to

be interpreted in the broadest sense under the Federal Rules of Civil Procedure.

12.    INVESTIGATION includes, but is not limited to, any research, examination, or inquiry into the specific matter stated.

13.    INCLUDING means "including, but not limited to."  INCLUDING is not to be interpreted as narrowing a request or excluding certain non-enumerated documents that would otherwise be responsive to the request.  Rather, it is a signal that the enumerated documents which follow are illustrative of the types of documents that are sought by the request.

14.    CS DISCO refers to Defendant CS DISCO, INC.

15.    CS DISCO SECURITY or CS DISCO SECURITIES means CS Disco common stock, bonds, notes, puts, calls, convertible debentures, and options.

**INSTRUCTIONS**

1.      In responding to these document requests, LEAD PLAINTIFF shall produce all DOCUMENTS, including reasonably accessible ESI, in LEAD PLAINTIFF's possession, custody, or control, including DOCUMENTS in the possession, custody, or control of LEAD PLAINITFF'S agents and representatives.

2.      Each individual Document Request shall be answered fully unless it is in good faith objected to, in which event the reasons for YOUR objection shall be stated in detail. If any objection pertains to only a portion of an individual Document Request, or a word, phrase or clause contained within it, YOU are required to state YOUR objection to that portion only and to respond to the remainder of the individual Document Request, using YOUR best efforts to do so.

1.      The DOCUMENTS requested herein should be produced in the manner prescribed by any protocols governing discovery matters and the production of electronically stored information in this ACTION to be agreed upon by the parties and/or ordered by the Court (the "Protective Order" and "ESI Protocol").

2.      If YOU refuse to provide any information requested on the grounds of privilege or otherwise, state:

   a.  the nature of the privilege claimed;

   b.  the person who made the communication, whether oral or in writing;

   c.  if the communication was oral, all persons present during the communication;

   d.  if the communication was written, the author, addressees, and any other recipients;

   e.  the relationship of the author of the communication to each recipient;

   f.  the relationship of the persons present to the person who made the

Exhibit A - Page 5 of 17

communication;

g.  the date of the communication;

h.  the general subject of the communication; and

i.  other information sufficient to enable a full assessment of the applicability of the privilege claims.

3.  If any portion of a DOCUMENT is relevant, produce the DOCUMENT in unredacted form.

4.  If any portion of a DOCUMENT responsive to these requests is withheld or redacted under a claim of privilege or other protection, the non-privileged or unprotected portion of the DOCUMENT must be produced.

5.  If LEAD PLAINTIFF claims certain responsive DOCUMENTS or ESI may exist but are not reasonably accessible, LEAD PLAINTFF should advise Defendants as soon as possible which DOCUMENTS or ESI LEAD PLAINTIFF claim are not reasonably accessible and the basis for such claim.

6.  If LEAD PLAINTFF objects to a particular request or portion thereof, LEAD PLAINTIFF must produce all DOCUMENTS called for that are not subject to that objection.

7.  In making a production, produce all DOCUMENTS as kept in the normal course of business and identify the file and custodian of the file from which each DOCUMENT was taken.

8.  Defendants reserve the right to request inspection of the original DOCUMENTS, including those stored electronically, as they are kept in the normal course of business.

9.  YOU are to produce the original and each non-identical copy of each DOCUMENT or DOCUMENTS requested herein which are in YOUR possession, custody, or control.

10.  These requests for production are continuing in nature.  YOU must supplement or

amend YOUR responses to these requests pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

11.    The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

12.    All references to the singular include the plural, and all references to the plural including the singular.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS (including without limitation confirmation slips, brokerage house records, monthly brokerage account statements, and stock certificates) sufficient to identify (including number of shares, date, price, seller or buyer if known, and form of transaction) all of YOUR purchases or other acquisitions, sales, short sales, pledges, securities lending transactions, or any other dispositions of or transaction in CS DISCO SECURITIES.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR decision(s) whether or not to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS YOU created, considered, read, reviewed, obtained, received, or otherwise acquired in connection with YOUR decision(s) to purchase, sell, trade, hold, or

otherwise acquire or dispose of CS DISCO SECURITIES, or that influenced such decision(s). This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS and COMMUNICATIONS sufficient to show YOUR methodology for determining whether or not to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS CONCERNING YOUR policies, philosophies, strategies, and practices during the last five (5) years CONCERNING whether, when, or under what circumstances to institute litigation against anyone regarding YOUR investments or investment losses.

**REQUEST FOR PRODUCTION NO. 6:**

DOCUMENTS sufficient to identify each PERSON (including without limitation any investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of CS DISCO SECURITIES on YOUR behalf) who made or participated in YOUR decision(s) to acquire and/or sell CS DISCO SECURITIES.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to describe YOUR relationship with any PERSON identified in response to Request No. 6, including without limitation any written agreement giving such PERSON authority to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES on YOUR behalf.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS CONCERNING any information which YOU used or relied upon in purchasing, selling, trading, holding, or otherwise acquiring or disposing of CS DISCO SECURITIES, including advice received from investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of CS DISCO SECURITIES on YOUR behalf.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and any other PERSON (including without limitation any member of the putative plaintiff class, investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of CS DISCO SECURITIES on YOUR behalf) CONCERNING CS DISCO SECURITIES, any of the Defendants, or this ACTION.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS CONCERNING YOUR investment practices, policies, procedures, guidelines, or strategies in the last five (5) years, including all statements of investment practices, policies, procedures, guidelines or strategies prepared by or for YOU or given or imposed on any investment manager or broker through which YOU have transacted in CS DISCO SECURITIES.

**REQUEST FOR PRODUCTION NO. 11:**

DOCUMENTS sufficient to show the size and performance of YOUR investment portfolio in the last five (5) years, including, but not limited to, a complete listing of each investment in YOUR investment portfolio(s).

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS and COMMUNICATIONS CONCERNING this ACTION, any Defendant, CS DISCO, or CS DISCO's past or present directors, boards of directors, committees, officers, agents, employees, representatives, attorneys, or any other PERSON purporting to act on any Defendant's behalf. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU, LEAD COUNSEL, or another PERSON acting on YOUR behalf or on the behalf of any member of the putative class CONCERNING any allegation in the COMPLAINT. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any named PERSON quoted or referenced in the COMPLAINT. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS CONCERNING the former employees – FE-1, FE-2, FE-3 – referenced in paragraphs 19 through 21 of the COMPLAINT, including but not limited to DOCUMENTS reflecting the identity of the former employees, all information obtained from the former employees, all information provided to the former employees, all COMMUNICATIONS with the former employees, and summaries, memoranda, or notes relating to all COMMUNICATIONS with the former employees. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS CONCERNING any discoverable information relevant to any of the pleadings in this ACTION, including those that support or refute the allegations of the COMPLAINT or Defendants' ANSWER and all DOCUMENTS YOU intend to or are considering using at trial, that have not been produced in response to another document request. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any of the allegedly false and/or misleading statements that are the subject of this ACTION, including those identified in the COMPLAINT. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any alleged corrective disclosures referenced in the COMPLAINT. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS and COMMUNICATIONS CONCERNING market reaction to the allegedly false and/or misleading statements or alleged corrective disclosures that are the subject of this ACTION, including any market analyst reports that YOU reviewed in preparing, or which are referenced in, the COMPLAINT. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS CONCERNING YOUR alleged damages claimed in this ACTION, including DOCUMENTS CONCERNING the causation of damages, the amount of damages allegedly suffered, and any method or formula that YOU, LEAD COUNSEL, or another PERSON

proposes to use to calculate class-wide damages. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS in YOUR possession, or in the possession of LEAD COUNSEL attorneys, that YOU intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this ACTION or any other proceedings in this ACTION, including any DOCUMENTS considered by an expert or relied upon as a basis for any expert opinion. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS cited in, referred to, or quoted in the COMPLAINT. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any PERSON in LEAD PLAINTIFF'S disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of the putative plaintiff class in this ACTION. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS CONCERNING the actual, promised, or expected receipt by YOU of anything of value from any PERSON in connection with YOUR service as LEAD PLAINTIFF in this ACTION. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 26:**

All DOCUMENTS CONCERNING the date and circumstances of YOUR retention of LEAD COUNSEL in connection with this ACTION.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS CONCERNING written agreements (financial or otherwise) between YOU and LEAD COUNSEL (including without limitation any retention or fee agreement regarding this ACTION and/or regarding any other services such as stock-portfolio monitoring). This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 28:**

Any DOCUMENTS CONCERNING any understanding, contract, or agreement (financial or otherwise) between YOU and any other putative class member in this ACTION, including any other plaintiff who sought to be appointed lead plaintiff in this Action.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 29:**

DOCUMENTS sufficient to show any common interest agreement YOU, or anyone acting on YOUR behalf, have entered into related to CS DISCO or this ACTION.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 30:**

DOCUMENTS CONCERNING YOUR past, present, or prospective participation as a named representative of a class or putative class in any other lawsuit, arbitration, administrative proceeding, or other legal proceeding or action (including all pleadings and all DOCUMENTS CONCERNING your application(s) for appointment as class representative and the certification

or denial of your application(s) for appointment as class representative).  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 31:**

All transcripts of testimony, affidavits, declarations, or statements made by YOU or on YOUR behalf in any lawsuit, arbitration, administrative proceeding, or any other legal proceeding or action in which YOU participated or attempted to participate as a named representative of a class or putative class or in any litigation brought through the securities laws of the United States or any other country.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS CONCERNING any settlement agreements YOU have entered into or payments YOU have received in any other action styled as a class action brought in any federal or state court in which YOU were or are the plaintiff.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS and COMMUNICATIONS CONCERNING any policy, procedure, or practice for the preservation, retention, destruction, or recycling of DOCUMENTS or ESI relevant to this ACTION.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 34:**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any direct or indirect interactions or relationship between YOU and any of the Defendants in this ACTION.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 35:**

DOCUMENTS sufficient to identify any investigation by any state or federal law

enforcement or regulatory agency into YOUR conduct during the last ten (10) years.

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS CONCERNING YOUR COMMUNICATIONS with any of the DEFENDANTS in this ACTION, without limitation as to time, including, but not limited to, COMMUNICATIONS between YOU and CS DISCO, its board of directors, officers, employees, agents, attorneys, or representatives. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS constituting or CONCERNING any COMMUNICATIONS between YOU (or anyone acting on YOUR behalf) and any PERSON (other than YOUR counsel of record in this ACTION) CONCERNING this ACTION, any DEFENDANT, any matter alleged in the COMPLAINT, or any other complaint filed in this ACTION. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS received by YOU (or anyone acting on YOUR behalf) directly or indirectly from any current or former CS DICSO employee. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS CONCERNING any statement made by YOU CONCERNING this ACTION, any DEFENDANT, any matter alleged in the COMPLAINT, or any other complaint filed in this ACTION on the Internet or social media within the last five (5) years.

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS, without limitation as to time, reflecting any knowledge YOU had at any time YOU purchased CS DISCO SECURITIES during the Class Period of any matter that

YOU allege was misrepresented in or misleadingly omitted from DEFENDANTS' public statements. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS reflecting or showing that YOU relied upon any alleged false or misleading statement(s) referenced in the COMPLAINT in purchasing CS DISCO SECURITIES. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 42:**

To the extent not produced in response to the foregoing, ALL DOCUMENTS CONCERNING CS DISCO. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 436:**

All DOCUMENTS produced by any non-party in response to any subpoena served by YOU on a non-party related to this ACTION. This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 447:**

DOCUMENTS sufficient to show any occasion, in the last ten (10) years, on which YOU have:

   a. been accused or convicted of any crime;

   b. filed for protection under the bankruptcy laws, been subject to an involuntary bankruptcy proceeding, or been found bankrupt or insolvent; or

   c. been named as a defendant in any criminal, civil, administrative, or regulatory action alleging fraud, a violation of securities laws, or breach of fiduciary duties.

**REQUEST FOR PRODUCTION NO. 458:**

DOCUMENTS sufficient to show any occasion, in the last ten (10) years, on which YOU or LEAD COUNSEL have been sanctioned pursuant to Rule 11 or any analogous provision.

**REQUEST FOR PRODUCTION NO. 469:**

All DOCUMENTS reviewed or relied upon in connection with preparing LEAD PLAINTIFFS' responses to Interrogatories propounded by DEFENDANTS in this ACTION.  This request is made without limitation as to time.

**REQUEST FOR PRODUCTION NO. 4710:**

All DOCUMENTS referenced in LEAD PLAINTIFFS' responses to Interrogatories propounded by DEFENDANTS in this ACTION.  This request is made without limitation as to time.

Dated: May 2, 2025

Respectfully submitted,

By: /s/ *Brett H. De Jarnette*
Patrick E. Gibbs
Admitted *Pro Hac Vice*
pgibbs@cooley.com
Brett H. De Jarnette
Admitted *Pro Hac Vice*
bdejarnette@cooley.com
Cooley LLP
3175 Hanover Street
Palo Alto, California 94304-1130
(650) 843-5000 (phone)
(650) 849-7400 (fax)

Peter D. Kennedy
Texas Bar No. 11296650
pkennedy@gdhm.com
Hailey L. Suggs
Texas Bar No. 24113497
hsuggs@gdhm.com
Graves, Dougherty, Hearon & Moody, P.C.
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764
(512) 480-9908 (Fax)

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that on the May 2, 2025, a true and correct copy of the foregoing

document was e-mailed to counsel of record for Plaintiffs.


<u>/s/ Estrella Garcia</u>
Estrella Garcia