## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff | § § | |
| v. | § § | NO. 1:24-cv-00028-DAE |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § § | |
| Defendants. | § § | |

### DEFENDANTS CS DISCO, INC., KIWI CAMARA, AND MICHAEL LAFAIR'S FIRST SET OF INTERROGATORIES TO LEAD PLAINTIFF BERT PLUYMEN

**PROPOUNDING PARTY:** **DEFENDANTS CS DISCO, INC., KIWI CAMARA, AND MICHAEL LAFAIR**

**RESPONDING PARTY:** **LEAD PLAINTIFF BERT PLUYMAN**

**SET NUMBER:** **ONE**

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33, Defendants CS Disco, Inc., Kiwi Camara and Michael Lafair (together, "Defendants") requests that Lead Plaintiff Bert W. Pluymen ("Plaintiff") answer completely in writing under oath within 30 days of service hereof each of the interrogatories set forth below in accordance with the following Definitions and Instructions:

**DEFINITIONS**

1.      ACTION refers to the above-captioned litigation currently pending in the United States District Court for the Western District of Texas, Case No. 1:24-cv-00028-DAE.

2.      LEAD COUNSEL means any partner, associate, of counsel, special counsel,

employee, contractor, agent, or consultant of lead counsel or local counsel, the Rosen Law Firm, P.A. or Kendall Law Group, PLLC, and any PERSON acting or purporting to act on behalf of the Rosen Law Firm, P.A. or Kendall Law Group, PLLC.

3.      CONCERNING means relating to, referring to, describing, evidencing, or constituting.

4.      COMMUNICATION(S) means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), and shall be construed in its broadest possible sense under the Rules of Civil Procedure.

5.      COMPLAINT means Plaintiff's Amended Class Action Complaint, filed in the above-captioned action on March 8, 2024. *See* ECF No. 53.

6.      DOCUMENT(S) means any document or electronically stored information as described in Federal Rule of Civil Procedure 34(a), and shall have the broadest possible meaning under the Federal Rules of Civil Procedure.  A draft of a nonidentical copy is a separate document within the meaning of this term.

7.      CS DISCO refers to Defendant CS DISCO, INC.

8.      CS DISCO SECURITY or CS DISCO SECURITIES means CS Disco common stock, bonds, notes, puts, calls, convertible debentures, and options.

9.      LEAD PLAINTIFF means Bert Pluymen.

10.     PERSON(S) means any natural person or any business, legal or governmental entity or association.

11.     YOU or YOUR refer to LEAD PLAINITFF and anyone acting on behalf of LEAD PLAINTIFF, including without limitation, any affiliates, agents, representatives, employees, attorneys, brokers, accountants, financial advisors, contractors, and consultants.

12.   Unless otherwise stated in a specific Interrogatory, IDENTIFY when referring to:

a)  Any individual or natural person, (i) the person's full name, (ii) the person's present or last known address, (iii) the person's present or last known contact information, including e-mail address and telephone number, (iv) the person's present or last known place of employment, and (v) describe the nature of the individual's knowledge or involvement in the matter.

b)  A person other than a natural person: (i) its full name; (ii) address of its principal office or place of business; and (iii) all names under which it was doing business at the relevant time.

c)  A COMMUNICATION: (i) the means of the communication (e.g., in -person, video conference, email, phone, text, letter sent by mail, verbal, social media, etc.); (ii) the approximate duration of the COMMUNICATION; (iii) the name and affiliation of each PERSON present at the time of each COMMUNICATION or who sent or received the COMMUNICATION; and (iv) describe any written record or such COMMUNICATION.

d)  A DOCUMENT or tangible thing: (i) the type of document; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the document's author(s), addressee(s); and recipient(s).

**INSTRUCTIONS**

1.   Answer each Interrogatory set forth below separately and completely in writing under oath, as required by Federal Rule of Civil Procedure 33(b).  YOUR response hereto is to be signed and verified by the PERSON making it, and the objections signed by the attorney making them, as required by Rule 33(b).

2.      Each Interrogatory shall be answered fully unless it is objected to in good faith, in which event the reasons for YOUR objection shall be stated in detail.  If an objection pertains to only a portion of an Interrogatory, or a word, phrase or clause contained within it, YOU are required to state YOUR objection to that portion only and to respond to the remainder of the Interrogatory, using YOUR best efforts to do so. If YOU object based on a purported ambiguity in construing an Interrogatory, or a word, phrase, or clause contained within it, or an Instruction or Definition, such objection shall not serve as a basis for refusing to answer; YOU must set forth in YOUR answer the allegedly ambiguous language and the construction chosen or used to provide a complete response.  If YOU are withholding responsive information pursuant to general objections, YOU should so state.

3.      In answering the Interrogatory, furnish all information that is known or available to YOU regardless of whether this information is possessed directly by YOU or YOUR agents, employees, representatives, attorneys, investigators, or other person acting or appearing to act on YOUR behalf.

4.      If YOU are unable to answer an Interrogatory in full after exercising due diligence to secure the requested information, so state, answer to the fullest extent possible and explain why the Interrogatory cannot be answered in full.

5.      If YOU refuse to provide any information requested on the grounds of privilege or otherwise, state:

a)  the nature of the privilege claimed;

b)  the person who made the communication, whether oral or in writing;

c)  if the communication was oral, all persons present during the communication;

d)      if the communication was written, the author, addressees, and any other

recipients;

 e) the relationship of the author of the communication to each recipient;

 f) the relationship of the persons present to the person who made the communication;

 g) the date of the communication;

 h) the general subject of the communication; and

 i) other information sufficient to enable a full assessment of the applicability of the privilege claims.

6. If YOU answer any of the Interrogatories by reference to DOCUMENTS from which the answer may be derived or ascertained, YOU are requested to comply with the requirements of Rule 33(d).

7. Pursuant to Rule 26(e), these Interrogatories are continuing in nature and YOUR responses to them are to be promptly supplemented or amended if, after the time of YOUR initial responses, YOU learn that any response is or has become in some material respect incomplete or incorrect.

8. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any information that might otherwise be construed to be outside their scope.

9. All references to the singular include the plural, and all references to the plural including the singular.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

With respect to each former or current employee of CS DISCO with whom YOU, LEAD COUNSEL, or any other individuals or entities acting on YOUR behalf have communicated about this ACTION, CS DISCO, any Defendants, or the allegations in the COMPLAINT, state:

(a) the individual's name and last known mailing address, e-mail and telephone number(s);

(b) the individual's job title(s) at CS DISCO and date(s) each position was held; and

(c) whether the individual is one of the former employees referenced in paragraphs 19 through 21 of the COMPLAINT, and if so, the paragraph in which the individual is referenced.

**INTERROGATORY NO. 2:**

For each third party with whom YOU, LEAD COUNSEL, or any other individuals or entities acting on YOUR behalf have communicated about this ACTION, CS DISCO, any Defendants, or the allegations in the COMPLAINT, except for those identified in response to Interrogatory No. 1, state:

a) the individual's name and their last known mailing address, e-mail, and telephone number(s); and

b) the company with which the individual was affiliated at the time of the communication, if any, and their position at the company.

**INTERROGATORY NO. 3:**

With respect to any of the individuals identified in response to Interrogatory Nos. 1 and 2, identify each COMMUNICATION, including:

a) the means of each COMMUNICATION (e.g., in-person, video conference, email, phone, text, letter sent by mail, social media, etc.);

b) the date of each COMMUNICATION;

c) the duration of any verbal COMMUNICATIONS;

d) the name and affiliation of each PERSON present at the time of the

COMMUNICATION or who sent or received the COMMUNICATION; and

e) describe any written record(s) of such COMMUNICATION.

**INTERROGATORY NO. 4**

Identify all PERSONS whom you believe to have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**INTERROGATORY NO. 5:**

List each and every purchase or other acquisition, sale, short sale, pledge, securities lending transaction, or any other disposition of or transaction in CS DISCO SECURITIES by YOU over the past five (5) years, including the name of the purchasing entity, the date of the transaction, the type of transaction, the amount of stock or other securities subject to the transaction, and the cost or proceeds of any such sale or purchase.

**INTERROGATORY NO. 6:**

For each decision made to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES made by YOU or on YOUR behalf over the past five (5) years, describe the process by which the decision was made, all factors that contributed to the decision, and the date of each decision.

**INTERROGATORY NO. 7:**

Identify each PERSON involved in making each decision to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES on YOUR behalf over the past five (5) years, including but not limited to PERSONS involved in monitoring YOUR investment,

reviewing or maintaining information about CS DISCO, and listening to or reviewing Defendants'

public statements, and describe the nature of such PERSON's involvement.

**INTERROGATORY NO. 8:**

Identify all DOCUMENTS, COMMUNICATIONS, and any other information YOU, or

anyone acting on YOUR behalf, relied on, reviewed, or otherwise considered in making each

decision to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES

over the past five (5) years, including the date(s) of such reliance, review, or consideration.

**INTERROGATORY NO. 9:**

Identify each PERSON who is or was responsible for overseeing shareholder litigation in

which YOU are a party, considered becoming a party, or are otherwise involved, including making

decisions on whether to file a lawsuit or other legal proceeding and instructing outside counsel

regarding such litigation, the dates when such PERSON had these responsibilities, whether that

PERSON has any responsibilities with respect to this ACTION and, if so, the nature of such

PERSON's responsibilities as to this ACTION.

**INTERROGATORY NO. 10:**

IDENTIFY (by case name, jurisdiction, and case number) all lawsuits in which YOU have

ever been named as a plaintiff or a defendant, including those in which YOU have ever sought to

serve, or served, as a representative party on behalf of a class.

**INTERROGATORY NO. 11:**

Identify verbatim each statement YOU contend is false and/or misleading in connection

with YOUR claim that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5

promulgated thereunder, and Section 20(a) of the Exchange Act, including (i) the person who made

the statement, (ii) when the statement was made, (iii) where the statement was made (e.g., earnings

call, conference, etc.), and (iv) to the extent the statement is in a DOCUMENT filed with the Securities & Exchange Commission, each person who signed an accompanying certification.

**INTERROGATORY NO. 12:**

For each statement identified in response to Interrogatory No. 11, describe in detail how the statement was false or misleading when made, including any material fact that was omitted.

**INTERROGATORY NO. 13:**

For each statement identified in response to Interrogatory No. 11, explain in detail YOUR contention that the facts stated or omitted were material.

**INTERROGATORY NO. 14:**

For each statement identified in response to Interrogatory No. 11, IDENTIFY all DOCUMENTS supporting YOUR contention that the facts stated or omitted were material.

**INTERROGATORY NO. 15:**

For each statement identified in response to Interrogatory No. 11, explain in detail YOUR contention as to when and how the market learned the truth, including but not limited to the verbatim statement that revealed the truth, the PERSON who made the statement, and where the statement was made (e.g., earnings call, conference, etc.).

**INTERROGATORY NO. 36:**

Explain in detail YOUR contention that "Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market" or, alternatively, that "Plaintiff and the members of the Class are entitled to [a] presumption of reliance … as Defendants omitted material information … in violation of a duty to disclose such information,' as alleged in paragraphs 99 and 100 of the COMPLAINT.

-9-

**INTERROGATORY NO. 17:**

Explain in detail any direct or indirect interactions or relationship between YOU and any of the Defendants in this ACTION, including but not limited to communications with any Defendant or direct or indirect interactions with any Defendant.

**INTERROGATORY NO. 18:**

Explain in detail YOUR effort and time spent participating in, monitoring, supervising, and managing this ACTION, including but not limited to steps taken to monitor LEAD COUNSEL.

Dated: May 2, 2025                                     Respectfully submitted,

                                                      By: /s/ *Brett H. De Jarnette*
                                                      Patrick E. Gibbs
                                                      Admitted *Pro Hac Vice*
                                                      pgibbs@cooley.com
                                                      Brett H. De Jarnette
                                                      Admitted *Pro Hac Vice*
                                                      bdejarnette@cooley.com
                                                      Cooley LLP
                                                      3175 Hanover Street
                                                      Palo Alto, California 94304-1130
                                                      (650) 843-5000 (phone)
                                                      (650) 849-7400 (fax)

                                                      Peter D. Kennedy
                                                      Texas Bar No. 11296650
                                                      pkennedy@gdhm.com
                                                      Hailey L. Suggs
                                                      Texas Bar No. 24113497
                                                      hsuggs@gdhm.com
                                                      Graves, Dougherty, Hearon & Moody, P.C.
                                                      401 Congress Avenue, Suite 2700
                                                      Austin, Texas 78701
                                                      (512) 480-5764
                                                      (512) 480-9908 (Fax)

                                                      ***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that on the May 2, 2025, a true and correct copy of the foregoing document was e-mailed to counsel of record for Plaintiff.

*/s/ Estrella Garcia*
Estrella Garcia