## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR,<br><br>Defendants. | Case No. 1:24-cv-00028-DAE |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff Bert Pluymen ("Plaintiff"), by and through their undersigned counsel, hereby provide the following responses and objections to Defendants' First Requests for Production of Documents (hereafter the "Requests").

## GENERAL OBJECTIONS

The following General Objections are hereby incorporated into each of Plaintiff's responses as if fully set forth herein:

1. Plaintiff objects to each Request, Definition, and Instruction to the extent it purports to impose obligations on Plaintiff greater than or beyond those required by the Federal Rules of Civil Procedure and/or the Local Rules.

1

2.  Plaintiff objects to each Request to the extent it seeks documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. No waiver of any such privilege or immunity is intended by any production of documents by Plaintiff. Plaintiff will produce documents with the express condition that, in the event any document subject to any such privilege or immunity is inadvertently produced, such documents will be returned to Plaintiff pursuant to Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and any subsequent agreement regarding the inadvertent disclosure of privileged documents. Such inadvertent disclosure is further protected, and does not operate as a waiver, pursuant to Rule 502 of the Federal Rules of Evidence.

3.  Plaintiff objects to each Request to the extent it is overbroad, unduly burdensome, vague, ambiguous, intended to harass, and/or seeks documents not relevant to the claims or defenses in this litigation or not proportional to the needs of this litigation.

4.  Plaintiff objects to each Request to the extent documents requested are already in Defendants' possession, publicly available, found in the pleadings to this Action, or are available to Defendants from another source that is more convenient, less burdensome, or less expensive.

5.  Plaintiff objects to each Request to the extent it seeks documents prematurely, including, but not limited to, documents subject to expert discovery.

6.  Plaintiff objects to each Request to the extent it calls for legal conclusions or arguments, or to the extent that it seeks documents concerning Plaintiff's factual and legal contentions in this Action, as premature at this stage of the litigation, when discovery is ongoing and

2

Exhibit C - Page 3 of 38

the record has not yet been fully developed principally because Defendants have not substantially complied with their obligations to produce documents on a rolling basis.

7. Plaintiff objects to each Request as unduly burdensome to the extent it is duplicative and repetitive of another Request.

8. Plaintiff's failure to object on a particular ground or grounds shall not be construed as a waiver of Plaintiff's rights to object on those or any additional grounds.

9. Plaintiff's responses and objections to Defendants' requests, including any production of any document in response to the Requests, is not intended to be and shall not be deemed an admission of the matters stated, implied, or assumed, including as to relevance or admissibility in this Action.

10. Plaintiff objects to the Requests to the extent they improperly seek identification or production of "all" documents or "any" documents with respect to particular Requests, on the grounds that such Requests are vague and overbroad and not tailored to relevant subject matter. It may be impossible to locate "all" or "any" document or item of information responsive to such discovery requests.

11. Plaintiff reserves the right to revise, supplement, withdraw, or modify these Responses in accordance with the Federal Rules of Civil Procedure.

12. Any statement herein that "Plaintiff will, after a reasonable search, produce responsive, non-privileged documents in their possession, custody, or control" or the substantive equivalent, means that Plaintiff will conduct a reasonable search for documents where Plaintiff believe such documents are likely to be located and where such documents have not already been produced. Plaintiff does not by that language assert that he has determined that any such documents actually exist.

13. Plaintiff objects to the term "CS Disco security" on the ground that it is overly broad, vague, ambiguous, and unduly burdensome. Plaintiff will interpret "CS Disco security" to mean CS Disco common stock, and any underlying options related to CS Disco's common stock.

14. Plaintiff objects to each Request for Production to the extent it seeks to impose an obligation for them to identify or produce documents outside of their own possession, custody or control. Plaintiff limits his Responses to themselves and documents within their own possession, custody or control. Plaintiff objects to any attempt to interpose an obligation upon them to seek documents from any third party that is not within their control, including their brokers, and undertake no duty to create documents responsive to any Request.

15. Plaintiff objects to the Instructions to the extent that they seeks to impose obligations on Plaintiff that are inconsistent with or go beyond what is required by the Federal Rules of Civil Procedure.

**SPECIFIC OBJECTIONS AND RESPONSES**

**REQUEST FOR PRODUCTION NUMBER 1**

All DOCUMENTS (including without limitation confirmation slips, brokerage house records, monthly brokerage account statements, and stock certificates) sufficient to identify (including number of shares, date, price, seller or buyer if known, and form of transaction) all of YOUR purchases or other acquisitions, sales, short sales, pledges, securities lending transactions, or any other dispositions of or transaction in CS DISCO SECURITIES. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 1**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff.  Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the General Objections and specific objections herein, Plaintiff will produce non-privileged, non-protected documents in their possession sufficient to show their transactions in CS Disco Securities.

**REQUEST FOR PRODUCTION NUMBER 2**

All DOCUMENTS and COMMUNICATIONS CONCERNING YOUR decision(s) whether or not to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 2**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during

5

the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

## REQUEST FOR PRODUCTION NUMBER 3

All DOCUMENTS YOU created, considered, read, reviewed, obtained, received, or otherwise acquired in connection with YOUR decision(s) to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES, or that influenced such decision(s). This request is made without limitation as to time.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 3

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

## REQUEST FOR PRODUCTION NUMBER 4

DOCUMENTS and COMMUNICATIONS sufficient to show YOUR methodology for determining whether or not to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 4**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 5**

All DOCUMENTS CONCERNING YOUR policies, philosophies, strategies, and practices during the last five (5) years CONCERNING whether, when, or under what circumstances to institute litigation against anyone regarding YOUR investments or investment losses.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 5**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in

7

time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege or the attorney work-product doctrine, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff and documents that were obtained by Plaintiff's counsel during the course of investigating or litigating this Action. Further, the selection and ordering of such documents would reveal counsel's mental impressions, and such documents are therefore protected work product.

## REQUEST FOR PRODUCTION NUMBER 6

DOCUMENTS sufficient to identify each PERSON (including without limitation any investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of CS DISCO SECURITIES on YOUR behalf) who made or participated in YOUR decision(s) to acquire and/or sell CS DISCO SECURITIES. This request is made without limitation as to time.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 6

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not

8

concern the allegations in this case.

Subject to and without waiving the General Objections and specific objections herein, Plaintiff avers that no person described in this request exists.

## REQUEST FOR PRODUCTION NUMBER 7

DOCUMENTS sufficient to describe YOUR relationship with any PERSON identified in response to Request No. 6, including without limitation any written agreement giving such PERSON authority to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES on YOUR behalf. This request is made without limitation as to time.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 7

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the General Objections and specific objections herein, Plaintiff avers that no person described in this request exists.

## REQUEST FOR PRODUCTION NUMBER 8

All DOCUMENTS CONCERNING any information which YOU used or relied upon in purchasing, selling, trading, holding, or otherwise acquiring or disposing of CS DISCO

SECURITIES, including advice received from investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of CS DISCO SECURITIES on YOUR behalf. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 8**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 9**

All DOCUMENTS CONCERNING COMMUNICATIONS between YOU and any other PERSON (including without limitation any member of the putative plaintiff class, investment advisors, brokers, analysts, portfolio managers, or any other PERSON who has purchased, sold, traded, held, or otherwise acquired or disposed of CS DISCO SECURITIES on YOUR behalf) CONCERNING CS DISCO SECURITIES, any of the Defendants, or this ACTION. This request is made without limitation as to time.

10

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 9

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

## REQUEST FOR PRODUCTION NUMBER 10

All DOCUMENTS CONCERNING YOUR investment practices, policies, procedures, guidelines, or strategies in the last five (5) years, including all statements of investment practices, policies, procedures, guidelines or strategies prepared by or for YOU or given or imposed on any investment manager or broker through which YOU have transacted in CS DISCO SECURITIES.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 10

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time to the Relevant Period. and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks

11

documents protected by the attorney client privilege or attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Subject to and without waiving the General Objections and specific objections herein, Plaintiff avers that no such documents exist.

**REQUEST FOR PRODUCTION NUMBER 11**

\DOCUMENTS sufficient to show the size and performance of YOUR investment portfolio in the last five (5) years, including, but not limited to, a complete listing of each investment in YOUR investment portfolio(s)

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 11**

Plaintiff objects to the foregoing request as ambiguous, overly broad, and unduly burdensome in that it seeks documents not relevant to any claim or defense in this action. Plaintiff's investments in securities other than those of CS Disco have no relevance to any claim or defense in this matter and is neither calculated to obtain discoverable evidence nor is it proportionate to the needs of the case.

Subject to and without waiving the General Objections and specific objections herein, Plaintiff will produce documents in their possession sufficient to show their transactions in CS Disco Securities.

**REQUEST FOR PRODUCTION NUMBER 12**

All DOCUMENTS and COMMUNICATIONS CONCERNING this ACTION, any Defendant, CS DISCO, or CS DISCO's past or present directors, boards of directors, committees,

12

officers, agents, employees, representatives, attorneys, or any other PERSON purporting to act on any Defendant's behalf. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 12**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 13**

All DOCUMENTS and COMMUNICATIONS CONCERNING any INVESTIGATION, whether formal or informal, conducted by YOU, LEAD COUNSEL, or another PERSON acting on YOUR behalf or on the behalf of any member of the putative class CONCERNING any allegation in the COMPLAINT. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 13**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in

13

time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

## REQUEST FOR PRODUCTION NUMBER 14

All DOCUMENTS and COMMUNICATIONS CONCERNING any named PERSON quoted or referenced in the COMPLAINT. This request is made without limitation as to time.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 14

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff. Plaintiff will withhold Documents: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and

14

confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 15**

All DOCUMENTS CONCERNING the former employees – FE-1, FE-2, FE-3 – referenced in paragraphs 19 through 21 of the COMPLAINT, including but not limited to DOCUMENTS reflecting the identity of the former employees, all information obtained from the former employees, all information provided to the former employees, all COMMUNICATIONS with the former employees, and summaries, memoranda, or notes relating to all COMMUNICATIONS with the former employees. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 15**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent it seeks documents protected by the attorney client privilege or attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants regarding this request.

**REQUEST FOR PRODUCTION NUMBER 16**

All DOCUMENTS CONCERNING any discoverable information relevant to any of the pleadings in this ACTION, including those that support or refute the allegations of the COMPLAINT or Defendants' ANSWER and all DOCUMENTS YOU intend to or are considering

using at trial, that have not been produced in response to another document request. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 16**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege or the attorney work-product doctrine, including documents that were obtained by Plaintiff's counsel during the course of investigating or litigating this Action. Plaintiff further objects to this Request as it is duplicative and cumulative of other Requests.

Plaintiff objects to this Request to the extent that it seeks documents that are publicly available, such as SEC filings, conference and earnings call transcripts, press releases, analyst reports, news articles, and publicly available documents from governmental agencies because they are equally available to Defendants, or are already in Defendants' possession, custody, or control. Further, the selection of such documents would reveal counsel's mental impressions, and such documents are therefore protected work product.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 17**

All DOCUMENTS and COMMUNICATIONS CONCERNING any of the allegedly false and/or misleading statements that are the subject of this ACTION, including those identified in the COMPLAINT. This request is made without limitation as to time.

16

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 17**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege or the attorney work-product doctrine, including documents that were obtained by Plaintiff's counsel during the course of investigating or litigating this Action. Plaintiff further objects to this Request as it is duplicative and cumulative of other Requests.

Plaintiff objects to this Request to the extent that it seeks documents that are publicly available, such as SEC filings, conference and earnings call transcripts, press releases, analyst reports, news articles, and publicly available documents from governmental agencies because they are equally available to Defendants, or are already in Defendants' possession, custody, or control. Further, the selection of such documents would reveal counsel's mental impressions, and such documents are therefore protected work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 18**

All DOCUMENTS and COMMUNICATIONS CONCERNING any alleged corrective disclosures referenced in the COMPLAINT. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 18**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in

17

time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege or the attorney work-product doctrine, including documents that were obtained by Plaintiff's counsel during the course of investigating or litigating this Action. Plaintiff further objects to this Request as it is duplicative and cumulative of other Requests.

Plaintiff objects to this Request to the extent that it seeks documents that are publicly available, such as SEC filings, conference and earnings call transcripts, press releases, analyst reports, news articles, and publicly available documents from governmental agencies because they are equally available to Defendants, or are already in Defendants' possession, custody, or control. Further, the selection of such documents would reveal counsel's mental impressions, and such documents are therefore protected work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

## REQUEST FOR PRODUCTION NUMBER 19

All DOCUMENTS and COMMUNICATIONS CONCERNING market reaction to the allegedly false and/or misleading statements or alleged corrective disclosures that are the subject of this ACTION, including any market analyst reports that YOU reviewed in preparing, or which are referenced in, the COMPLAINT. This request is made without limitation as to time.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 19

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations

in this case. Plaintiff further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege or the attorney work-product doctrine, including documents that were obtained by Plaintiff's counsel during the course of investigating or litigating this Action. Plaintiff further objects to this Request as it is duplicative and cumulative of other Requests.

Plaintiff objects to this Request to the extent that it seeks documents that are publicly available, such as SEC filings, conference and earnings call transcripts, press releases, analyst reports, news articles, and publicly available documents from governmental agencies because they are equally available to Defendants, or are already in Defendants' possession, custody, or control. Further, the selection of such documents would reveal counsel's mental impressions, and such documents are therefore protected work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

## REQUEST FOR PRODUCTION NUMBER 20

All DOCUMENTS CONCERNING YOUR alleged damages claimed in this ACTION, including DOCUMENTS CONCERNING the causation of damages, the amount of damages allegedly suffered, and any method or formula that YOU, LEAD COUNSEL, or another PERSON proposes to use to calculate class-wide damages. This request is made without limitation as to time.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 20

Plaintiff objects to this Request to the extent that it is cumulative of other requests and, to the extent it will be the subject of expert discovery, that it is premature at this time.

19

Subject to and without waiving the General Objections and specific objections herein, Plaintiff will produce non-privileged, non-protected documents in their possession sufficient to show the performance of their transactions in CS Disco Securities.  With respect to responsive documents related to expert testimony, Plaintiff will produce non-privileged, non-protected responsive documents in his possession or custody in accordance with the Court's Scheduling Order, the Federal Rules of Civil Procedure, the Local Civil Rules and the Federal Rules of Evidence.

**REQUEST FOR PRODUCTION NUMBER 21**

All DOCUMENTS in YOUR possession, or in the possession of LEAD COUNSEL attorneys, that YOU intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this ACTION or any other proceedings in this ACTION, including any DOCUMENTS considered by an expert or relied upon as a basis for any expert opinion. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 21**

Plaintiff objects to this Request to the extent that it is cumulative of other requests and, to the extent it will be the subject of expert discovery, that it is premature at this time.

Subject to and without waiving the General Objections and specific objections herein, Plaintiff will produce non-privileged, non-protected documents in their possession sufficient to show the performance of their transactions in CS Disco Securities.  With respect to responsive documents related to expert testimony, Plaintiff will produce non-privileged, non-protected responsive documents in his possession or custody in accordance with the Court's Scheduling Order, the Federal Rules of Civil Procedure, the Local Civil Rules and the Federal Rules of

20

Exhibit C - Page 21 of 38

Evidence.

## REQUEST FOR PRODUCTION NUMBER 22

All DOCUMENTS cited in, referred to, or quoted in the COMPLAINT. This request is made without limitation as to time.

## RESPONSE TO REQUEST FOR PRODUCTION NUMBER 22

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks documents that are protected from discovery by the attorney-client privilege or the attorney work-product doctrine, including documents that were obtained by Plaintiff's counsel during the course of investigating or litigating this Action. Plaintiff further objects to this Request as it is duplicative and cumulative of other Requests.

Plaintiff objects to this Request to the extent that it seeks documents that are publicly available, such as SEC filings, conference and earnings call transcripts, press releases, analyst reports, news articles, and publicly available documents from governmental agencies because they are equally available to Defendants, or are already in Defendants' possession, custody, or control. Further, the selection of such documents would reveal counsel's mental impressions, and such documents are therefore protected work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 23**

All DOCUMENTS and COMMUNICATIONS CONCERNING any PERSON in LEAD PLAINTIFF'S disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 23**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case.

Plaintiff further objects to this Request to the extent it seeks documents protected by the spousal communication privilege, the attorney work product doctrine, and any other applicable privilege or protection, including documents that were prepared by Plaintiff's counsel and/or any agent of Plaintiff's counsel during the course of investigating or litigating this Action or communicating with Plaintiff.

Plaintiff also object to this Request to the extent that it seeks documents that are publicly available, such as SEC filings, conference and earnings call transcripts, press releases, analyst reports, news articles, and publicly available documents from governmental agencies because they are equally available to Defendants, or are already in Defendants' possession, custody, or control. Plaintiff further objects to this Request as it is duplicative and cumulative of other Requests.

Subject to and without waiving the General Objections and specific objections herein, Plaintiff will produce documents in their possession sufficient to show their transactions in CS Disco Securities.

22

**REQUEST FOR PRODUCTION NUMBER 24**

All DOCUMENTS CONCERNING YOUR participation as a plaintiff or as a named representative of the putative plaintiff class in this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 24**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 25**

All DOCUMENTS CONCERNING the actual, promised, or expected receipt by YOU of anything of value from any PERSON in connection with YOUR service as LEAD PLAINTIFF in this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 25**

Plaintiff avers that no such documents exist.

**REQUEST FOR PRODUCTION NUMBER 26**

All DOCUMENTS CONCERNING the date and circumstances of YOUR retention of

23

LEAD COUNSEL in connection with this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 26**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 27**

All DOCUMENTS CONCERNING written agreements (financial or otherwise) between YOU and LEAD COUNSEL (including without limitation any retention or fee agreement regarding this ACTION and/or regarding any other services such as stock-portfolio monitoring). This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 27**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this

24

Exhibit C - Page 25 of 38

Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff will produce his retainer agreement.

**REQUEST FOR PRODUCTION NUMBER 28**

Any DOCUMENTS CONCERNING any understanding, contract, or agreement (financial or otherwise) between YOU and any other putative class member in this ACTION, including any other plaintiff who sought to be appointed lead plaintiff in this Action. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 28**

Plaintiff avers that no such documents exist.

**REQUEST FOR PRODUCTION NUMBER 29**

DOCUMENTS sufficient to show any common interest agreement YOU, or anyone acting on YOUR behalf, have entered into related to CS DISCO or this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 29**

Plaintiff avers that no such documents exist.

**REQUEST FOR PRODUCTION NUMBER 30**

DOCUMENTS CONCERNING YOUR past, present, or prospective participation as a named representative of a class or putative class in any other lawsuit, arbitration, administrative proceeding, or other legal proceeding or action (including all pleadings and all DOCUMENTS CONCERNING your application(s) for appointment as class representative and the certification or denial of your application(s) for appointment as class representative). This request is made

without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 30**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 31**

All transcripts of testimony, affidavits, declarations, or statements made by YOU or on YOUR behalf in any lawsuit, arbitration, administrative proceeding, or any other legal proceeding or action in which YOU participated or attempted to participate as a named representative of a class or putative class or in any litigation brought through the securities laws of the United States or any other country. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 31**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this

26

Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 32**

All DOCUMENTS CONCERNING any settlement agreements YOU have entered into or payments YOU have received in any other action styled as a class action brought in any federal or state court in which YOU were or are the plaintiff. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 32**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff also objects to this request on the ground that the term "plaintiff" is ambiguous, as it could refer to a representative plaintiff or a passive class member. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 33**

All DOCUMENTS and COMMUNICATIONS CONCERNING any policy, procedure, or practice for the preservation, retention, destruction, or recycling of DOCUMENTS or ESI relevant

27

to this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 33**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 34**

ALL DOCUMENTS and COMMUNICATIONS CONCERNING any direct or indirect interactions or relationship between YOU and any of the Defendants in this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 34**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff is willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 35**

DOCUMENTS sufficient to identify any investigation by any state or federal enforcement or regulatory agency into YOUR conduct during the last ten (10) years.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 35**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 36**

All DOCUMENTS CONCERNING YOUR COMMUNICATIONS with any of the DEFENDANTS in this ACTION, without limitation as to time, including, but not limited to, COMMUNICATIONS between YOU and CS DISCO, its board of directors, officers, employees, agents, attorneys, or representatives. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 36**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in

29

Exhibit C - Page 30 of 38

time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

.

**REQUEST FOR PRODUCTION NUMBER 37**

All DOCUMENTS constituting or CONCERNING any COMMUNICATIONS between YOU (or anyone acting on YOUR behalf) and any PERSON (other than YOUR counsel of record in this ACTION) CONCERNING this ACTION, any DEFENDANT, any matter alleged in the COMPLAINT, or any other complaint filed in this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 37**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and

confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 38**

All DOCUMENTS received by YOU (or anyone acting on YOUR behalf) directly or indirectly from any current or former CS DICSO employee. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 38**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 39**

All DOCUMENTS CONCERNING any statement made by YOU CONCERNING this ACTION, any DEFENDANT, any matter alleged in the COMPLAINT, or any other complaint filed in this ACTION on the Internet or social media within the last five (5) years.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 39**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations

31

Exhibit C - Page 32 of 38

in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 40**

All DOCUMENTS, without limitation as to time, reflecting any knowledge YOU had at any time YOU purchased CS DISCO SECURITIES during the Class Period of any matter that YOU allege was misrepresented in or misleadingly omitted from DEFENDANTS' public statements. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 40**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 41**

All DOCUMENTS reflecting or showing that YOU relied upon any alleged false or

misleading statement(s) referenced in the COMPLAINT in purchasing CS DISCO SECURITIES. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 41**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 42**

To the extent not produced in response to the foregoing, ALL DOCUMENTS CONCERNING CS DISCO. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 42**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible

**REQUEST FOR PRODUCTION NUMBER 436**

All DOCUMENTS produced by any non-party in response to any subpoena served by YOU on a non-party related to this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 436**

Plaintiff has not received any documents in response to a third party subpoena at this time but will produce such documents if they are received.

**REQUEST FOR PRODUCTION NUMBER 447**

DOCUMENTS sufficient to show any occasion, in the last ten (10) years, on which YOU have:

a. been accused or convicted of any crime;

b. filed for protection under the bankruptcy laws, been subject to an involuntary bankruptcy proceeding, or been found bankrupt or insolvent; or

c. been named as a defendant in any criminal, civil, administrative, or regulatory action alleging fraud, a violation of securities laws, or breach of fiduciary duties.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 447**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or

34

attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 458**

DOCUMENTS sufficient to show any occasion, in the last ten (10) years, on which YOU or LEAD COUNSEL have been sanctioned pursuant to Rule 11 or any analogous provision.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 458**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 469**

All DOCUMENTS reviewed or relied upon in connection with preparing LEAD PLAINTIFF'S responses to Interrogatories propounded by DEFENDANTS in this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 469**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in

35

time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff are willing to meet and confer with Defendants to attempt to narrow this Request, if possible.

**REQUEST FOR PRODUCTION NUMBER 4710**

All DOCUMENTS referenced in LEAD PLAINTIFF'S responses to Interrogatories propounded by DEFENDANTS in this ACTION. This request is made without limitation as to time.

**RESPONSE TO REQUEST FOR PRODUCTION NUMBER 4710**

Plaintiff objects to this Request to the extent it is not relevant to the parties' claims and defenses and is overbroad and not proportional to the needs of the case because it is not limited in time and to the extent it seeks Documents and Communications that do not concern the allegations in this case. Plaintiff will withhold Documents and Communications: (a) outside of the Relevant Time Period; or (b) that do not concern the allegations in this case. Plaintiff further objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege or attorney work product.

Subject to and without waiving the foregoing objections, Plaintiff will produce non-privileged documents referenced in Plaintiff's Responses to Interrogatories, if any.

36

Dated:  June 25, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Stern
Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jstern@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

-and-

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Phone: (214) 744-3000
Fax: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Liaison Counsel for Lead Plaintiff and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2025, a true and correct copy of the foregoing document was e-mailed to all counsel of record.


*/s/ Jonathan Stern*
Jonathan Stern