**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 1:24-cv-00028-DAE |

**PLAINTIFF'S OBJECTIONS AND RESPONSES**
**TO THE DEFENDANTS' FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("Federal Rules"), Lead Plaintiff Bert Pluymen ("Plaintiff"), by and through their undersigned attorneys, The Rosen Law Firm, P.A., hereby respond and object to the First Set of Interrogatories (the "Interrogatories"), served on February 10, 2023, by Defendants CS Disco, Kiwi Camara, and Michael Lafair (collectively, the "Defendants"), as follows:

**PRELIMINARY STATEMENT**

Plaintiff's answers and objections to the Interrogatories, set forth below, are provided without prejudice to Plaintiff's rights at trial or other proceedings, and Plaintiff therefore reserves the right to object to: (a) the use of these answers and objections on the basis of privilege, relevancy, materiality, admissibility, or any other applicable objection; and/or (b) any other

1

demand for discovery involving or relating to the matters raised in the Interrogatories or the information or the documents produced in response to the Interrogatories. Additionally, Plaintiff's answers and objections to the Interrogatories are made based on information and documents in Plaintiff's possession, custody, or control at the time of service of these answers and objections, and Plaintiff reserves the right to supplement or modify their answers based upon any information or documents that may later be recalled, discovered, or produced.

No incidental or implied admissions are intended in these answers. Plaintiff's answers to all or any part of the Interrogatories should not be taken as an admission that: (i) Plaintiff accepts or admits the existence of any fact(s) set forth or assumed by the Interrogatory; (ii) Plaintiff has in their possession, custody, or control any information responsive to the Interrogatory; or (iii) Plaintiff's answers constitute admissible evidence. Plaintiff's answers to all or any part of any Interrogatory are not intended to be, and shall not be, a waiver by Plaintiff of all or any part of the objection(s) to that Interrogatory.

**GENERAL OBJECTIONS**

1.      Plaintiff objects to the Interrogatories, as well as the Definitions, and Instructions contained within them, to the extent they purport to impose obligations upon Plaintiffs that are greater than or beyond those required by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, and/or the Court's Orders in this Action. Any responses to the Interrogatories will comply with the requirements of the Federal Rules of Civil Procedure, the Local Rules and the Orders entered in this Action.

2.      Plaintiff further objects to the Interrogatories, as well as the Definitions, and Instructions contained within them to the extent that they seek discovery of information or documents protected by the attorney-client privilege, the work-product doctrine, or any other

2

applicable privilege or immunity. Plaintiff will not produce protected or privileged information or otherwise reveal any privileged information in response to the Interrogatories. Plaintiff's answers to the Interrogatories are not intended to, nor shall operate as, a waiver by Plaintiff, either intentionally or unintentionally, of the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity.

3.      Plaintiff further objects to the Interrogatories to the extent they call for legal conclusions or arguments, and to the extent that they seek information concerning Plaintiff's factual and legal contentions in this Action. Such inquiries are premature at this stage of the litigation, when discovery has barely begun with a substantial delay in the production of documents by Defendants in violation of the Court's Scheduling Order, and the record has not yet been fully developed.

4.      Plaintiff further objects to the Interrogatories to the extent they prematurely seek any information or responses related to possible expert testimony or opinion prior to the designation of testifying experts and that are otherwise inconsistent with Fed. R. Civ. P. 26.

5.      Plaintiff further objects to the Interrogatories because discovery is not yet complete, and Defendants have not complied with their obligation to produce documents on a rolling basis, and thus Plaintiffs have not yet had access to all the facts that may be necessary to provide a complete response to these Interrogatories.

6.      Plaintiff further objects to the Interrogatories to the extent they contain compound questions with multiple, discrete subparts or questions that must be counted separately.

7.      Plaintiff further objects to the Interrogatories to the extent that they seek documents or information that can already be found in the pleadings in this Action, or that are already in Defendants' possession, custody, or control, or to the extent that the information or documents

sought may be derived from publicly available information, including documents created or published by Defendants, whether or not the documents contained Defendants' own false statements, or where the burden of deriving the responsive information is substantially the same for Defendants as it is for Plaintiff.

8.      Plaintiff further objects to the Interrogatories to the extent that they are overbroad, unduly burdensome, intended solely to harass, and/or seek information irrelevant to the claim or defense of any party and/or otherwise not proportional to the needs of this litigation.

9.      Plaintiff further objects to the Interrogatories as burdensome to the extent they are duplicative and repetitive of another Interrogatory, or to the extent they seek information that is duplicative of information that will be provided in connection with Plaintiff's responses to Defendants' request for the production of documents.

10.     Plaintiff further objects to Defendants' definition of the term "You" or "Your" to the extent they include Plaintiff's attorneys, which makes these Interrogatories overbroad and unduly burdensome, and improper insofar as they seek information protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrines.

11.     Plaintiff further objects to Defendants' definition of the term "CS Disco Security" on the grounds that it is overly broad, vague, ambiguous, and unduly burdensome. Plaintiff will interpret "CS Disco Security" to mean CS Disco's common stock, and any underlying options related to CS Disco common stock.

12.     Plaintiff's Objections and Responses are based upon the Plaintiff's understanding of the Interrogatories and the specific language employed by Defendants.  To the extent it may later be determined that any of the Interrogatories were intended to be construed in a manner different from Plaintiff's interpretation at the time of service of these responses, Plaintiff reserves

4

the right to amend these responses.

13.    The responses below are based on Plaintiff's knowledge as of the date these Objections and Responses are served.  Plaintiff notes that discovery has just commenced and reserve the right to supplement, revise, correct, add to, clarify, or amend the objections, answers, or responses set forth herein.

14.    Plaintiff provide these responses and any information and documents without waiver of, or prejudice to, the right at any later time to raise objections to: (a) the competence, relevance, materiality, privilege, or admissibility of any information or document provided or produced pursuant to the responses and answers below; (b) the vagueness, ambiguity or other infirmity in the form of the Interrogatories and any objections based on the undue burden imposed by the Interrogatories; (c) the use of any of the responses, or their subject matter, in any proceedings, including the trial of this or any other action involving or relating to the matters raised in the Interrogatories or the information or the documents produced in response to the Interrogatories; (d) the right to object on any ground to any further Interrogatories or request for discovery involving or related to the subject matter of the Interrogatories; (e) the right to supplement responses to the Interrogatories prior to trial; and (f) any and all privileges and/or rights under the Federal Rules of Civil Procedure and other statutes, guidelines, common law or other applicable laws.

15.    All of Plaintiff's General Objections shall be deemed applicable to each of the responses to the specific Interrogatories set forth below, even when not referred to in those responses.

16.    Plaintiff believes that the answers below provide Defendants with all of the requested information in Plaintiff's possession except where subject to an objection. Plaintiff,

5

however, is willing to meet and confer (through counsel) if Defendants so desire.

## RESPONSES AND SPECIFIC OBJECTIONS

### INTERROGATORY NO. 1:

With respect to each former or current employee of CS DISCO with whom YOU, LEAD COUNSEL, or any other individuals or entities acting on YOUR behalf have communicated about this ACTION, CS DISCO, any Defendants, or the allegations in the COMPLAINT, state:

(a) the individual's name and last known mailing address, e-mail and telephone number(s);

(b) the individual's job title(s) at CS DISCO and date(s) each position was held; and

(c) whether the individual is one of the former employees referenced in paragraphs 19 through 21 of the COMPLAINT, and if so, the paragraph in which the individual is referenced.

### RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this interrogatory because it is not limited as to time and is overly broad in that it seeks matters not relevant to the subject matter of the litigation. Plaintiff also objects that this is a compound interrogatory consisting of at least three sub-parts. Plaintiff also objects that this interrogatory seeks information protected by attorney client and/or work-product privilege. Plaintiff further objects that this request seeks sensitive confidential information. Nevertheless, and without waiving the foregoing objections, Plaintiff is willing to meet and confer regarding an appropriate means of narrowing the foregoing interrogatory, subject to the entry of a confidentiality agreement in this action.

### INTERROGATORY NO. 2:

For each third party with whom YOU, LEAD COUNSEL, or any other individuals or entities acting on YOUR behalf have communicated about this ACTION, CS DISCO, any Defendants, or the allegations in the COMPLAINT, except for those identified in response to

6

Interrogatory No. 1, state:

a) the individual's name and their last known mailing address, e-mail, and telephone number(s); and

b) the company with which the individual was affiliated at the time of the communication, if any, and their position at the company.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory because it is not limited as to time and is overly broad in that it seeks matters not relevant to the subject matter of the litigation. Plaintiff also objects that this is a compound interrogatory consisting of at least two sub-parts. Plaintiff also objects that this interrogatory seeks information protected by attorney client and/or work-product privilege. Plaintiff further objects that this request seeks sensitive confidential information. Nevertheless, and without waiving the foregoing objections, Plaintiff is willing to meet and confer regarding an appropriate means of narrowing the foregoing interrogatory, subject to the entry of a confidentiality agreement in this action.

**INTERROGATORY NO. 3:**

With respect to any of the individuals identified in response to Interrogatory Nos. 1 and 2, identify each COMMUNICATION, including:

a) the means of each COMMUNICATION (e.g., in-person, video conference, email, phone, text, letter sent by mail, social media, etc.);

b) the date of each COMMUNICATION;

c) the duration of any verbal COMMUNICATIONS;

d) the name and affiliation of each PERSON present at the time of the

7

COMMUNICATION or who sent or received the COMMUNICATION; and

e) describe any written record(s) of such COMMUNICATION.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory because it is not limited as to time and is overly broad in that it seeks matters not relevant to the subject matter of the litigation. Plaintiff also objects that this is a compound interrogatory consisting of at least five sub-parts. Plaintiff also objects that this interrogatory seeks information protected by attorney client and/or work-product privilege. Plaintiff further objects that this request seeks sensitive confidential information. Nevertheless, and without waiving the foregoing objections, Plaintiff is willing to meet and confer regarding an appropriate means of narrowing the foregoing interrogatory, subject to the entry of a confidentiality agreement in this action.

**INTERROGATORY NO. 4:**

Identify all PERSONS whom you believe to have knowledge of relevant facts and identify the issues upon which you believe they have knowledge.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory because it is not limited as to time and is vague, as it does not define "relevant facts". Plaintiff also objects that this interrogatory seeks information protected by attorney client and/or work-product privilege. Plaintiff further objects that this request seeks sensitive confidential information. Nevertheless, and without waiving the foregoing objections, Plaintiff is willing to meet and confer regarding an appropriate means of narrowing the foregoing interrogatory, subject to the entry of a confidentiality agreement in this action.

**INTERROGATORY NO. 5:**

List each and every purchase or other acquisition, sale, short sale, pledge, securities lending

8

transaction, or any other disposition of or transaction in CS DISCO SECURITIES by YOU over the past five (5) years, including the name of the purchasing entity, the date of the transaction, the type of transaction, the amount of stock or other securities subject to the transaction, and the cost or proceeds of any such sale or purchase.

**RESPONSE TO INTERROGATORY NO. 5:**

Plaintiff objects that this request is overly broad and unduly burdensome, in that it requests information regarding an excessively long time period. Nevertheless, and without waiving the foregoing objections, Plaintiff will produce documents sufficient to show all class period transactions in CS Disco securities in response to Defendants' Document Requests.

**INTERROGATORY NO. 6:**

For each decision made to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES made by YOU or on YOUR behalf over the past five (5) years, describe the process by which the decision was made, all factors that contributed to the decision, and the date of each decision.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects that this request is overly broad and unduly burdensome, in that it requests information regarding an excessively long time period. Nevertheless, and without waiving the foregoing objections, Plaintiff avers that he purchased CS Disco Securities because, due to his experience as an attorney, he was aware of the logistical burden of document discovery and believed that a service that streamlined that process through software could be valuable.

**INTERROGATORY NO. 7:**

Identify each PERSON involved in making each decision to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES on YOUR behalf over the past five (5)

years, including but not limited to PERSONS involved in monitoring YOUR investment, reviewing or maintaining information about CS DISCO, and listening to or reviewing Defendants' public statements, and describe the nature of such PERSON's involvement.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects that this request is overly broad and unduly burdensome, in that it requests information regarding an excessively long time period. Nevertheless, and without waiving the foregoing objection, Plaintiff avers that no such person exists.

**INTERROGATORY NO. 8:**

Identify all DOCUMENTS, COMMUNICATIONS, and any other information YOU, or anyone acting on YOUR behalf, relied on, reviewed, or otherwise considered in making each decision to purchase, sell, trade, hold, or otherwise acquire or dispose of CS DISCO SECURITIES over the past five (5) years, including the date(s) of such reliance, review, or consideration.

**RESPONSE TO INTERROGATORY NO. 8:**

Plaintiff objects that this request is overly broad and unduly burdensome, in that it requests information regarding an excessively long time period. Nevertheless, and without waiving the foregoing objection, Plaintiff avers that no such person exists.

**INTERROGATORY NO. 9:**

Identify each PERSON who is or was responsible for overseeing shareholder litigation in which YOU are a party, considered becoming a party, or are otherwise involved, including making decisions on whether to file a lawsuit or other legal proceeding and instructing outside counsel regarding such litigation, the dates when such PERSON had these responsibilities, whether that PERSON has any responsibilities with respect to this ACTION and, if so, the nature of such PERSON's responsibilities as to this ACTION.

10

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects that this request is overly broad and unduly burdensome, in that it requests information regarding an excessively long time period. Nevertheless, and without waiving the foregoing objection, Plaintiff avers that no such person exists other than Plaintiff and his counsel.

**INTERROGATORY NO. 10:**

IDENTIFY (by case name, jurisdiction, and case number) all lawsuits in which YOU have ever been named as a plaintiff or a defendant, including those in which YOU have ever sought to serve, or served, as a representative party on behalf of a class.

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff objects that this request is overly broad and unduly burdensome, in that it is not limited as to time period or subject matter. Nevertheless, and without waiving the foregoing objection, Plaintiff is willing to meet and confer to appropriately narrow the foregoing interrogatory.

**INTERROGATORY NO. 11:**

Identify verbatim each statement YOU contend is false and/or misleading in connection with YOUR claim that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Section 20(a) of the Exchange Act, including (i) the person who made the statement, (ii) when the statement was made, (iii) where the statement was made (e.g., earnings all, conference, etc.), and (iv) to the extent the statement is in a DOCUMENT filed with the Securities & Exchange Commission, each person who signed an accompanying certification.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects that this is a compound interrogatory with at least four sub-parts. Plaintiff further objects on the ground that the Interrogatory is a premature contention interrogatory in that

11

it asks for Plaintiff to identify statements Plaintiff contends are misleading. Plaintiff will update his response to this Interrogatory after the close of fact discovery.

**INTERROGATORY NO. 12:**

For each statement identified in response to Interrogatory No. 11, describe in detail how the statement was false or misleading when made, including any material fact that was omitted.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff further objects on the ground that the Interrogatory is a premature contention interrogatory in that it asks for Plaintiff to identify statements Plaintiff contends are misleading. Plaintiff will update his response to this Interrogatory after the close of fact discovery.

**INTERROGATORY NO. 13:**

For each statement identified in response to Interrogatory No. 11, explain in detail YOUR contention that the facts stated or omitted were material.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff further objects on the ground that the Interrogatory is a premature contention interrogatory in that it asks for Plaintiff to identify statements Plaintiff contends are misleading. Plaintiff will update his response to this Interrogatory after the close of fact discovery.

**INTERROGATORY NO. 14:**

For each statement identified in response to Interrogatory No. 11, IDENTIFY all DOCUMENTS supporting YOUR contention that the facts stated or omitted were material.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff further objects on the ground that the Interrogatory is a premature contention interrogatory in that it asks for Plaintiff to identify statements Plaintiff contends are misleading. Plaintiff will update his response to this Interrogatory after the close of fact discovery.

12

**INTERROGATORY NO. 15:**

For each statement identified in response to Interrogatory No. 11, explain in detail YOUR contention as to when and how the market learned the truth, including but not limited to the verbatim statement that revealed the truth, the PERSON who made the statement, and where the statement was made (e.g., earnings call, conference, etc.).

**RESPONSE TO INTERROGATORY NO. 15:**

Plaintiff further objects on the ground that the Interrogatory is a premature contention interrogatory in that it asks for Plaintiff to identify statements Plaintiff contends are misleading. Plaintiff will update his response to this Interrogatory after the close of fact discovery.

**INTERROGATORY NO. 16:**

Explain in detail YOUR contention that "Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market" or, alternatively, that "Plaintiff and the members of the Class are entitled to [a] presumption of reliance … as Defendants omitted material information … in violation of a duty to disclose such information,' as alleged in paragraphs 99 and 100 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 16:**

Plaintiff further objects on the ground that the Interrogatory is a premature contention interrogatory in that it asks for Plaintiff to identify statements Plaintiff contends are misleading. Plaintiff will update his response to this Interrogatory after the close of fact discovery.

**INTERROGATORY NO. 17:**

Explain in detail any direct or indirect interactions or relationship between YOU and any of the Defendants in this ACTION, including but not limited to communications with any Defendant or direct or indirect interactions with any Defendant.

13

**RESPONSE TO INTERROGATORY NO. 17:**

Plaintiff objects to this interrogatory because it is not limited as to time and is overly broad in that it seeks matters not relevant to the subject matter of the litigation. Plaintiff also objects that this is a compound interrogatory consisting of at least three sub-parts. Plaintiff also objects that this interrogatory seeks information protected by attorney client and/or work-product privilege. Plaintiff further objects that this request seeks sensitive confidential information. Nevertheless, and without waiving the foregoing objections, Plaintiff is willing to meet and confer regarding an appropriate means of narrowing the foregoing interrogatory, subject to the entry of a confidentiality agreement in this action.

**INTERROGATORY NO. 18:**

Explain in detail YOUR effort and time spent participating in, monitoring, supervising, and managing this ACTION, including but not limited to steps taken to monitor LEAD COUNSEL.

**RESPONSE TO INTERROGATORY NO. 18:**

Plaintiff objects to this request to the extent that it seeks information protected by attorney client or work-product privilege. Nevertheless, without waiving the foregoing objection, Plaintiff avers that he communicated regularly with his attorneys regarding the filing of an amended complaint, Defendants' motion to dismiss and the Court's order denying that motion, Defendants' motion for reconsideration and the Court's order denying that motion, discovery matters, class certification, mediation, and the possibility of settlement.

Dated: June 25, 2025                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        /s/ Jonathan Stern

14

Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jstern@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

-and-

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Phone: (214) 744-3000
Fax: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Liaison Counsel for Lead Plaintiff and the Class*

Docusign Envelope ID: BDE8454D-8791-4A7D-A18C-644G0F1EA93B

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2025, a true and correct copy of the foregoing document was e-mailed to all counsel of record.

*/s/ Jonathan Stern*
Jonathan Stern

# VERIFICATION

I have read the foregoing PLAINTIFFS' OBJECTIONS AND RESPONSES TO THE DEFENDANTS' FIRST SET OF INTERROGATORIES. The answers set forth in the responses to these Interrogatories are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 6/26/2025

DocuSigned by:

*Bert Pluymen*

A7B1CBFCB3284FB...

Bert Pluymen

17