| | |
|---|---|
| **From:** | Corkery, Ashley K |
| **Sent:** | Friday, August 8, 2025 7:04 PM |
| **To:** | Jonathan Stern; Ryan Hedrick; Joshua Baker; jkendall@kendalllawgroup.com |
| **Cc:** | Brien, Tijana; De Jarnette, Brett; Ganapathi, Anuva; Gibbs, Patrick; Ivanowsky, Rachel K |
| **Subject:** | RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE |

Jonathan,

The below response misstates our discussion in several material respects, but we will await your full response.

In the meantime, we wanted to flag that, given the Court just indicated that extensions to responsive briefing would not be permitted (ECF No. 79), we will need amended, verified responses by August 18 and commitment to produce the responsive documents we identified as relevant to class certification (*see* July 28, 2025 email) by September 5.  We otherwise will need to seek relief of Court before the end of this month to ensure we have relevant class certification discovery in advance of our October 3 opposition deadline.  We have been negotiating these deficiencies over the last several weeks so would like a final position on the May 2, 2025 discovery we served as soon as practicable.

Please also send counter edits, if any, to the Stipulated Protective Order and ESI Protocol so we can work to finalize those documents.  We will serve a notice for Lead Plaintiff's deposition to take place on September 17, 2025.

Thank you,
Ashley

Ashley Kemper Corkery
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
+1 415 693 2158 office
+1 415 693 2222 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation


Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Thursday, August 7, 2025 5:30 PM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

**CAUTION: This Message Is From an External Sender**
This message came from outside your organization.

Ashley,

We write to correct the record as to the parties' July 28 and 29 meet and confer. The below list is non-exhaustive and without waiver of plaintiff's rights. As an initial matter, we did not state that we would provide final positions or a date certain by which we will provide discovery by August 8th. We are working diligently with our client to respond to the issues raised in your letter and our meet and confer calls, and we will have a substantive letter response prepared next week.

With respect to RFP Nos. 1-4, 9, we did not agree that we would unilaterally provide documents pursuant to a "reasonable" date range beginning with when our client first became aware of cs disco. Rather, we intend to propose a reasonable date range that Defendants are free to agree to or propose a counter to. It is our intention to determine an appropriate date range on a negotiated basis.

With respect to RFP No. 11, we have not agreed that any documents responsive to this request are discoverable and it is our position that such a request is not relevant to any claim or defense in this action nor relevant to our client's adequacy.

With respect to RFP No. 12-14, 16-19, 22, 23 -24, 30, 32 -34, 40-42, we did not agree that we would unilaterally provide documents pursuant to a "reasonable" date range beginning with when our client first became aware of cs disco. Rather, we intend to propose a reasonable date range that Defendants are free to agree to or propose a counter to. It is our intention to determine an appropriate date range on a negotiated basis.

With respect to RFP 30, we did not reach an agreement as to scope but we will advise you regarding whether this issue is moot.

With respect to RFP 32, we clarified that this request only pertained to our client's settlement awards or agreements as a lead or other representative payments, not as a passive class member. I understand that you agreed with this clarification.

With respect to RFP Nos. 36-38, we did not agree that we would unilaterally provide documents pursuant to a "reasonable" date range beginning with when our client first became aware of cs disco. Rather, we intend to propose a reasonable date range that Defendants are free to agree to or propose a counter to. It is our intention to determine an appropriate date range on a negotiated basis.

With respect to Interrogatory Nos. 2 and 3, we stated we would propose a narrowing of the scope of the interrogatory for your review.

With respect to Interrogatory No.  5, we stated we would review your position and get back to you.

With respect to Interrogatory No. 10, we additionally stated we may propose to narrow the scope (as well as the time period).

With respect to Interrogatory No. 18, we understood you would respond to us with specifics if we maintained our position after discussing with our client and responding in writing.

Lastly, our client is available for deposition, remotely or in person in Austin on September 17 or 19.

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Wednesday, July 30, 2025 2:24 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

<div style="background:red;color:white;text-align:center">**[EXTERNAL EMAIL]**</div>

Jonathan,

We write to memorialize the parties' respective positions from the July 28 and 29 meet and confers on discovery-related matters.  We understand that you will respond by no later than August 8 with a final position on the scope of your amendments and provide a date certain for serving the amended discovery.

**Lead Plaintiff's Deposition**
We understand Plaintiff is unavailable for a deposition on September 10 or 11.  Please provide alternative dates on which Plaintiff can be available for a deposition as soon as possible.  We intend to conduct the deposition in person in Austin, Texas but will also consider remote deposition dates if circumstances make it such that an in-person deposition is not practicable.

**Requests for Production**
Subject to you confirming with your client, we discussed that Lead Plaintiff will serve amended responses to reflect the following:

- **RFP Nos. 1-4, 9:**  You will produce all responsive, non-privileged documents in Plaintiff's possession, custody, or control, subject to your identification of what you believe is a reasonable time period that encompasses when your client became aware of CS DISCO, regardless of when he purchased CS DISCO stock.  Defendants reserve all rights to argue that the time period identified is not sufficient.  As discussed, Defendants do not require production of duplicative documents, but please confirm you will produce documents sufficient to identify the information requested in each of these requests.

- **RFP Nos. 5, 8:**  You will produce all responsive, non-privileged documents in Plaintiff's possession, custody, or control.  To the extent it is your understanding that no such documents exist or the only documents responsive to these requests are privileged, you will amend your response to state as much.

- **RFP Nos. 6-7:**  You will confirm that your responses to these requests were made without limitation as to time period.

- **RFP No. 11:** You will confirm whether your client will agree to produce documents sufficient to show the size and performance of Plaintiff's investment portfolio in the last five (5) years.  As discussed, this request seeks relevant information, including because Plaintiff's investment portfolio provides information about his experience and sophistication as an investor and the extent to which he has invested in similar companies or industries.  This documentation thus bears directly on Plaintiff's decision-making process when purchasing CS DISCO securities, and courts have previously compelled similar productions.  *See, e.g.*, *Brody v. Zix Corp.*, 2007 WL 1544638, at *3 (N.D. Tex. May 25, 2007) (granting motion to compel information and documents relating to "trading histories, investment strategies, and financial results of the putative class representatives" for a relevant time period).  If Plaintiff can articulate the burden of providing the requested information over the five-year time period, Defendants will consider a narrowing, but otherwise this discovery is relevant and should be produced.

- **RFP No. 12-14, 16-19, 22, 23-24, 30, 32-34, 40-42:** You will produce responsive, non-privileged documents and communications in Plaintiff's possession, custody, or control, subject to your identification of what you believe is a reasonable time period that encompasses when your client became aware of CS DISCO, regardless of when he purchased CS DISCO stock.  Defendants reserve all rights to argue that the time period identified is not sufficient.  To the extent it is your understanding that no such documents exist or the only documents responsive to this request are privileged, you will amend your response to state as much.

- **RFP No. 15:** You plan to send us W.D. Tex. and Fifth Circuit authority that you contend protects the disclosure and identities of confidential witnesses.  As cited in our July 10 letter, Defendants believe the case law establishes that the identities of such individuals and the dates of Plaintiff's communications with these individuals are not privileged.  *See Doe 1 v. Baylor University*, 320 F.R.D. 430, 443 (W.D. Tex. 2017) (party had "not met its burden to demonstrate that [the names of individuals interviewed by counsel] reveals attorney work product," because the "fact that a person was interviewed by [counsel] … does not necessarily reveal why the information was part of the investigation or what role it played in the investigation").  Defendants are not aware of in-district case law supporting your position and your current position does not align with the majority view on this issue.  *See Edwards v. McDermott Int'l, Inc.*, 2021 WL 5121853, at *3 (S.D. Tex. Nov. 4, 2021) ("the predominant view of district courts across this great nation is that the names of CWs/FEs referenced in a complaint are not protected work product.")

- **RFP No. 20:**  You will amend your response to state Plaintiff does not seek additional categories of damages, beyond those allegedly resulting from the performance of CS DISCO securities.  Defendants agree that class-wide damages, to the extent they are properly the subject of expert discovery, may be addressed in accordance with the Court's Scheduling Order and other applicable law.

- **RFP No. 21:**  Defendants reserve the right to seek a supplemental, formal production of any documents or exhibits included in your class certification briefing, following Plaintiff's filing of his motion for class certification.

- **RFP No. 25:** You have confirmed your response was made without limitation as to time.

- **RFP No. 26**: You will produce responsive, non-privileged documents and communications in Plaintiff's possession, custody, or control, subject to your identification of what you believe is a reasonable time period that encompasses the date on which Plaintiff first became aware of this action and the date on which Plaintiff retained the Rosen Law Firm.  Defendants reserve all rights to argue that the time period identified is not sufficient.  To the extent it is your understanding that no such documents exist or the only documents responsive to this request are privileged, you will amend your response to state as much.

- **RFP No. 27:** You have confirmed Plaintiff's retainer agreement with the Rosen Law Firm is the only non-privileged document responsive to this request and will produce the retainer agreement.  To the extent you become aware of additional non-privileged documents responsive to this request, you will timely supplement your response to this request and produce such documents.

- **RFP No. 31**: You will amend your response to state no non-privileged, responsive documents exist other than those filed on the public docket in connection with this action.

- **RFP No. 35**: You will produce responsive, non-privileged documents and communications in Plaintiff's possession, custody, or control, subject to your identification of what you believe is a reasonable time period for which you will produce such documents.  Defendants reserve all rights to argue that the time period identified is not sufficient

- **RFP Nos. 36-38:** You will produce responsive, non-privileged documents and communications in Plaintiff's possession, custody, or control, and identify with specificity any limitations on the scope of information you agree to produce in response to the requests.

- **RFP No. 39, 43-47:** You will produce responsive, non-privileged documents and communications in Plaintiff's possession, custody, or control. To the extent it is your understanding that no such documents exist or the only documents responsive to this request are privileged, you will amend your response to state as much.

## Interrogatories

Subject to you confirming with your client, we discussed that Lead Plaintiff will serve amended responses to reflect the following:

- **Interrogatory No. 1:** You plan to send us W.D. Tex. and Fifth Circuit authority that you contend protects the disclosure and identities of confidential witnesses. As laid out in our response on RFP No. 15, *supra*, this District requires disclosure of such information. Absent a sufficient response, Defendants will need to move to compel for a complete and full response that provides all information reasonably available at this time, per the Federal Rules, including of the identities of former employees referenced in the Complaint.

- **Interrogatory No. 2:** You stated that your communications with unnamed class members are privileged. As we noted, this position is not supported by the case law. *See, e.g.*, *In re Wells Fargo Wage and Hour Employment Practice Litigation*, 2014 WL 1882642, *5 (S.D. Tex. May 12, 2014) (finding a "client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired") (internal quotations omitted); 2 McLaughlin on Class Actions § 11:1 (21st ed.) ("The majority rule is that while named plaintiffs are clients of putative class counsel precertification, absent class members have no attorney-client relationship with putative class counsel prior to class certification.") (collecting cases). Please confirm you will amend your response to substantively answer this request or else provide authority that would sanction a response that excludes unnamed class member communications. Absent sufficient responses, Defendants will move to compel.

- **Interrogatory Nos. 5, 17:** After conferring with your client, you will confirm that you will amend your responses to these requests. Absent sufficient responses, Defendants will need to move to compel.

- **Interrogatory No. 6:** It is Plaintiff's position that the current cursory response adequately responds to this request, and you do not intend to supplement your response. If Defendants discover that Plaintiff had additional information at the time of serving amended responses that render the response incomplete and not based on all information reasonably available, Defendants reserve their right to seek relief of court.

- **Interrogatory No. 10:** You will amend your response to substantively answer this request, subject to your identification of what you believe is a reasonable time period for which you are providing such information. Defendants reserve all rights to argue that the time period identified is not sufficient

- **Interrogatory Nos. 11-16:** You indicated you will not amend your responses to these requests based on your position that these constitute "contention interrogatories" that need not be answered until after the close of fact discovery. Defendants disagree and maintain these requests are properly the subject of discovery at this stage of the litigation, as these interrogatories pertain directly to Plaintiff's allegations in the Complaint. It is improper for Plaintiff to categorically refuse to answer these interrogatories at this juncture. *See, e.g.*, *Redus v. University of Incarnate World*, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014) (rejecting plaintiff's claim that contention interrogatories are "not fully answered until 'designated discovery' is complete" because "plaintiffs have a duty to make reasonable inquiries regarding the information sought" and ordering plaintiff to "amend their responses to [] interrogatories to either identify

the basis of their information and belief or to verify under oath an inability to answer completely and supplement as discovery progresses"); *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (overruling plaintiff's objections that defendants' interrogatories "call[ed] for a legal conclusion or serv[ed] no proper purpose" because defendants' interrogatories were proper contention interrogatories authorized by Fed. R. Civ. Pro. 33); Fed. R. Civ. Pro. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete").  Plaintiff's current response is deficient as he does not identify with specificity any objections that these interrogatories call for a contention that relates to fact or the application of law to fact nor does he verify his inability to answer the interrogatory at this time.  Accordingly, Plaintiff is required to respond with all information currently available to him, and Plaintiff may supplement his response if needed as discovery proceeds.  Please confirm whether you intend to amend and supplement your responses to these interrogatories or Defendants will need to move to compel.

- **Interrogatory No. 18:** It is your position that Plaintiff has adequately responded to this request.  Defendants disagree and maintain they are entitled to a full and complete response that provides sufficient detail as to the scope and frequency of Plaintiff's participation in and supervision of this matter, as such information bears directly on Plaintiff's purported adequacy as the class representative.  After conferring with your client, please confirm whether you will supplement your response to provide additional information or whether Defendants should seek relief of court.

**Initial Disclosures**

You will confirm with your client on the extent to which you may supplement your initial disclosures, but at present, you have not committed to amending Plaintiff's disclosures to provide the names of all known individuals likely to have relevant information, all categories of documents that support your claims and defenses, and the process for computing damages.  You did, however, commit to sending us W.D. Tex. and Fifth Circuit authority that you contend protects the disclosure and identities of confidential witnesses.  As laid out in response to RFP No. 15, *supra*, it remains Defendants' position that this District requires disclosure of such identifies.  Pending the extent to which you agree to amend your initial disclosures, Defendants reserve their right to move to compel.

We, of course, want to continue to be respectful of the time you need in light of your family emergency, so we can discuss whether we need to consider adjusting the case schedule to ensure we have the discovery we need in advance of Plaintiff's deposition and our class certification opposition.  If any of the above does not accurately reflect our meet and confer, please let us know before August 8.

Best,
Ashley

Ashley Kemper Corkery
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
+1 415 693 2158 office
+1 415 693 2222 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Monday, July 28, 2025 11:08 AM

**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

Jonathan,

In addition to discussing the points raised in our July 10, 2025 deficiency letters, on our call today we would like to discuss the timing of Plaintiff producing document and information responsive to the following discovery categories:

- Discovery Committed to Produce
    - Documents concerning Plaintiff's transactions in CS DISCO securities (RFP No. 1; Interrogatory No. 5)

- Discovery Subject to Meet and Confer
    - Documents concerning Plaintiff's transactions in CS DISCO securities (RFP Nos. 2-5; 8-9)
    - Documents concerning the allegations in the Complaint (RFP Nos. 13-23, 37, 40, 41; Interrogatory Nos. 1-4, 11-16)
    - Documents concerning Plaintiff's and Plaintiff's counsel's representation of the putative class (RFP Nos. 24, 26, 30-33, 35, 39, 47-48; Interrogatory Nos. 10, 17)

As you know, we plan to depose Lead Plaintiff in early September and our deadline to oppose Plaintiff's motion for class certification is early October. The above more targeted set of documents and information are relevant to class certification, so we will need sufficient documentation and adequate responses before August 31.

Attached are our edits and comments on the Stipulated Protective Order and ESI Protocol. We look forward to connecting later today.

Thank you,
Ashley

Ashley Kemper Corkery
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
+1 415 693 2158 office
+1 415 693 2222 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Thursday, July 24, 2025 1:22 PM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

Please see the attached.

---

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Wednesday, July 23, 2025 1:36 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Gibbs, Patrick <pgibbs@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

<div style="background-color:red; color:white; text-align:center; font-weight:bold">[EXTERNAL EMAIL]</div>

Jonathan,

We are available at 1:00 p.m. PT on Monday, July 28 to discuss the two meet-and-confer letters, ESI Protocol, and Stipulated Protective Order. We look forward to receiving your edits on the latter two documents later today.

I will send a calendar invite shortly.

Thanks,
Ashley

**Ashley Kemper Corkery**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
+1 415 693 2158 office
+1 415 693 2222 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Wednesday, July 23, 2025 9:55 AM
**To:** Gibbs, Patrick <pgibbs@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; Corkery, Ashley K <acorkery@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

Patrick,

I appreciate it.

We are available to meet and confer regarding the parties' responses and objections tomorrow or on Monday afternoon. I will also have our edits to the confidentiality and ESI stips later today.

---

**From:** Gibbs, Patrick <pgibbs@cooley.com>
**Sent:** Monday, July 14, 2025 12:14 PM

**To:** Jonathan Stern <jstern@rosenlegal.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; Corkery, Ashley K <acorkery@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

**[EXTERNAL EMAIL]**

Jonathan,

████████████████████████ Please take whatever time you need.  I am sure can sort out the timing.

Patrick E. Gibbs
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5535 office
+1 650 849 7400 fax
+1 650 248 6412 mobile
pgibbs@cooley.com

www.cooley.com

Cooley is one of Fortune's **100 Best Companies to Work For**

Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Monday, July 14, 2025 6:36 AM
**To:** Ganapathi, Anuva <aganapathi@cooley.com>; Joshua Baker <jbaker@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; Corkery, Ashley K <acorkery@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Subject:** RE: Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

Dear all,

Unfortunately, due to ████████████████████, I am out of the office this week. I will reach out regarding a time to confer regarding the below when I am back in the office the week of the 21st.

---

**From:** Ganapathi, Anuva <aganapathi@cooley.com>
**Sent:** Thursday, July 10, 2025 7:47 PM
**To:** Joshua Baker <jbaker@rosenlegal.com>; Jonathan Stern <jstern@rosenlegal.com>; jkendall@kendalllawgroup.com
**Cc:** Brien, Tijana <tbrien@cooley.com>; Corkery, Ashley K <acorkery@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Gibbs, Patrick <pgibbs@cooley.com>
**Subject:** Gambrill v. CS DISCO, Inc., et al., Case No. AU:24-CV-00028-DAE

**[EXTERNAL EMAIL]**

Counsel,

Please see the attached correspondence.

Best,

Anuva

**Anuva V. Ganapathi**
Cooley LLP
3175 Hanover Street
Palo Alto, CA  94304-1130
+1 650 843 5180 office
aganapathi@cooley.com

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.