

**The Rosen Law Firm**

**I N V E S T O R   C O U N S E L**

August 15, 2025

**BY EMAIL**

Tijana Brien
T: +1 650 843 5941
tbrien@cooley.com

Attorneys for the Defendants
Re:    *Gambrill v. CS Disco, Inc., et al.*
        *Privileged and Confidential Settlement Communication Under FRE 408*

Counsel:

        We write in response to Defendants' letter dated July 10, 2025, the parties' telephonic conferences dated July 28-30, 2025, and the parties' email correspondence. As an initial matter, Defendants' July 10 letter grossly misstates the parties' conduct in the course of discovery. Defendants elected to serve discovery requests on May 2, 2025, almost two months after the beginning of discovery and a month after Defendants lost their motion for reconsideration. Defenatns also requested that the parties stayed responses to discovery pending the parties' mediation. Subsequent to that mediation, Plaintiff proposed exchanging discovery responses on June 11, and after Defendants stated that they may need additional time, June 18 (email correspondence between Jonathan Stern and Brett De Jarnette, June 4-2025-June 6, 2025). Mr. Jarnette then asked that the parties discovery responses be delayed until June 25, 2025. (email dated June 6, 2025). Plaintiff accommodated *Defendants*' request for additional time. In Defendants' June 6, email, Defendants also requested a call so that Defendants could "come to some type of agreement about what we will do/ look for/ review on our side to try and cut through the process a bit." The parties did not discuss Plaintiff's discovery obligations on that call because it was not the stated purpose of the call. And Defendants' suggestion that, by not raising objections to Defendants' discovery on that call, Plaintiff waived any rights is both contrary to the Federal Rules of Civil Procedure and the documented correspondence of the parties.

        **RFPs 1-5, 8-9.** We propose that we will produce documents sufficient to identify all transactions in CS Disco securities from July 21, 2021 to November 15, 2022, and non-privileged documents responsive to requests 2-5 and 8-9, to the extent any exist.

        **RFPs 6-7.** Confirmed that the statements were made without limitation as to time.

        **RFP 10.** Confirmed that this is without limitation as to time.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40ᵀᴴ FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686- 1060 ♦ FAX: (212) 202 - 3827

**RFP 11.** Plaintiffs maintain their objection that this request is outside the scope of permissible discovery, as numerous courts have recognized. *Epstein v. MCA, Inc*., 54 F.3d 1422, 1423 (9th Cir. 1995) (observing that "the right of a party to obtain discovery is not unlimited" and concluding that while discovery of "whether plaintiffs owned MCA stock[] is without doubt relevant to the subject matter of this litigation[, t]he other information [defendant] sought to discover, however, is not[, because a]ny information [defendant] may have gleaned from these discovery requests would have no bearing on either the merits of the case or on the motion for class certification"); *In re Northfield Lab'ys Inc. Sec. Litig.*, 264 F.R.D. 407, 411 (N.D. Ill. 2009) ("the court is not persuaded that Defendants are entitled at this time to account statements reflecting Plaintiffs' trading histories in non-Northfield securities"); *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, 2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005) ("discovery of [plaintiff's] investment history is irrelevant to any class-wide liability issues"); *Funke v. Life Fin. Corp.*, 2003 WL 1787125, at *2 (S.D.N.Y. Apr. 3, 2003) (denying motion to compel production of "documents relating to other trades in similar companies since their sophistication in general says nothing about [their] actual knowledge about" the investment and defendants at issue).

The case cited by Defendants is inapposite. In that case the court stated in general that the requests related "to the trading histories, investment strategies, and financial results of the putative class representatives". *Brody v. Zix Corp.*, No. 3-04-CV-1931-K, 2007 WL 1544638, at *2 (N.D. Tex. May 25, 2007). It did not specify what trading history related information was requested. Moreover, as the plaintiff in that case only objected as to the temporal scope of the discovery, the court never addressed whether inquiring into general trading history is discoverable.

**RFP 12.** Plaintiffs propose producing all non-privileged communications responsive to this request to the extent they concern the allegations in this case or CS Disco in general, from a time period beginning 30 days before Mr. Pluymen's first purchase of CS Disco securities.

**RFP 13.** Plaintiff proposes producing documents relating to any investigation conducted by the plaintiff regarding the allegations in the complaint from the time Plaintiff first learned of this action. Plaintiff maintains that investigation by lead counsel is privileged.

**RFP 14.** Plaintiff propose that the relevant period for this request be 30 days from before Mr. Pluyymen's purchase of CS Disco securities.

**RFP 16.** Plaintiff will produce any documents he intends to use at trial, without limitation as to time.

**RFP 17-19.** Plaintiff propose that the relevant period for this request be 30 days from before Mr. Pluyymen's purchase of CS Disco securities.

**RFP 20.** We can confirm, per our call, that Plaintiff is not seeking any categories of damages other than those caused by the decline in value of CS Disco Securities. As stated – class wide damages will be shown through expert testimony and reports.

**RFP 21.** Plaintiff will produce documents relied upon by Dr. Nye within one week. Plaintiff believes that all other documents relied upon in connection with class certification are publicly available or submitted as exhibits. To the extent Defendants require bates stamped copies of any documents relied on or referenced in Plaintiff's motion, please let us know.

**RFP 22.** Plaintiff will produce all non-privileged documents responsive to this request.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40TH FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686- 1060 ♦ FAX: (212) 202 - 3827

**RFP 23.** Plaintiff propose that the relevant period for this request be 30 days from before Mr. Pluyymen's purchase of CS Disco securities.

**RFP 24.** Plaintiff proposes that the beginning date for this request be the date of the filing of the initial complaint in this action.

**RFP 30-33, 35.** Plaintiff will produce documents responsive to this request or confirm that no such documents exist.

**RFP 34.** Plaintiff propose that the relevant period for this request be 30 days from before Mr. Pluyymen's purchase of CS Disco securities.

**RFP 36-38.** Plaintiff will provide documents responsive to this request related to CS Disco or this action from the date of CS Disco's IPO.

**RFP 39-40.** Plaintiff will produce responsive documents or confirm no such documents exist via supplementary responses.

**RFP 41.** Plaintiff propose that the relevant period for this request be 30 days from before Mr. Pluyymen's purchase of CS Disco securities.

**RFP 42.** Plaintiff propose that the relevant period for this request be 30 days from before Mr. Pluyymen's purchase of CS Disco securities.

**RFP 44-47.** Plaintiff will produce responsive documents or confirm no such documents exist via supplementary responses.

**RFP 15, Interrogatory 1:** Plaintiff has reviewed Defendants caselaw and find nothing to support the proposition that memoranda of interviews with confidential witnesses are discoverable. To avoid motion practice and in the interest of cooperative discovery Plaintiff proposes providing Defendants with the identities of the former employees referred to in the complaint via supplemental interrogatory response upon entry of a protective order.

**Interrogatory 2-3.** Plaintiff maintains that communications with potential class members is privileged because, whether or not an attorney client relationship exists with a passive class member prior to class certification, attorney client privilege applies to *prospective* clients. "The attorney-client privilege protects conversations between prospective clients and counsel as well as communications with retained counsel." *Apex Mun. Fund v. N-Grp. Sec.*, 841 F. Supp. 1423, 1426 (S.D. Tex. 1993). With respect to communications Plaintiff had with any individuals responsive to this request, Plaintiff will answer upon entry of a protective order.

**Interrogatory 5.** We propose that we will list all transactions in CS Disco securities from the date of CS Disco's IPO to 90 days from the end of the proposed class period,

**Interrogatory 10.** We propose to limit this response to the past 5 years.

**Interrogatories 11-16:** We stand on our objection. Numerous courts have held that contention interrogatories need not be answered until the close of discovery. "Many courts exercise the discretion that Rule 33(c) grants and conclude that contention interrogatories need not be answered until later in the discovery process." *InternetAd Sys.*, LLC v. ESPN, Inc., No. CIV.A.3:03CV2787-D, 2004 WL 5181346, at \*2 (N.D. Tex. Oct. 8, 2004) *Layne Heavy Civ., Inc. v. Healtheon, Inc.*, No. CV 17-9496, 2018 WL 11457410, at \*3 (E.D. La. Sept. 4, 2018) (rejecting motion to compel responses to contention interrogatories early in the litigation); *Gardner v. Huott*, No. CV SA-13-CA-840-OLG, 2015 WL 12733406, at \*6 (W.D. Tex. Apr. 22, 2015) ("Rule 33(a)(2) also provides

that answers to contention interrogatories may be postponed until the close of discovery, or amended during the discovery period as the party develops its case".

*Redus*, the only case defendants have cited for the proposition that contention interrogatories must be answered before the close of discovery, hinged its decision on the notice standards of Federal Rule 8. "Although the Twombly-Iqbal pleading standard allows for pleadings based on information and belief, plaintiffs have provided no authority to support their contention that responses to discovery may be based on information and belief without identifying the basis of the information or belief" *Redus v. Univ. of Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014). Here, by contrast, Plaintiff's pleading passed muster under the more stringent standards of the pslra, which required plaintiff to "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4.

**Interrogatory 18.** As an initial matter we note that Defendants did not raise any deficiency to this response in your July 10 letter. Plaintiff maintains that this is an adequate response. If there are specific details Defendants want to inquire about, they are free to serve additional interrogatories, requests for admission, or ask Plaintiff at his deposition.

We are available to meet and confer further next week by telephone.

Kind regards,
/s/ Jonathan Stern
Jonathan Stern
The Rosen Law Firm, P.A.

THE ROSEN LAW FIRM, P.A. ♦ 275 MADISON AVENUE, 40ᵀᴴ FLOOR ♦ NEW YORK, NY 10116 ♦ TEL: (212) 686-1060 ♦ FAX: (212) 202-3827