

Tijana Brien                                                                                      **Via Email**
T: +1 650 843 5941
tbrien@cooley.com

August 19, 2025

Jonathan Stern
275 Madison Avenue, 34th Floor
New York, NY 10016
(212) 686-1060
jstern@rosenlegal.com

**Re:**    ***Gambrill v. CS DISCO, Inc., et al.*, No. AU:24-CV-00028-DAE**
          **Response to Plaintiff's August 15, 2025 Letter Regarding Discovery Deficiencies**

Counsel:

We write in response to Plaintiff's August 15, 2025 letter (the "August 15 Letter") concerning Plaintiff's long-outstanding discovery deficiencies.  Despite Defendants' repeated attempts to resolve these issues promptly and informally,[1] Plaintiff refuses to produce highly relevant documents without offering any justifiable basis for their withholding.  As to the categories of discovery Plaintiff now agrees to produce, despite repeated requests, we still do not have a date certain for production.  As we have continually flagged, given the Court's August 7 Order (ECF No. 79) setting a firm briefing schedule and hearing date on Plaintiff's motion for class certification, Defendants are left with no choice but to seek relief of the Court based on the material deficiencies outlined below.

I.        <u>**Plaintiff Continues to Withhold Plainly Relevant Information**</u>

          ***Request for Production No. 11***: This request seeks documents sufficient to show the size and performance of Plaintiff's investment portfolio in the last five years.  As noted, such information bears on Plaintiff's experience and sophistication as an investor and his decision-making process when purchasing CS DISCO securities.  Despite Defendants' offer to narrow the relevant time period, Plaintiff maintains his objection on grounds that "this request is outside the scope of permissible discovery[.]" Aug. 15 Ltr. at 2. Plaintiff has not offered a single in-district case supporting his position, and the out-of-circuit cases Plaintiff cites are readily distinguishable from the facts at hand.  In *Lawrence E. Jaffe Pension Plan v. Household Intern., Inc.*, for example, the court found discovery into plaintiff's investment history was not relevant where a class had already "been stipulated to and certified by the district court" but recognized a host of pre-class certification cases allowing discovery into plaintiff's investment history.  2005 WL 3801463, at *4 (N.D. Ill. Apr. 18, 2005).  In *Funke v. Life Financial Corp.*, the court declined to compel production of documents related to the plaintiffs' general trading history in a Section 11 case because, unlike a Section 10b-5 claim, reliance is not an element of a Section 11 claim.  2003 WL 1787125, at *2 (S.D.N.Y. Apr. 3, 2023).  Likewise, *Epstein v. MCA, Inc.* involved an unrelated cause of action regarding a tender offer, where the Court did not even address discovery into a lead plaintiff's investment history but rather held only that information

---

[1] While Defendants disagree with Plaintiff's contention that the "parties did not discuss Plaintiff's discovery obligations on" the June 17, 2025 telephonic meet and confer, *see* August 15 Letter at 1, Defendants do not believe it is productive to revisit this issue as it does not relate to the present deficiencies.

Cooley LLP  3175 Hanover Street  Palo Alto, CA  94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com

# Cooley

Jonathan Stern
August 19, 2025
Page Two

about whether the plaintiff's investment history made it likely that they would have elected to receive preferred stock instead of cash was not discoverable.  54 F.3d 1422 (9th Cir. 1995).

**Request for Production No. 15, Interrogatory No. 1:** These requests seek all documents and communications concerning the former employees (FE-1, FE-2, and FE-3) referenced in paragraphs 19 through 21 of the Complaint, as well as the names and job titles of *all* former or current CS DSICO employees—whether or not referenced in the Complaint—with whom Plaintiff or Lead Counsel have communicated regarding this action.  It is, therefore, insufficient and incomplete for Plaintiff to provide only "the identities of the former employees referred to in the complaint via supplemental interrogatory response[.]"[2]  August 15 Letter at 3.  Plaintiff has not cited any case law establishing that such information is not discoverable.

**Request for Production Nos. 12, 14, 17-19, 23, 34, 41-42:** Plaintiff's proposal of producing documents "from a time period beginning 30 days before [his] first purchase of CS Disco securities" is not reasonable.  These requests seek, *inter alia*, documents and communications concerning this action, the Defendants in this action, the allegations in the Complaint, individuals identified in the Complaint and Plaintiff's initial disclosures, and Plaintiff's alleged reliance on the challenged statements.  Such a limited time frame will not include much of the relevant information sought by these requests, and critically, does not encompass the date on which Plaintiff became aware of CS DISCO, CS DISCO's Initial Public Offering, or the September 2, 2021 earnings call, on which Plaintiff alleges two of the four challenged statements were made.

**Interrogatory Nos. 11-16:** Defendants disagree that these requests constitute premature contention interrogatories that need not be answered until after the close of fact discovery.  As repeatedly stated, these interrogatories pertain directly to Plaintiff's own allegations in the Complaint and cannot be evaded at this juncture.  Plaintiff's proffered authority does not support the result they seek here.  *See, e.g.*, *Gardner v. Huott*, 2015 WL 12733406, at *6-7 (W.D. Tex. Apr. 22, 2015) (denying motion to compel responses to contention interrogatories where responding party had already provided a response and stated it would supplement its responses as discovery progressed); *InternetAd Systems, LLC v. ESPN, Inc.*, 2004 WL 5181346 (N.D. Tex. Oct. 8, 2004) (considering whether plaintiff had demonstrated that the magistrate judge abused his discretion in denying motion to compel, not determining, as a matter of law, that contention interrogatories may only be answered after the close of fact discovery).

Plaintiff's attempt to distinguish Defendants' supporting caselaw fares no better.  Plaintiff completely ignores the numerous cases Defendants have cited throughout the meet and confer process.  *See, e.g.*, July 30, 2025 Email from A. Corkery to J. Stern (citing *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (overruling plaintiff's objections that defendants' interrogatories "call[ed] for a legal conclusion or serv[ed] no proper purpose" because defendants' interrogatories were proper contention interrogatories authorized by Fed. R. Civ. Pro. 33); Fed. R. Civ. Pro. 33(a)(2) ("An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete")).[3]  And, for the one case Plaintiff attempts to distinguish, Plaintiff misrepresents the import of the case.  More specifically, in *Redus v. University of Incarnate World*, the defendants moved to compel for adequate responses to "three interrogatories directed at identifying the evidence supporting certain allegations" (as is the case here) where the plaintiffs "impermissibly answered that the allegations were based on 'information and belief' without identifying the information or the basis for belief."  2014 WL

---

[2] Additionally, Plaintiff has failed to provide a date by which he will serve supplemental responses.  As discussed below, Plaintiff must provide a date certain by which he will serve his supplemental response.
[3] Plaintiff incorrectly claim Defendants offered only one case in support of their position.

# Cooley

Jonathan Stern
August 19, 2025
Page Three

12815471, at *9 (W.D. Tex. Oct. 17, 2014). The court's ruling pointed out that allegations based on information and belief were sufficient for the pleadings stage but ruled that the plaintiffs' discovery responses could not be "based on information and belief without identifying the basis of the information or belief, or verifying under oath an inability to answer completely." *Id.* at *11. Accordingly, the court ordered the plaintiffs to "amend their responses to [] interrogatories to either identify the basis of their information and belief or to verify under oath an inability to answer completely and supplement as discovery progresses." *Id.* This is precisely the type of information that Defendants are requesting of Plaintiff here. That "Plaintiff's pleading passed muster under the more stringent standards of the pslra (*sic*)," August 15 Letter at 4, is wholly irrelevant to Plaintiff's duty to respond to these interrogatories with all information currently available to him.

*Interrogatory Nos. 2-3*: Communications with unnamed class members are not privileged and Defendants are entitled to this information. Plaintiff does not offer any authority to support his position that such communications are properly the subject of the attorney-client privilege, other than a general statement that the attorney-client privilege applies to prospective clients. *See* August 15 Letter at 3. Plaintiff's cursory response ignores case law that unequivocally establishes that communications between lead counsel and unnamed class members prior to class certification are not privileged communications between an attorney and a "prospective" client. *See, e.g.*, *In re Wells Fargo Wage and Hour Employment Practice Litigation*, 2014 WL 1882642, *5 (S.D. Tex. May 12, 2014) (finding a "client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired") (internal quotations omitted); 2 McLaughlin on Class Actions § 11:1 (21st ed.) ("The majority rule is that while named plaintiffs are clients of putative class counsel precertification, absent class members have no attorney-client relationship with putative class counsel prior to class certification.*"*) (collecting cases).

*Interrogatory No. 18*: Plaintiff has not adequately responded to this interrogatory, which requires a detailed explanation of Plaintiff's time and effort spent "participating in, monitoring, supervising, and managing" this action, including steps taken to monitor lead counsel. Plaintiff's response states (without any detail) that he "communicated regularly" with his attorneys regarding various filings but fails to identify the time spent in participating, monitoring, supervising, or managing this action.

## II.     Plaintiff Fails to Respond to Outstanding Discovery Requests

*Request for Production No. 26*: Pursuant to the parties' July 28 and 29, 2025 meet and confer, Plaintiff agreed to confirm whether he would amend his response to produce responsive, non-privileged documents and communications in his possession, custody, or control, subject to his identification of a reasonable time period, including the date on which Plaintiff first became aware of this action and the date on which Plaintiff retained the Rosen Law Firm. The August 15 Letter fails to provide a position on this request.

*Request for Production No. 43*: Pursuant to the parties' July 28 and 29, 2025 meet and confer, Plaintiff agreed to confirm whether he would produce responsive, non-privileged documents and communications in his possession, custody, or control, or confirm whether no such documents exist. The August 15 Letter does not provide Plaintiff's position to this request.

*Interrogatory No. 17*: Plaintiff has not confirmed whether he will amend his response to this interrogatory, which seeks highly relevant information concerning his interactions and relationships with the individual defendants in this case—the very individuals he sought to sue.

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com



Jonathan Stern
August 19, 2025
Page Four

### III.    Plaintiff Has Not Identified a Date for Document Production

*Request for Production Nos.* **1-5, 8-9, 13, 16, 22, 24, 30-33, 35-40, 44-47**: For the requests where Plaintiff now agrees to produce responsive documents, Plaintiff has failed to provide a date for serving amended responses and producing such documents.  Absent commitment to serve amended responses by August 25 and produce the responsive documents by September 5, Defendants will be forced to move to compel.

*Interrogatory Nos.* **5, 10**: For the interrogatories where Plaintiff now agrees to respond, Plaintiff has failed to provide a date for serving amended responses.  Absent commitment to serve amended responses by August 25, Defendants will be forced to move to compel.

### IV.    Expert Discovery

*Request for Production No. 21*: Thank you for confirming in your August 19 email that you will produce the materials relied upon by Dr. Nye in his expert report by August 20.  Defendants request that Dr. Nye's expert materials and all documents relied on or referenced in Plaintiff's motion for class certification, including any that may be publicly available, be formally produced with Bates stamps.

\* \* \*

Defendants have made every effort to resolve these issues without judicial intervention, but Plaintiff continues to violate and frustrate the purpose of the discovery process.  Accordingly, Defendants will move to compel adequate discovery responses sufficiently in advance of the October 3 deadline to oppose class certification and before the end of this month.  Given the need for discovery before Plaintiff's deposition, Defendants will include all outstanding discovery issues in its motion to compel, including for requests where Plaintiff has yet to produce documents or yet to provide a date certain by when such documents will be produced.

Sincerely,

*/s/ Tijana Brien*
Tijana Brien

cc:   All Counsel of Record

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com