**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CS DISCO, INC; KIWI CAMARA; MICHAEL LAFAIR, <br><br> Defendants. | Case No. 1:24-cv-00028-DAE <br><br> <u>CLASS ACTION</u> |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO**
**DEFENDANTS' MOTION TO COMPEL DISCOVERY**

1

**TABLE OF CONTENTS**

I.     INTRODUCTION.................................................................................................. 1

II.    STATEMENT OF FACTS.................................................................................... 1

III.   ARGUMENT........................................................................................................ 2

    A.    Applicable Standards on this Motion.................................................. 2

    B.    Defendants Demand for Plaintiff's Trading History is Irrelevant.............................. 2

    C.    Defendants' Demand for Third Party Contacts Seeks Work Product ........................ 5

    D.    Defendants' Contention Interrogatories are Premature................................. 8

    E.    Plaintiff's Response to Interrogatory 18 is Sufficient................................... 10

IV.   CONCLUSION .................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Areizaga v. ADW Corp.*,
  314 F.R.D. 428 (N.D. Tex. 2016) ........................................................................................ 9

*ASTER Rsch. Techs., Inc. v. Raba-Kistner Infrastructure, Inc.*,
  No. SA-07-CA-93-XR, 2007 WL 9706987 (W.D. Tex. Dec. 13, 2007) ................................. 10

*Benson v. Rosenthal.*,
  No. CV 15-782, 2016 WL 1046126, at *11 (E.D. La. Mar. 16, 2016) .................................... 8

*Barton v. United States District Court for Central District of California*,
  410 F.3d 1104 (9th Cir. 2005) ............................................................................................ 7

*Brassell v. Turner*,
  No. 3:05 CV 476LS, 2006 WL 1806465 (S.D. Miss. June 29, 2006) ................................. 8, 9

*Brody v. Zix Corp.*,
  No. 3-04-CV-1931-K, 2007 WL 1544638 (N.D. Tex. May 25, 2007) .................................... 5

*Com. of Mass. v. First Nat. Supermarkets*, Inc.,
  112 F.R.D. 149 (D. Mass. 1986) ........................................................................................ 6

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
  No. 217CV00140RWSRSP, 2018 WL 4112055 (E.D. Tex. Jan. 24, 2018) ............................ 8

*Degulis v. LXR Biotechnology, Inc.*,
  176 F.R.D. 123 (S.D.N.Y. 1997) ........................................................................................ 5

*Epstein v. MCA, Inc.*,
  54 F.3d 1422 (9th Cir. 1995) ............................................................................................. 3

*Equal Emp. Opportunity Comm'n Sanchez v. Evans Fruit Co. Marin*,
  No. CV-10-3033-LRS, 2012 WL 12866309 (E.D. Wash. Jan. 27, 2012) ............................. 7

*Erhart v. BofI Holding, Inc.*,
  2018 WL 5994417 (S.D. Cal. Nov. 15, 2018) ..................................................................... 4

*Haas Outdoors, Inc. v. Dryshod Int'l, LLC*,
  No. 1:18-CV-596-RP, 2019 WL 13159727 (W.D. Tex. Sept. 17, 2019) ............................... 2

*Ho v. Jefferson Fin. Credit Union*,
  No. CV 23-5618, 2024 WL 4564772 (E.D. La. Oct. 24, 2024) ............................................ 8

*In re Assisted Living Concepts, Inc.*,
 2001 U.S. Dist. LEXIS 12864 (D. Or. Apr. 13, 2001) ............................................................... 3

*In re AST Rsch. Sec. Litig.*,
 1994 WL 722888 (C.D. Cal. Nov. 8, 1994)................................................................................ 4

*In re Auclair*,
 961 F.2d 65 (5th Cir. 1992) ...................................................................................................... 7

*In re Bos. Herald, Inc.*,
 321 F.3d 174 (1st Cir. 2003)..................................................................................................... 4

*In re Cassava Scis., Inc. Sec. Litig.*,
 No. 1:21-CV-00751-DAE, 2025 WL 2327101, n. 4 (W.D. Tex. Aug. 12, 2025) ..................... 2

*In re Faro Techs. Sec. Litig.*,
 No. 605CV-1810-ORL-22DAB, 2008 WL 205318 (M.D. Fla. Jan. 23, 2008)......................... 6

*In re First RepublicBank Sec. Litig.*,
 No. CIV. A. 3-88-0641-H, 1989 WL 108795 (N.D. Tex. Aug. 1, 1989) .................................. 3

*In re Flag Telecom Holdings, Ltd. Sec. Litig.*,
 2006 WL 8429110 (S.D.N.Y. June 21, 2006) ........................................................................... 3

*In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*,
 838 F. Supp. 109 (S.D.N.Y. 1993) ........................................................................................... 5

*In re Motel 6 Sec. Litig.*,
 1996 WL 474175 (S.D.N.Y. Aug. 21, 1996)......................................................................... 3, 4

*In re New Century*,
 2009 WL 10691336 (C.D. Cal. Dec. 7, 2009) .......................................................................... 3

*In re Northfield Lab'ys Inc. Sec. Litig.*,
 264 F.R.D. 407 (N.D. Ill. 2009)................................................................................................ 3

*Kaist IP US LLC v. Samsung Elecs. Co.*,
 No. 216CV01314JRGRSP, 2017 WL 9937763 (E.D. Tex. Dec. 15, 2017).............................. 8

*Kalodner v. Michaels Stores, Inc.*,
 172 F.R.D. 200 (N.D. Tex. 1997) ............................................................................................. 2

*KB Partners I, L.P. v. Barbier*,
 No. A-11-CA-1034-SS, 2013 WL 2443217 (W.D. Tex. June 4, 2013) .................................... 2

*Lefkoe v. Jos. A. Bank Clothiers*,
   No. CIV.WMN-06-1892, 2008 WL 7275126 (D. Md. May 13, 2008) ..................................... 6

*Lopez v. State Farm Lloyds*,
   348 F.R.D. 419 (W.D. Tex. 2025) ........................................................................................ 2

*Redus v. Univ. of Incarnate Word*,
   No. SA-14-CA-509-DAE, 2014 WL 12815471 (W.D. Tex. Oct. 17, 2014)............................. 9

*Slaughter v. Atkins*,
   No. CV 09-190-C-M2, 2010 WL 11623626 (M.D. La. May 13, 2010) ................................... 10

*Soto v. City of Concord*,
   162 F.R.D. 603 (N.D. Cal. 1995)............................................................................................ 4

*United States v. James B. Nutter & Co.*,
   No. 4:20-00874-CV-RK, 2021 WL 4227058 (W.D. Mo. Sept. 16, 2021) ................................ 6

*Yang v. Daily Wire, LLC*,
   No. 3:19-CV-1146-G-BN, 2019 WL 13194127 (N.D. Tex. Nov. 7, 2019) ............................. 10

## **Statutes**

15 U.S.C. § 78u-4(b)(1) ............................................................................................................. 9

Lead Plaintiff Bert Pluymen ("Plaintiff") submits this memorandum in opposition to Defendants' motion (ECF No. 86, "Motion") to compel discovery.

## I.    INTRODUCTION

Defendants moved to compel four categories of information. Far from central to this case, the discovery Defendants demand is irrelevant, privileged, premature, or already provided. First, in a case involving fraud by CS Disco, and a less than one year class period, Defendants demand Plaintiff produce documents showing the "size and performance" of Plaintiff's "investment portfolio" over five years, including three years that post-date the class period. This demand is based on the faulty premise that the information is relevant because it bears on Plaintiff's sophistication as an investor, but Defendants disregard caselaw showing that investor sophistication is relevant to neither class certification nor the merits of a securities action premised on a fraud on the market. And tellingly, Defendants do not even attempt to defend their demand for five years of Plaintiff's financial performance. Second, Defendants seek communications Plaintiff's Counsel's investigators conducted in anticipation of litigation, and communications with prospective class members. As these communications are either attorney work product or prospective client communications, they are shielded from discovery. Third, Defendants demand that Plaintiff respond to Defendants' boilerplate contention interrogatories prematurely and wholly fail to show why contention interrogatories in *this* action must be answered prior to the close of discovery. Finally, Defendants vaguely demand Plaintiff provide a more detailed response to an interrogatory outlining Plaintiff's effort to monitor the litigation, but fail to articulate what they consider "more detailed".

## II.    STATEMENT OF FACTS

Defendants served interrogatories and document requests more than two months after the beginning of discovery in this action. *Compare* Dkt. No. 86-2, 86-3 *with* Dkt. No. 3. After

Defendants repeatedly requested delays in the parties' exchange of responses to discovery demands, Dkt. No. 86-7, at 1, Plaintiff timely served responses and objections. Defendants responded to Plaintiff's objections through immediate threats to move to compel. Nevertheless, Plaintiff attempted to confer in good faith to address those matters.

## III.    ARGUMENT

### A.    Applicable Standards on this Motion

"On a motion to compel, unless the relevancy of a discovery request is facially clear, … the movant (i.e., the party seeking discovery) must specifically articulate why the request is relevant to the claims or defenses in the case." *Lopez v. State Farm Lloyds*, 348 F.R.D. 419, 422 (W.D. Tex. 2025) (Berton, J). *See also Haas Outdoors, Inc. v. Dryshod Int'l, LLC*, No. 1:18-CV-596-RP, 2019 WL 13159727, at *1 (W.D. Tex. Sept. 17, 2019) (Pitman, J.) ("[T]he burden lies with the moving party to show clearly that the information sought is relevant to the case.").

### B.    Defendants Demand for Plaintiff's Trading History is Irrelevant

Defendants fail to articulate the reason why, in *this* litigation, five years of *this plaintiff''s* investment history including three years after the close of the class period, are relevant to the merits or class certification, instead vaguely claiming that the "request bears on Plaintiff's sophistication and decision-making as an investor, which in turn, is directly relevant to his alleged reliance on the challenged statements and his adequacy as a class representative". But courts in this district have held that an investor's sophistication does not defeat class certification. *In re Cassava Scis., Inc. Sec. Litig.*, No. 1:21-CV-00751-DAE, 2025 WL 2327101, at *7, n. 4 (W.D. Tex. Aug. 12, 2025) (Ezra, J.) (noting caselaw rejecting "argument that plaintiffs were atypical of class because they were sophisticated investors"); *see also KB Partners I, L.P. v. Barbier*, No. A-11-CA-1034-SS, 2013 WL 2443217, at *12 (W.D. Tex. June 4, 2013) (Sparks, J.) (investor sophistication does not defeat reliance in a fraud on the market case); *Kalodner v. Michaels Stores, Inc.*, 172 F.R.D.

200, 206 (N.D. Tex. 1997) (investor sophistication does not render plaintiffs atypical); *In re First RepublicBank Sec. Litig.*, No. CIV. A. 3-88-0641-H, 1989 WL 108795, at *12 (N.D. Tex. Aug. 1, 1989) ("investment sophistication is irrelevant to claims based upon the fraud-on-the-market theory."). Therefore, Defendants fail to identify any relevance of this information.

Moreover, "in securities class actions, courts routinely deny general discovery into a plaintiff's trading and investment strategy in other securities." *In re New Century*, 2009 WL 10691336, at *3 (C.D. Cal. Dec. 7, 2009) (collecting cases); *see also Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995) (observing that "the right of a party to obtain discovery is not unlimited" and concluding that while discovery of "whether plaintiffs owned MCA stock[] is without doubt relevant to the subject matter of this litigation[, t]he other information [defendant] sought to discover, however, is not[, because a]ny information [defendant] may have gleaned from these discovery requests would have no bearing on either the merits of the case or on the motion for class certification"); *In re Northfield Lab'ys Inc. Sec. Litig.*, 264 F.R.D. 407, 411 (N.D. Ill. 2009) ("the court is not persuaded that Defendants are entitled at this time to account statements reflecting Plaintiffs' trading histories in non-Northfield securities"); *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, 2006 WL 8429110, at *3 (S.D.N.Y. June 21, 2006) ("we fail to see how this extensive production of the plaintiffs' investment history and account statements would establish non-reliance and/or rebut the presumption of reliance under the fraud-on-the-market theory"); *In re Assisted Living Concepts, Inc.*, 2001 U.S. Dist. LEXIS 12864, at *4-5 (D. Or. Apr. 13, 2001) (denying motion to compel "documents relating to plaintiffs' personal investment experience, history, objectives, and strategy" because they were not relevant and finding defendants' document requests "overbroad, far-reaching and burdensome" in securities class action); *In re Motel 6 Sec. Litig.*, 1996 WL 474175, at *1 (S.D.N.Y. Aug. 21, 1996) (rejecting defendant's attempt to

3

"obtain[] a detailed history of plaintiffs' trading history in all stocks, either to demonstrate plaintiffs' sophistication or to obtain clues to their trading strategies [because] . . . sophistication is generally not a matter of consequence . . . [in cases where] liability is premised on the non-disclosure of material facts" and concluding that "a blunderbuss request for plaintiffs' prior trading in other, unrelated securities promises to be both extremely burdensome and of only marginal value in assessing what trading strategy they utilized in connection with their purchase and sale of Motel 6 shares"); *In re AST Rsch. Sec. Litig.*, 1994 WL 722888, at \*3 (C.D. Cal. Nov. 8, 1994) (finding securities fraud class action plaintiffs' refusal to provide discovery into "all transactions by plaintiffs and in any and all securities" was "reasonable").

Further weighing against discovery are the privacy interests of Plaintiff. *In re Bos. Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003) ("Personal financial information, such as one's income or bank account balance, is universally presumed to be private, not public."). Defendants' Motion does not contest that Plaintiffs have a legitimate privacy interest in their personal financial information. *See, e.g.*, *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."). Resolving privacy objections requires balancing the need for the information sought with the privacy right asserted. *See Erhart v. BofI Holding, Inc.*, 2018 WL 5994417, at \*7 (S.D. Cal. Nov. 15, 2018) ("Factors that a court may consider in performing this balancing test includes whether the material is 'clearly relevant' and whether 'the need for discovery is compelling because the information sought is not otherwise readily obtainable.'") (citation omitted). Here, the balance heavily weighs towards Plaintiffs' privacy interests. Plaintiff has an indisputable and legitimate interest in the privacy of their personal financial information,

and Defendants cannot articulate the relevance of Plaintiff's non-CS Disco transactions to class certification issues in this action

Defendants' sparse case law does not require a contrary result. *Brody* did not detail what specific documents relating to trading histories were ordered to be produced, and cannot stand for the proposition that full trading histories are discoverable, because the plaintiff waived the issue. *Brody v. Zix Corp.*, No. 3-04-CV-1931-K, 2007 WL 1544638, at *2 (N.D. Tex. May 25, 2007). It also only ordered production of a relevant period of two years, not five. *Degaulis* involved a plaintiff alleging direct reliance. "Since the direct reliance theory alone supports the discovery requested, the Court need not address whether such discovery is permitted where no direct reliance is alleged." *Degulis v. LXR Biotechnology, Inc.*, 176 F.R.D. 123, 126 (S.D.N.Y. 1997). *Harcourt* was decided without the benefit of decades of subsequent case law on the fraud on the market presumption, and was based on the premise, rejected by courts in this Circuit, that "[a] named plaintiff's sophistication in a fraud on the market suit has been held relevant to the issue of non-reliance" and where plaintiffs alleged direct reliance. *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 112 (S.D.N.Y. 1993). Because courts in this Circuit do not find such matters relevant in fraud on the market cases, it fatally undercuts Defendants' analysis.

Even if Plaintiff's class-period trades were relevant, Defendants provide no explanation why trades for up to three years beyond the class period are relevant. The class period in this matter ended in 2022. Dkt. No. 87-2. Defendants provide no explanation how this information could shed light on plaintiff's "sophistication and decision-making as an investor" years prior.

**C.      Defendants' Demand for Third Party Contacts Seeks Work Product**

First, the relief defendants seek in Section B of their brief is unclear. Defendants variously state that they want the court to order Plaintiff to "provide ***non-privileged*** documents and information in response to ***these*** requests [Discovery Request 15 and Interrogatories 1-3] or

5

indicate that no non-privileged documents exist" (Mot. at 6) or "order that Plaintiff respond with and produce all responsive, non-privileged documents and information related to communications with the former employees identified in the Complaint or any other third party, including CS Disco employees and putative class members." (Mot. at 7). Such relief, by its terms, would appear to not require addressing the subsidiary question of what documents are privileged, and is moreover moot, as Plaintiff expressly agreed to identify non-privileged communications (if any) in response to interrogatories 2 and 3 (Dkt No. 87-7 at 3), and has subsequently provided such information, and non-privileged communications in response to interrogatory 1. Stern Dec. ¶ 2. Plaintiff also clarified, via supplementary response to Discovery Request 15, that no non-privilege documents exist responsive to this request. *Id.* This would moot Section B. Nevertheless, Defendants also argue that certain categories of information are not privileged. None of these arguments have merit.

***Witness Interview Dates and Present Custodians***: Information regarding communications by counsel or their investigators are attorney work product because such information would reveal counsel's litigation strategy and thinking regarding the importance of various witnesses. "The particulars and the substance of … communications [with Confidential Witnesses identified in a complaint under the PSLRA] also is protected."*Lefkoe v. Jos. A. Bank Clothiers*, No. CIV.WMN-06-1892, 2008 WL 7275126, at *12 (D. Md. May 13, 2008); *see also In re Faro Techs. Sec. Litig.*, No. 605CV-1810-ORL-22DAB, 2008 WL 205318, at *2 (M.D. Fla. Jan. 23, 2008) ("Interrogatory 11 seeks clearly protected work-product information, such as the particulars of any and all contacts with Plaintiff's attorneys or investigators."); *United States v. James B. Nutter & Co.*, No. 4:20-00874-CV-RK, 2021 WL 4227058, at *1 (W.D. Mo. Sept. 16, 2021) ("the names of all participants in the interviews, the dates of any interviews, the subject matter of the interviews, and any memoranda, notes, or summaries produced from these interviews*"). Com. of Mass. v. First Nat.*

6

*Supermarkets*, Inc., 112 F.R.D. 149, 152 (D. Mass. 1986) ("[I]nterrogatories which seek the names of persons interviewed by an adverse party's attorney together with the dates and places of such interviews are improper."). " *Equal Emp. Opportunity Comm'n Sanchez v. Evans Fruit Co. Marin*, No. CV-10-3033-LRS, 2012 WL 12866309, at \*2 (E.D. Wash. Jan. 27, 2012) (The material sought—"witness statements, audiotapes or other recordings of interviews of potential witnesses, notes from interviews of potential witnesses and email or calendars recording the dates of any such interviews or investigation efforts"—constitutes attorney work product and is protected from disclosure"). Timing of interviews would reveal to Defendants the priorities of Plaintiff's counsel. Defendants' citation to two opinions that do not address authority running the other way cannot override the weight of authority on this matter, and Defendants' demand for "custodians" of statements has not been the subject of the parties' meet and confer or a discovery request, nor is it clear what "custodian" refers to with respect to statements, as opposed to documents.

***Potential Class Member Communications are Irrelevant and Privileged:*** As an initial matter, Defendants have not explained why communications between counsel and class members are relevant to any claim or defense. Nor, tellingly, do Defendnats provide *any* case holding that an interrogatory seeking communications between counsel and absent class members is proper.

It is beyond dispute that the attorney client privilege attaches to communications with prospective clients. "Of critical importance to a meaningful pre-representation interview is the availability of the attorney-client privilege from the initial salutation and greeting on. The existence of the privilege is an essential ingredient to a full and free exchange of information needed by the attorney for an intelligent assessment of the representation invitation." *In re Auclair*, 961 F.2d 65, 69–70 (5th Cir. 1992). Because the attorney client privilege attaches to discussions with potential clients, The Ninth Circuit took the unusual step of issuing a writ of mandamus to

7

protect communications between a law firm representing a prospective class and absent class members. *Barton v. United States District Court for Central District of California*, 410 F.3d 1104, 1107, 1111 (9th Cir. 2005). Defendants attempt to distinguish this case as based on California state law, but point to cases holding that the law prevailing in this Court would be any different.

Defendants' demand for a privilege log is premature because it was not raised in the parties' meet and confer. Plaintiff has not refused to provide a privilege log, nor have Defendants stated that providing such a log would obviate the need for motion practice. Dkt. Nos. 86-1-10. In any event, *had* this issue been raised, Plaintiff would have confirmed that no communications with class members or former employees at the behest of counsel occurred prior to the initial complaint because the Rosen Law Firm did not get involved in this action until after the initial complaint in this action was filed by another law firm. Dkt. No. 1. *See Benson v. Rosenthal*, No. CV 15-782, 2016 WL 1046126, at *11 (E.D. La. Mar. 16, 2016) (noting that courts often permit the exclusion of documents post-dating commencement of litigation from privilege log).

### D.    Defendants' Contention Interrogatories are Premature

Courts routinely held that "answers to contention interrogatories change over time as theories of liability and … crystallize. Thus, answers to such interrogatories are often best left until the close of discovery." *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 216CV01314JRGRSP, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017); *see also CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 217CV00140RWSRSP, 2018 WL 4112055, at *2 (E.D. Tex. Jan. 24, 2018) (same) Courts in this circuit have held that "[t]o prevent that abuse … a party serving early contention interrogatories would bear the burden of justifying their use. Thus, that party would have to show that the interrogatories were limited, specifically crafted questions seeking responses that would contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis

for a motion under Rule 11 or Rule 56." *Brassell v. Turner*, No. 3:05 CV 476LS, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006) (internal citations omitted); *see also Ho v. Jefferson Fin. Credit Union*, No. CV 23-5618, 2024 WL 4564772, at *2 (E.D. La. Oct. 24, 2024). Defendants do not even try to meet this standard. In reality, Defendants ask Plaintiffs to restate information already alleged in the Amended Complaint (*compare* Interrogatory 11 with ECF. 53, ¶¶50, 51, 62, 64, Interrogatory 12 with ECF. 53, ¶¶30-47, 73-81, and Interrogatory 13 with ECF. 53, ¶¶30-47, 73-81, or to vaguely "explain in detail" broad elements of the claim. Indeed, Interrogatory 16 (erroneously referred to as Interrogatory 36) seeks information that is the subject of a section of Plaintiff's motion for class certification and expert report. See Dkt. Nos. 78 at 11-16 and 78-8.

The authority Defendants rely on is easily distinguishable. *Redus*, a case not involving the heightened pleading standards of the PSLRA, required early answers to contention interrogatories "to the extent [movant's motion seeks to compel plaintiffs to provide the source of their information and the basis of their belief in their responses", matters which, the court noted, are not required under the *Twombley-Iqbal* pleading standard. *Redus v. Univ. of Incarnate Word*, No. SA-14-CA-509-DAE, 2014 WL 12815471, at *11 (W.D. Tex. Oct. 17, 2014) (Mathy, J). The PSLRA, however, requires that a complaint "specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Defendants' boilerplate demand that Plaintiff reallege matters already stated in the complaint cannot, at this juncture, "contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or … to expose a substantial basis for a motion under Rule 11 or Rule 56." *Brassell*, 2006 WL 1806465. Defendants' reliance on *ADW* provides no support to their

9

argument as it merely overruled objections to interrogatories "as calling for a legal conclusion or serving no proper purpose are overruled". *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016). It sheds no light on the proper timing of such interrogatory.

### E.    Plaintiff's Response to Interrogatory 18 is Sufficient

Responding to Defendants' Interrogatory 18, Plaintiff stated that he monitored counsel though regular communication, and identified the subject matter of that communication. Rather than identify any specific deficiency, Defendants simply demand a "complete answer" to this interrogatory. Defendants neither elaborate on this demand nor explain why a more detailed response is necessary for either the merits of this suit or class certification. This alone is reason enough to deny the motion as to this request. *ASTER Rsch. Techs., Inc. v. Raba-Kistner Infrastructure, Inc.*, No. SA-07-CA-93-XR, 2007 WL 9706987, at *3 (W.D. Tex. Dec. 13, 2007) (Mathy, J.) (denying motion to compel where moving party vaguely demanded "more detail"); *Slaughter v. Atkins*, No. CV 09-190-C-M2, 2010 WL 11623626, at *4 (M.D. La. May 13, 2010) (motion to compel denied where interrogatory response sufficient to allow moving party to obtain more detail through deposition). A motion to compel a more detailed response will be denied where the "answer as a whole discloses a conscientious endeavor to understand the question and to answer it fully" *Yang v. Daily Wire, LLC*, No. 3:19-CV-1146-G-BN, 2019 WL 13194127, at *3 (N.D. Tex. Nov. 7, 2019). Moreover, Defendants have the benefit of Mr. Pluymen's declaration in support of class certification which also outlines the effort he has undertaken in monitoring this litigation.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion. In addition, the Court should award Plaintiff's costs. Fed. R. Civ. P. 37(a)(5)(B).

Dated: September 5, 2025                    Respectfully submitted,

                                           **THE ROSEN LAW FIRM, P.A.**

                                           /s/ Jonathan Stern
                                           Jonathan Stern (*pro hac vice*)
                                           275 Madison Avenue, 40th Floor
                                           New York, NY 10016
                                           Telephone: (212) 686-1060
                                           Fax: (212) 202-3827
                                           Email: jstern@rosenlegal.com

                                           *Lead Counsel for Lead Plaintiff and the Class*

                                           -and-

                                           **KENDALL LAW GROUP, PLLC**
                                           Joe Kendall
                                           Texas Bar No. 11260700
                                           3811 Turtle Creek Blvd., Suite 825
                                           Dallas, Texas 75219
                                           Phone: (214) 744-3000
                                           Fax: (214) 744-3015
                                           Email: jkendall@kendalllawgroup.com

                                           *Liaison Counsel for Lead Plaintiff and the Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, a true and correct copy of the foregoing document was served on all counsel of record registered via the Court's CM/ECF electronic filing system.

/s/ Jonathan Stern
Jonathan Stern
