# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 1:24-cv-00028-DAE |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § § | |
| *Defendants.* | § | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Defendants filed this Motion to Compel because Plaintiff failed to meet his basic discovery obligations.  After the Motion was filed, Plaintiff produced select documents (a total of 34 documents to date) and belatedly served amended discovery responses that moot some, but not all, of the issues raised in Defendants' Motion.  Defendants proposed several compromises to resolve the remaining issues without burdening the Court, but Plaintiff has refused to meet in the middle. Accordingly, Defendants' right to the following discovery remains unresolved:

- **RFP No. 11**: Plaintiff's investment history for the last five years, which is relevant to his claim of reliance and his suitability as a class representative.

- **Interrogatory Nos. 2-3**: Non-privileged information concerning third parties and third-party communications about CS DISCO, which are relevant to Plaintiff's claims and potential defenses.

- **Interrogatory Nos. 11-16**: Underlying facts about the alleged misstatements in the Amended Complaint, which are relevant to Plaintiff's claim of securities fraud.

- **Interrogatory No. 18**: Information about Plaintiff's participation in this litigation, which is relevant to his suitability as class representative and any claim for compensation he may seek for acting in that role.

I.      **ARGUMENT**

A.      **RFP No. 11: Plaintiff's Investment History**

Plaintiff refuses to produce documents "sufficient to show the size and performance of [Plaintiff's] investment portfolio in the last five (5) years." Ex. A at 8. This information is directly relevant to Plaintiff's reliance on the challenged statements at issue, his purported adequacy and typicality as the class representative, and his sophistication as an investor. *See* Mot. at 4. In response, Plaintiff argues only that "an investor's sophistication does not defeat class certification." Opp. at 2. But the fact that investor sophistication may not be dispositive to class certification (which Defendants contest) does not render this information irrelevant. *See* Fed. R. Civ. P. 26(b)(1) (permitting broad discovery of "any nonprivileged matter that is relevant to any party's claim or defense"). This information is probative of whether Plaintiff actually relied on the alleged misstatements, the materiality of the challenged statements, whether Plaintiff was motivated by independent trading strategies, and whether he is an appropriate class representative.

Beyond Plaintiff's reliance on class certification rulings, which say nothing about the discoverability of the information, Plaintiff cites only out-of-Circuit cases that have no bearing here. *See* Opp. at 3-4. For example, Plaintiff cites *In re AST Research Securities Litigation*, where the court did "not elaborate on the merits of the discovery dispute" concerning plaintiff's trading history and found only that "plaintiffs' position on the disputed discovery requests [was] reasonable," without clarifying whether the plaintiff outright refused to produce ***any*** information. 1994 WL 722888, at *3 (C.D. Cal. Nov. 8, 1994). Likewise, *In re New Century* involved a plaintiff who (unlike here) had already "produced general documents relating to its investment policies, including its investment manuals, annual financial reports, its equity holdings reports and other business records," which the court found sufficient. 2009 WL 10691336, at *3 (C.D. Cal. Dec. 7, 2009).

Plaintiff also waived his purported "privacy" interest (*see* Opp. at 4) by not raising that objection in response to the discovery requests—or during any of the multiple meet and confers on the issue. Moreover, Plaintiff's cited authority does not support his belated assertion. *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003), considered the standard for sealing financial affidavit in support of eligibility for counsel under the Criminal Justice Act, not civil discovery. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995), compelled production of officer personnel files even though the "right of privacy" had been raised because (as here) the files were "unlikely to be available from any other source." And *Erhart v. BofI Holding, Inc.*, 2018 WL 5994417, at *7 (S.D. Cal. Nov. 15, 2018), held that a party resisting discovery "should not rely on [privacy] objection to withhold entire documents." The parties have entered into a protective order governing confidentiality (ECF No. 83) for a reason—Plaintiff's "privacy" concerns are unfounded. Since Plaintiff has rejected Defendants' multiple attempts to narrow the time frame to even fewer years than are plainly relevant, Plaintiff should be compelled to provide the discovery as originally propounded.

### B. Interrogatory Nos. 2-3: Non-Privileged Witness Information

These requests seek non-privileged information concerning third-party witnesses with whom Plaintiff or counsel have communicated about this case. *See* Ex. B at 6-7. Plaintiff belatedly mooted several of the issues by identifying the former employees referenced in the Amended Complaint and two other third parties yet Plaintiff's supplemental responses remain deficient.

First, Interrogatory No. 2 seeks the identity of each third party with whom Plaintiff or counsel have communicated regarding this action. Plaintiff refuses to identify, for example, putative class members. Yet as Defendants' Motion makes clear, non-privileged witness information, such as putative class member identities, is discoverable. *See* Mot. at 6. The mere fact of, and participants to, a communication are not privileged—whether such communications

occurred with putative class members or not.  Plaintiff's blanket claim of privilege as to *any*

counsel communications, including those with unnamed putative class members, lacks support.

*See* Opp. at 6.  Plaintiff contests, for the first time, the relevance of putative class member

communications.  *See id*. at 7.  But it is hard to imagine how such communications—with the very

individuals Plaintiff seeks to represent in this action on a classwide basis—are not relevant.

Moreover, Plaintiff's *only* supportive (out-of-Circuit) authority proffers that the substance of the

communications between an attorney and prospective client are subject to the attorney-client

privilege—a proposition Defendants *do not dispute*.[1]  *See* Opp. at 7 (citing *Barton v. U.S. Dist.

Ct. for Central Dist. of Cal.*, 410 F.3d 1104 (9th Cir. 2005)).

Second, Interrogatory No. 3 seeks a description of written records of communications with

third parties.  In newly served supplemental responses, Plaintiff identifies two individuals with

whom he communicated about CS Disco but fails to describe the non-privileged communications

with these individuals.  This Court should therefore compel Plaintiff to provide non-privileged

information concerning third-party identities and non-privileged documents and to detail the non-

privileged communications known to exist.

### C.    Interrogatory Nos. 11-16: Factual Allegations Concerning Plaintiff's Claims

Plaintiff cites only out-of-District cases for the proposition that he need not answer

contention interrogatories, despite the requested information going to the core of this case—*i.e.*,

Plaintiff's allegations concerning the four surviving purported false or misleading statements on

---

[1] As Defendants have continually emphasized, they are only seeking non-privileged information, such as the identities of the putative class members and any non-privileged documents. *See Stoffels v. SBC Commc'ns, Inc.*, 263 F.R.D. 406, 417 (W.D. Tex. 2009) (only material created in anticipation of litigation and containing mental impressions or conclusions is protected).  Indeed, Plaintiff's own cited case law supports Defendants' position that documents provided by putative class members to counsel are discoverable.  *See* Opp. at 3 (citing *In re New Century*, 2009 WL 10691336, at *6 ("pre-existing documents that the putative class members provided to counsel are not protected by the attorney-client privilege")).

which his case now rests. *See* Ex. B at 8-9. In this Circuit, "[t]he general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *5 (N.D. Tex. Feb. 27, 2004) (requiring responses to contention interrogatories before discovery close).

Moreover, Plaintiff's out-of-Circuit cited case law does not support his position. *See* Opp. at 8-9. *Brassell v. Turner*, 2006 WL 1806465, at *4 (S.D. Miss. June 29, 2006), granted a motion to compel contention interrogatories seeking that the party "support a position he had before this litigation began" because the requests sought "factual information that should be readily known." Similarly, *Ho v. Jefferson Fin. Credit Union*, 2024 WL 4564772, at *3 (E.D. La. Oct. 24, 2024) found a response to interrogatories that stated "See Complaint" improper and ordered the plaintiff to supplement the interrogatories "seeking the facts [plaintiff] will rely upon to support her alleged claims" to "provide any additional information beyond that alleged in the complaint." And, case law concerning discovery of detailed patents, *see* Opp. at 8 (citing *Kaist IP US LLC v. Samsung Elecs. Co.*, 2017 WL 9937763, at *1 (E.D. Tex. Dec. 15, 2017)), or a complaint subjected to the heightened PSLRA pleading standards, Opp. at 9 (attempting to distinguish *Redus*), are irrelevant. The bases of Plaintiff's claims in this case should be "readily known" to him and are far from premature at this stage, nearly *18 months* after Plaintiff filed his Amended Complaint.

This Court should compel Plaintiff to respond to the Interrogatories.

### D.   Interrogatory No. 18: Plaintiff's Participation in this Litigation

Plaintiff does not (and cannot) dispute the relevance of this request, which seeks a detailed explanation of his time and effort participating in, monitoring, and supervising this action. *See* Ex. B at 10. Plaintiff's one-sentence response that he "communicated regularly" with his attorneys

regarding various filings, *see* Ex. D at 14, falls short.[2]  That Defendants now "have the benefit of [Plaintiff's] declaration in support of class certification which also outlines the effort he has undertaken in monitoring this litigation," Opp. at 10, does not absolve Plaintiff of his duty to provide Defendants with a complete answer.  The Court should compel Plaintiff to fully respond.

## II.    CONCLUSION

Defendants respectfully request the Court grant Defendants' Motion and award Defendants their fees and costs.  *See* Fed. R. Civ. P. 37(a)(5)(A) (requiring attorneys' fees and costs if requested discovery is provided after a motion to compel is filed).

Dated: September 12, 2025                    Respectfully submitted,

By: */s/Ashley Corkery*
Ashley Kemper Corkery
Admitted *Pro Hac Vice*
acorkery@cooley.com
Tijana Brien
Admitted *Pro Hac Vice*
tbrien@cooley.com
Brett H. De Jarnette
Admitted *Pro Hac Vice*
bdejarnette@cooley.com
Patrick E. Gibbs
Admitted *Pro Hac Vice*
pgibbs@cooley.com

COOLEY LLP
3175 Hanover Street
Palo Alto, California 94304-1130

---

[2] Not only does this response fail to provide the time spent participating in and supervising this litigation, but it also fails to "explain what portion of an interrogatory [] is objectionable … and affirmatively explain whether any responsive information [has] been withheld." *Lechuga v. Magallanes*, 2017 WL 8180781, at *2 (W.D. Tex. June 1, 2017).

(650) 843-5000 (phone)
(650) 849-7400 (fax)

Peter D. Kennedy
Texas Bar No. 11296650
pkennedy@gdhm.com
Hailey L. Suggs
Texas Bar No. 24113497
hsuggs@gdhm.com
**GRAVES, DOUGHERTY, HEARON & MOODY, P.C.**
401 Congress Avenue, Suite 2700
Austin, Texas 78701
(512) 480-5764
(512) 480-9908 (Fax)

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on all counsel of record on September 12, 2025, via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

*/s/ Ashley Corkery*