

Tijana Brien                                                                              **Via Email**
T: +1 650 843 5941
tbrien@cooley.com

July 10, 2025

Jonathan Stern
275 Madison Avenue, 34th Floor
New York, NY 10016
(212) 686-1060
jstern@rosenlegal.com

Josh Baker
101 Greenwood Ave, Suite 440
Jenkintown, PA 19046
(215) 600-2817
jbaker@rosenlegal.com

**Re:    *Gambrill v. CS Disco, Inc., et al.*, No. AU:24-CV-00028-DAE**
**Deficiencies in Plaintiff's Responses and Objections to**
**Defendants' First Set of Requests for Production and First Set of Interrogatories**

Counsel:

We have reviewed Plaintiff's Responses and Objections ("Responses") to Defendants' First Set of Requests for Production of Documents ("RFPs") and First Set of Interrogatories ("Interrogatories") (collectively, "Requests"), served on June 25 and 26, 2025. As detailed below, Plaintiff's Responses contain numerous and significant deficiencies that fall far below the standards expected under the Federal Rules of Civil Procedure ("FRCP"). We request that Plaintiff immediately cure all deficiencies identified below by no later than July 25, 2025. Please further provide your availability for a meet-and-confer call on July 15 or 16, so we can ensure that adequate responses and discovery are forthcoming.

### Overarching Deficiencies in Plaintiff's Responses

As a general matter, Plaintiff has refused to produce documents responsive to the vast majority of the Requests, instead asserting blanket objections and requesting to meet and confer to narrow the scope of ***virtually every Request***. Indeed, Defendants were surprised, and frankly disappointed, to learn that of the 47 RFPs propounded, Plaintiff has refused to produce responsive documents and instead requested to meet and confer to purportedly try to narrow the scope of 31 RFPs served on ***one*** individual Plaintiff, without a valid basis. Likewise, Plaintiff has refused to answer 12 of the 18 Interrogatories propounded.

Defendants served these Requests on Plaintiff on May 2, 2025, and counsel conducted what was believed to be a lengthy and productive meet and confer on June 17, 2025 to discuss the scope of the parties' commitments, where Plaintiff's counsel did not raise any objections or intention to withhold documents and information responsive to the vast majority of the Requests. Now—over two months after Defendants served these Requests, ████████████████████████████████████████████ ████████████ and two weeks after the meet and confer—Plaintiff has taken the parties back to the drawing board by refusing to fairly and reasonably engage in the discovery process.

**Corrected Exhibit E**



Jonathan Stern
Josh Baker
July 10, 2025
Page Two

FRCP 34(b)(2)(B) provides that a party must "state with specificity the grounds for objecting to the request, including the reasons."  Plaintiff, however, has lodged nearly identical, boilerplate objections based on relevance and proportionality to all of Defendants' Requests.  For example, Plaintiff objects on grounds that the RFPs are "overbroad and not proportional to the needs of the case" but does not offer any detail or explanation as to how the RFPs "do not concern the allegations in this case."  Likewise, FRCP 33(b)(4) provides that the "grounds for objection to an interrogatory must be stated with specificity."  However, Plaintiff again contends, for example, that several of the Interrogatories are "overly broad in that [they] seek[] matters not relevant to the subject matter of this litigation," but does not support this proposition with any specificity.  Courts in this district consistently reject such conclusory attempts to evade discovery obligations.  *See Phillips v. Murphy Oil USA, Inc.*, 2024 WL 677711, at *2 (W.D. Tex. Feb. 12, 2024) (holding general objections to a discovery request as "overly broad, unduly burdensome, or seek[ing] information that is not relevant and not likely to lead to the discovery of relevant evidence, are invalid") (internal quotations and citation omitted); *La Union Del Pueblo Entero v. Abbott*, 2022 WL 17574079, at *4 (W.D. Tex. Dec. 9, 2022) ("boilerplate, and unsupported objections to discovery requests that fail to state their grounds with specificity are improper and result in waiver of those objections") (internal quotations and citation omitted); *Baker v. Walters*, 652 F. Supp. 3d 768, 780 (N.D. Tex. 2023) ("[A] party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity ... [and] must explain the specific and particular way in which a request is vague.").  If Plaintiff believes certain documents and information responsive to these Requests would exceed the scope of discovery, Plaintiff must identify with specificity what such categories of documents are and why.  *See* 2015 Advisory Comm. Notes to Fed. R. Civ. P. 34 ("[I]f the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad"); *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tex. 2014) ("A party … must fully answer each interrogatory … to the full extent that it is not objectionable and … affirmatively explain what portion of the interrogatory or document request is not objectionable … and affirmatively explain whether any responsive information or documents have been withheld.")

Plaintiff similarly lodges boilerplate privilege objections to **every Request**, rendering it impossible for Defendants to determine what documents Plaintiff will produce, what documents Plaintiff will withhold, and the basis for any purported privilege.  Moreover, several of these requests seek information concerning Plaintiff's own investment decisions, investment portfolio, communications with third parties, and personal history, which are not properly the subject of the attorney-client privilege, as they do not require or involve advice of counsel.

Plaintiff also objects to the definition of "CS DISCO SECURITY" as "overly broad, vague, ambiguous, and unduly burdensome."  To the extent this objection seeks to limit the documents Plaintiff produces, it is not well-founded.  *See Heller*, 303 F.R.D. at 491 ("The responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in" discovery requests.) (internal citation and quotation marks omitted).

In light of these (unexpected and belated) deficiencies, Defendants request that, for each RFP, Plaintiff confirm that he will immediately (1) produce all non-privileged responsive documents in his possession, custody, or control; (2) confirm that no such documents exist; or (3) state with specificity what documents and information he is agreeing to produce in response to each RFP.  And for each Interrogatory where Plaintiff refuses to substantively respond, Plaintiff must do more to meet his burden, as at present, there is no justifiable basis to refuse this discovery.  Should Plaintiff continue to violate and frustrate the purpose of the Federal Rules, Defendants will not hesitate to seek judicial intervention.

**Corrected Exhibit E**



Jonathan Stern
Josh Baker
July 10, 2025
Page Three

<u>**Responses to Specific Requests**</u>

As detailed below, Plaintiff's Responses are deficient in several respects.  First, Plaintiff entirely sidesteps the substance of most Requests, instead offering an unwarranted demand to meet and confer, despite having had the opportunity to seek clarification or raise objections to the scope of the Requests during the parties' prior conference that was scheduled to accomplish that very purpose.  Second, Plaintiff has outright refused to respond to Requests that go to central issues in this action.  While Defendants remain willing to meet and confer regarding the scope of certain Requests, Plaintiff must come prepared to satisfy his burden of lodging objections to the Requests with the requisite specificity and identify how he will rectify the current deficiencies.

        A.        **Plaintiff Inexplicably Seeks Additional Time to Confer on the Vast Majority of Requests Served Months Ago**

***RFP Nos. 2-4, 8-9, 12-19, 22, 24, 26, 30-42, 44-46.***  These RFPs collectively seek information concerning Plaintiff's transactions in CS DISCO common stock; his decision to purchase or sell CS DISCO stock; information relied upon in effecting such purchases, sales, or other transaction; the allegations in and parties to this action, including individuals identified in the Complaint as having relevant information; Plaintiff's participation and service as Lead Plaintiff, including his relationship with Lead Counsel, potential class members in this action, and Defendants; Lead Plaintiff's involvement in prior class action lawsuits; and the preservation of documents and other relevant information in this matter.

In his Responses to these RFPs, all Plaintiff states is that he "is willing to meet and confer with Defendants to attempt to narrow th[ese] Request[s], if possible."  Defendants do not understand, nor does Plaintiff elaborate on, how such documents concerning the aforementioned categories of information in Plaintiff's possession, custody or control would not be relevant to this lawsuit and appropriately the subject of discovery.  To the contrary, these RFPs ***bear directly on*** the elements of Plaintiff's remaining Section 10(b) claim, such as reliance and materiality, as well as Plaintiff's (and his counsel's) interest in the case and his ability to adequately represent any proposed class in this matter.  Indeed, it is hard to imagine how, for example, "[d]ocuments cited in, referred to, or quoted in the Complaint" in this Action (RFP No. 22) or "documents and communications concerning any named person quoted or referenced in the Complaint" (RFP No. 14) would not be "relevant to the parties' claims and defenses" or would be "overbroad and not proportional to the needs of this case[.]"

***Interrogatory Nos. 1-4, 10, 17.***  These Interrogatories similarly seek highly relevant information regarding individuals with whom Plaintiff has communicated about this action, including Defendants; individuals who have knowledge of relevant facts; and Plaintiff's involvement in prior lawsuits and class actions.  Yet, again, Plaintiff objects that each of these Interrogatories is "overly broad in that it seeks matters not relevant to the subject matter of this litigation" or "unduly burdensome," thereafter responding only that he is "willing to meet and confer regarding an appropriate means of narrowing the" Interrogatories.  Again, Defendants fail to comprehend how such information is not relevant to this matter or how it is overly burdensome given these Interrogatories seek information that pertains solely and directly to Plaintiff's personal involvement and knowledge of this action and prior lawsuits.  These Interrogatories do not require any search for information nor collection of materials, as each Interrogatory seeks information as to Plaintiff's knowledge of matters directly relevant to this case.

Plaintiff's Responses to these Requests fall far below the baseline and minimum requirements set forth under the FRCP, and Plaintiff must confirm that he is amending his Responses to produce the relevant and responsive documents and information.



Jonathan Stern
Josh Baker
July 10, 2025
Page Four

**B.      Plaintiff Outright Refuses to Produce Clearly Responsive Documents and Information**

***RFP Nos.*** **1-4, 6-11, 24, 26-27, 30-33, 35, 40-41, 47, 48.**  These RFPs request information directly relevant to Plaintiff's purported adequacy as the class representative in this matter, including: documents concerning Plaintiff's transactions in CS DISCO securities, the reasons for and circumstances underlying such transactions, Plaintiff's general investment strategies and practices, the size and performance of his investment portfolio, Plaintiff's current and prior involvement in other litigation (as a class representative or otherwise), Plaintiff's retention of Lead Counsel and any related agreements; Plaintiff's document and data retention practices related to this action, Plaintiff's criminal history or record, whether Plaintiff or Lead Counsel have been subject to sanctions or other disciplinary measures, and Plaintiff's alleged reliance on any of the remaining challenged statements prior to his purchase of CS DISCO securities.

Plaintiff broadly objects to these RFPs on the basis of relevance and claims he will withhold documents and communications "that do not concern the allegations in this case."  Plaintiff's refusal to produce documents that, in his view, are not relevant to the allegations in this case is misguided.  These requests pertain directly to Plaintiff's purported adequacy to serve as the class representative in this matter—a dispositive issue that remains to be decided at the class certification stage—and also implicate key issues of reliance and materiality.  The adequacy inquiry is not confined to the substantive allegations in the Complaint, and Defendants are entitled to these plainly relevant documents.

***RFP No. 5.***  This RFP seeks "All DOCUMENTS CONCERNING YOUR policies, philosophies, strategies, and practices during the last five (5) years CONCERNING whether, when, or under what circumstances to institute litigation against anyone regarding YOUR investments or investment losses."  Plaintiff summarily objects to this RFP as "overbroad and not proportional to the needs of this case," and refuses to produce documents in response to this RFP.

As above, this RFP is directly relevant to reliance, materiality, and Plaintiff's adequacy.  Plaintiff's refusal to produce ***any*** documents in response to this RFP evidences a blatant failure to participate in good faith in the discovery process.

***RFP Nos. 14-15; Interrogatory No. 1.***    Defendants seek, through these Requests, documents, communications, and other information related to the individuals identified as "FE-1," "FE-2," or "FE-3" in paragraphs 19-21 of the Complaint.  Plaintiff objects, in part, because the Requests seek information "protected by the attorney client privilege or attorney work product doctrine[.]"  Plaintiff has not provided any basis as to how these privileges apply to such individuals referenced in the Complaint, where Lead Counsel does not represent these individuals.  ***At a minimum***, the identities of these individuals and the dates of Plaintiff's communications with these individuals are not privileged.  *See, e.g.*, *Brody v. Zix Corp.*, 2007 1544638, at \*1-2 (N.D. Tex. May 25, 2007) (finding the names of former employees identified by plaintiff in the complaint "are clearly within the scope of permissible discovery and must be revealed" because "those sources unquestionably have knowledge of facts relevant to a claim or defense, as evidenced by statements attributed to them in plaintiffs' complaint") (internal citation omitted); *Doe 1 v. Baylor University*, 320 F.R.D. 430, 443 (W.D. Tex. 2017) (party had "not met its burden to demonstrate that [the names of individuals interviewed by counsel] reveals attorney work product," because the "fact that a person was interviewed by [counsel] … does not necessarily reveal why the information was part of the investigation or what role it played in the investigation").

***RFP No. 20.***  This RFP seeks "All DOCUMENTS CONCERNING YOUR alleged damages claimed in this ACTION, including DOCUMENTS CONCERNING the causation of damages, the amount of damages



Jonathan Stern
Josh Baker
July 10, 2025
Page Five

allegedly suffered, and any method or formula that YOU, LEAD COUNSEL, or another PERSON proposes to use to calculate class-wide damages." In his Response, Plaintiff states he "will produce non-privileged, non-protected documents in their possession sufficient to show the performance of their transactions in CS Disco Securities."

Defendants' RFP encompasses ***all*** documents concerning any alleged or claimed damages in this action, and is not limited to documents showing the performance of Plaintiff's CS DISCO Securities. Such documents are squarely dispositive of the "relief and judgment" Plaintiff purports to seek, including "damages sustained by Plaintiff and the Class," "and attorneys' fees, expert fees and other costs[.]" *See* Compl., Prayer for Relief. If Plaintiff is no longer seeking additional claimed damages beyond his current Response to RFP No. 20, please state so much.

**RFP No. 21.** This RFP seeks "All DOCUMENTS in YOUR possession, or in the possession of LEAD COUNSEL attorneys, that YOU intend to rely on, seek to introduce into evidence, or otherwise intend to refer to in connection with any request for certification of the putative class in this ACTION or any other proceedings in this ACTION, including any DOCUMENTS considered by an expert or relied upon as a basis for any expert opinion." Plaintiff objects "to the extent that [the RFP] is cumulative of other requests and, to the extent it will be the subject of expert discovery, that it is premature at this time," and responds he "will produce non-privileged, non-protected documents in their possession sufficient to show the performance of their transactions in CS Disco Securities."

But Defendants' RFP encompasses ***all*** documents Plaintiff intends to introduce into evidence or otherwise rely on in connection with his request for certification of any proposed class or any other proceeding in this action, and is not limited to documents "sufficient to show [Plaintiff's] transactions in CS DISCO Securities." Plaintiff has offered no basis, let alone a satisfactory basis, as to why this RFP should be so narrowly limited to Plaintiff's transactions in CS DISCO Securities, and in fact, it is hard to imagine on what basis production of only documents related to Plaintiff's transactions in CS DISCO Securities is a sufficient response to this Request. Please confirm Plaintiff will produce documents responsive to this RFP.

**RFP No. 23.** This RFP seeks "All DOCUMENTS and COMMUNICATIONS CONCERNING any PERSON in LEAD PLAINTIFF'S disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure. This request is made without limitation as to time." Plaintiff objects to this RFP, *inter alia*, on the basis of spousal privilege and relevance, and because the RFP is cumulative of other Requests. As an initial matter, Plaintiff does not identify which other Requests this RFP may duplicate and does not (and cannot) provide any rationale as to how documents related to individuals who are likely to have discoverable information is not relevant to this action. *See* FRCP 26(a)(1)(A)(i).

Notably, too, it is not clear how documents related to individuals identified in his initial disclosures may be violative of the spousal privilege, especially where Plaintiff has failed to identify any individual—other than parties to the action—as individuals likely to have relevant information in his initial disclosures. *See* 2025-07-10 Ltr. re: Deficiencies in Plaintiff's Initial Disclosures. As courts in this Circuit have consistently held, a party "asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *Baylor University*, 320 F.R.D. at 435 (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)); *see also Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004) ("A general allegation of privilege is insufficient to meet this burden."). Plaintiff must amend to exclude this objection or, in the alternative, explain with specificity how the spousal privilege applies to this RFP. If any documents or information are withheld on the basis of this privilege, Plaintiff must provide a privilege log of the withheld evidence.

**Corrected Exhibit E**



Jonathan Stern
Josh Baker
July 10, 2025
Page Six

Additionally, Plaintiff responds he "will produce documents in their possession sufficient to show their transactions in CS Disco Securities." Again, Defendants' RFP encompasses documents related to those individuals identified in Plaintiff's initial disclosures and it is not clear how documents reflecting Plaintiff's transactions in CS DISCO securities are responsive to this RFP. Please confirm Plaintiff will produce all documents in his possession, custody, and control responsive to this RFP.

***Interrogatory Nos. 11-16.*** These Interrogatories seek information directly related to the information and statements Plaintiff alleges to be false or misleading in the Complaint, including by requesting that Plaintiff identify verbatim each statement he contends to be false or misleading and detail how each such statement was allegedly false or misleading.

Inexplicably and completely illogically, Plaintiff responds that these Interrogatories are premature "in that it asks for Plaintiff to identify statements Plaintiff contends are misleading," and "Plaintiff will update his response to [each] Interrogatory after the close of fact discovery." This position is untenable, given that Plaintiff initiated this action by alleging certain statements were false or misleading (*see* Compl. ¶¶ 50, 52, 62, 64) based on the alleged omission of certain material information (*id.* ¶¶ 51, 53, 63, 65). There is no basis for Plaintiff to claim, on one hand, that certain statements are misleading by omission, while simultaneously arguing, on the other hand, that he is not obligated to identify the allegedly misleading statements and the information that allegedly rendered those statements misleading.

Plaintiff must immediately supplement these deficient Responses, and additionally abide by his continuing obligation to supplement his Responses as discovery proceeds should he learn that some material respect of his Response is incomplete or incorrect. *See* FRCP 26(e)(1)(A).

    **C.**    **Defendants Remain Willing to Meet and Confer Regarding the Scope of Certain Requests**

As a courtesy and without waiver, Defendants will agree to meet and confer to narrow the scope of select Requests, subject to Plaintiff's good faith efforts to articulate with specificity any purported objections to Defendants' Requests, beyond the boilerplate objections served to date.

* * *

Please provide your availability on July 15 or 16 for a meet and confer and please further confirm that you will serve amended responses by July 25.

We trust the parties can resolve these deficiencies, but should Plaintiff continue to impede discovery into the most central issues in this litigation, Defendants will have no choice but to seek judicial intervention, including by moving to compel further responses. *See Walters v. Sentry Link, LLC*, 2018 WL 837611, at *3 (W.D. Tex. Feb. 9, 2018) (granting motion to compel where plaintiff "provided only boilerplate and improper objections, and gave incomplete responses to the interrogatories and requests for production"); *Matta v. May*, 118 F.3d 410, 416 (5th Cir.1997) ("A court may assess attorney's fees … when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]"); *Cantu v. TitleMax, Inc.*, 2016 WL 9450441, at *1 (W.D. Tex. Jan. 19, 2016) (warning parties that "evasive or dilatory discovery filings or responses may subject them to expenses and other sanctions").

Defendants reserve the right to raise further deficiencies at a later date and to seek any and all remedies available.



Jonathan Stern
Josh Baker
July 10, 2025
Page Seven

Sincerely,

*s/Tijana Brien*
Tijana Brien


cc:   All Counsel of Record

Cooley LLP   3175 Hanover Street   Palo Alto, CA   94304-1130
t: +1 650 843 5000  f: +1 650 849 7400  cooley.com