**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **LYNN GAMBRILL, Individually and** | § | |
| **On Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **A-24-CV-28-DAE** |
| | § | |
| **CS DISCO, INC., KIWI CAMARA, and** | § | |
| **MICHAEL LAFAIR,** | § | |
| **Defendants.** | § | |

## ORDER

Before the Court is Defendants' Opposed Motion to Compel Discovery from Plaintiff (Dkt. 86) and all related briefing.[1] On September 18, 2025, the Court held a hearing on the motion. After consideration of the parties' briefing, the applicable law, and the arguments made at the hearing, the undersigned finds as follows.

### I.    PROCEDURAL HISTORY

This securities class action was initially filed in the Southern District of New York on September 19, 2023, stating causes of action under the Securities Exchange Act of 1934. Dkt. 1. On December 14, 2023, Bert W. Pluymen was appointed as Lead Plaintiff, and the case was transferred to the Western District of Texas on January 9, 2024. Dkts. 32; 35. Plaintiff moved to certify a class on August 4, 2025. Dkt. 78. The undersigned indicated that continuances would not be granted for responsive briefing to the motion on class certification and set the motion for hearing on December 4, 2025. Dkt. 79. Mindful of the court's firm briefing deadlines, Defendants moved

---

[1] The motion and related briefing were referred to the undersigned for disposition by United States Senior District Judge, David A Ezra, pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated September 2, 2025.

to compel the production of discovery they represent is necessary to complete their responsive brief to Plaintiff's motion to certify class.[2] Dkt. 86 at 2.

After subsequent responses from Plaintiff mooted two issues, Defendants request all non-privileged documents that are responsive to Defendants' Request for Production No. 11 and full and complete responses to Defendants' Interrogatory Nos. 2-3, 11-16, and 18. Plaintiff responds that the requested discovery is irrelevant, privileged, or premature. Dkt. 88. Defendants replied. Dkt. 89.

## II.    ANALYSIS

For the reasons more specifically described at the hearing, the Court finds as follows:

1. **Pluymen's Investment History (Request for Production 11):** Plaintiff objects that this request is irrelevant and impermissible. The undersigned finds that Defendants have shown the relevancy of this request and that it is discoverable; however, the undersigned limits the temporal scope of Defendants' request to <u>January 1, 2021 to December 31, 2023</u>. Accordingly, Plaintiff is **ORDERED** to produce the requested documents for all of Pluymen's accounts during the prescribed time frame **by 5:00 p.m. on September 22, 2025**.[3]

2. **Third-Party Contacts (Interrogatories 2-3):** As stated at the hearing, Defendants have failed to show why this information is relevant at this time. Accordingly, Defendants' motion is **DENIED** as to Interrogatories 2-3.

3. **Factual Allegations (Interrogatories 11-16):** Plaintiff's objection to Interrogatories 11-16, that they are premature contention interrogatories, is overruled. Plaintiff should

---

[2] Pursuant to the parties' Scheduling Order, Dkt. 73, Defendants' responsive brief is due October 3, 2025, and Plaintiff's reply brief is due November 17, 2025.

[3] The undersigned notes that this accelerated production timeline is on account of the Pluymen deposition scheduled for September 23, 2025.

be able to answer these interrogatories in addition to what he has alleged in his Complaint, *see* Dkt. 53. Accordingly, Plaintiff is **ORDERED** to respond to Interrogatories 11-16 **by September 26, 2025**.

4. **Pluymen's Supervision as Lead Plaintiff (Interrogatory 18):** Plaintiff's one-sentence response to Defendants' interrogatory is insufficient. Plaintiff is **ORDERED** to make a detailed reply to this interrogatory—including the number of hours spent and a two-sentence description for each category of task discussed at the hearing. Plaintiff's response is due to Defendants **by 5:00 p.m. on September 22, 2025**.

III. **CONCLUSION**

Accordingly, Defendants' Motion to Compel (Dkt. 86) is **GRANTED IN PART and DENIED IN PART**, and Plaintiff is hereby **ORDERED** to comply with the Court's specific instructions detailed above, taking note of the particular deadline for each supplemental production.

SIGNED September 18, 2025.   _____

MARK LANE
UNITED STATES MAGISTRATE JUDGE