IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>*Plaintiff,*<br><br>v.<br><br>CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR,<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:24-cv-00028-DAE |

**PLAINTIFF BERT W. PLUYMEN'S OPPOSED MOTION TO COMPEL**

**TABLE OF CONTENTS**

I.    BACKGROUND .......................................................................................................... 2

II.   LEGAL STANDARD ................................................................................................ 4

III.  ARGUMENT.............................................................................................................. 4

    A.   Proportionality Factors Favor Production of Customer Names ................................... 4

    B.   Contractual Terms Cannot Override Discovery Obligations....................................... 6

    C.   The Customer Information is Directly at Issue............................................................ 7

    D.   Defendants Cannot Claim Undue Burden.................................................................... 8

    E.   Defendants Waived any Objection to Producing Customer Names Unredacted ....... 9

IV.   CONCLUSION ........................................................................................................ 10

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A+ Auto Serv., LLC v. Republic Servs. of S.C., LLC*,
  2022 WL 2903314 (D.S.C. July 14, 2022)...................................................................... 7

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
  No. 3:15-CV-164-J-20MCR, 2018 WL 11268486 (M.D. Fla. Aug. 2, 2018) ........................... 7

*Barback v. Fisher*,
  No. CV 20-515-SDD-EWD, 2022 WL 965914 (M.D. La. Mar. 30, 2022) .............................. 10

*Gonzalez v. Volkswagen Grp. of Am., Inc.*,
  No. A-14-CV-574-LY-ML, 2015 WL 5097271 (W.D. Tex. Aug. 28, 2015)............................ 9

*In re Grand Jury Subpoena Dated Dec. 17,
  1996*, 148 F.3d 487 (5th Cir. 1998)..................................................................... 6

*Innovative Commc'n Sys., Inc. v. Innovative Computing Sys., Inc.*,
  No. A-13-CV-1044-LY, 2014 WL 3535716 (W.D. Tex. July 16, 2014) .............................. 7

*Lubrizol Corp. v. Int'l Bus. Machines Corp.*,
  No. 1:21-CV-00870-DAR, 2023 WL 5103944 (N.D. Ohio Aug. 9, 2023) ............................. 7

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
  894 F.2d 1482 (5th Cir. 1990)..................................................................... 4, 8

*Nat. Dynamics, LLC v. Calm Nat. Ltd.*,
  2016 WL 11584909 (W.D. Tex. Oct. 14, 2016) ........................................................ 8

*Orthoflex, Inc. v. ThermoTek, Inc.*,
  No. 3:10-CV-2618-D, 2013 WL 3095106 (N.D. Tex. June 20, 2013) .................................. 10

*R.S. Logistical Sols., Ltd. v. Janus Glob. Operations LLC*,
  No. 3:21-CV-178-DCLC-JEM, 2022 WL 3702083 (E.D. Tenn. Aug. 26, 2022) ...................... 6

*Seegert v. Rexall Sundown, Inc.*,
  2019 WL 12044514 (S.D. Cal. Mar. 26, 2019)......................................................... 6

*Shvartser v. Lekser*,
  270 F. Supp. 3d 96 (D.D.C. 2017) .................................................................... 6

*Stone Eagle Services, Inc. v. Gillman, et al.*,
  No. 3:11–cv–2408–P., 2013 WL 6008209, (N.D. Tex. Nov. 13, 2013)................................ 10

*Tama Plastic Indus. v. Pritchett Twine & Net Wrap, LLC*,
   No. 8:12CV324, 2013 WL 275013 (D. Neb. Jan. 24, 2013)........................................................ 7

*Taylor Lohmeyer L. Firm P.L.L.C. v. United States*,
   957 F.3d 505 (5th Cir. 2020)...................................................................................... 10

*TNA Australia Pty Limited v. PPM Technologies, LLC*,
   No. 3:17-cv-642-M, 2018 WL 2010277 (N.D. Tex. April 30, 2018) ......................................... 7

*UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*,
   No. A-17-CA-365-LY, 2017 WL 8939954 (W.D. Tex. Oct. 27, 2017) ..................................... 9

*Vex Robotics, Inc. v. Cross the Rd. Elecs., LLC*,
   No. 3:23-CV-2586-D, 2025 WL 1384747 (N.D. Tex. May 13, 2025) ....................................... 6

## **Rules**

Fed. R. Civ. P. 26................................................................................................................ 4, 7

Fed. R. Civ. P. 37................................................................................................................... 1

Texas Disciplinary Rule of Professional Conduct 1.05 .................................................. 4

Pursuant to Rule 37, Fed. R. Civ. P., Lead Plaintiff Bert W. Pluymen, on behalf of himself and all others similarly situated, moves for an order compelling Defendants CS DISCO, Inc. ("CS Disco"), Kiwi Camara ("Camara"), and Michael Lafair ("Lafair") (together "Defendants") to produce versions of all responsive documents that do not redact the names of the CS Disco customers during the class period.  ("Plaintiff's Motion to Compel" or "Motion").

Shortly after discovery began in this case, Plaintiff propounded Discovery Requests on Defendants on April 9, 2025. Declaration of Jonathan Stern ("Stern Dec") Ex. A. Given the facts of the case, several of the requests required Defendants to produce documents that included the identities of Defendant CS Disco's customers. Customer names are highly relevant in this action because the allegations in the Complaint turn on Defendants' knowledge of the contribution of a few large document review matters to CS Disco's revenue. The disclosure of such names is necessary for Plaintiff to understand CS Disco's customer base, and given that individual customer engagements were discussed by senior employees, unredacted production of documents containing references to specific customers is necessary for Plaintiff to be able to effectively depose high level Disco employees who discussed such customers directly. Notably, the identities of several CS Disco customers were disclosed in CS Disco's IPO Registration Statement.

Defendants' responses and objections contained no specific objection to producing customer names, nor did Defendants state that they would withhold such names from Plaintiff in response to any specific request. Instead, the parties negotiated a Stipulated Protective order that provided specific provisions for the handling of customer names. Then, on September 19, 2025, Defendants began producing documents to Plaintiff with customer names redacted. It was only after Plaintiff contacted Defendants that Defendants for the first time took the position that they were entitled to unilaterally redact the names of their customers because the confidentiality

1

agreements of some of those customers required notice or consent before disclosure. Finally, on October 30, 2025, months into the parties' conferral, Defendants for the first time raised the spurious objection that the rules of professional conduct bar disclosure, regardless of the content of customer agreement. Defendants' objections are both untimely and meritless. Courts uniformly hold that redaction of non-privileged information pursuant to third party agreements is improper where such information is relevant to a claim or defense in this action, particularly where, as here, the parties specifically negotiated a Protective Order to handle such information.

## I.    BACKGROUND

On April 9, 2025, Plaintiff served Plaintiff's First Set of Document Requests. Stern Dec. Ex. A. On June 25, 2025, Defendants served their Responses to Plaintiff's First Set of Document Requests.  Stern Dec. Ex. B. None of Defendants' responses and objections to specific requests contained any objection to disclosing customer names, and they specifically stated that they would produce documents requesting customer identities. Defendants included, in their general objections, a statement that "Defendants request to meet and confer on the extent to which the actual names or identities of clients are identified in documents that are produced in response to any of the Requests, and Defendants reserve their right to identify each client by a unique letter, symbol, number, or the like." The parties subsequently negotiated regarding a proposed protective order, negotiating specific language regarding treatment of customer names, allowing for "proper notice … under the terms of any third-party agreements" before customer names are filed under seal with the Court, thereby addressing Defendants' request to meet and confer. Dkt. No. 83, p. 5. On August 28, 2025, this Court issued the Confidentiality Order governing this case including the negotiated language.  On September 19, 2025, Defendants produced to Plaintiff an initial set of about 135 documents.  In that initial set of documents, the names of all CS Disco customers were

2

redacted by the Defendants. Plaintiff contacted Defendants about the redacted documents on September 24, 2025. Defendants informed Plaintiff that they would continue to produce an unknown number of total documents on a rolling basis but would continue to redact the names of the CS Disco customers during the class period.

On September 29, 2025, counsel for Defendants and counsel for Plaintiff conducted a meet-and-confer teleconference. In an email correspondence following the meet-and-confer dated October 3, 2025, Defense counsel wrote: "we spent the last two months gathering and reviewing thousands of customer notice provisions.  Our lengthy review has uncovered that we would need to provide notice to most customers and in manners and ways that are burdensome, time-consuming, and conflicting among various contractual obligations." (Stern Dec. Ex. C, p. 8):

> CS Disco will notify and secure consent from any customer who spent seven figures on Review in any quarter….  In the meantime, CS Disco will provide updated documents that reflect an overlay of the anonymized IDs of the customers, as set forth in the spreadsheets previously produced, until CS Disco has authorization to disclose each name this month.  I would note that, even if required by court order, some of these seven-figure Review customer contracts indicate that the customer may still seek to challenge it before disclosure…." *Id.*

On October 8, 2025, Plaintiff's counsel responded *Id.* and stated that "the customer names are clearly responsive and, in any event, redaction of customer names for responsiveness is improper." *Id.* Plaintiff's Counsel added: "Withholding customer names would significantly burden Plaintiff's ability to conduct discovery and prepare for trial. We therefore require that customers' names not be withheld from Defendants' productions." *Id.*

On October 10, 2025, Defense counsel reiterated Defendants' position that it would not reveal the names of the CS Disco customers during the class period, except for seven figure Review customers.  Defense counsel wrote:

> "CS DISCO is legally prohibited from disclosing the names of thousands of customers at this time, even with a Court order in a number of circumstances…."
> *Id.* p. 6.

3

On October 21, 2025, Plaintiff proposed allowing Defendants to leave anonymous the identities of customers who 1) never spent more than $100k in any quarter; 2) never used review, and 3) never otherwise appeared in a responsive document. *Id.* p. 4.

On October 30, 2025, Defendants responded, rejecting that compromise, offering no counter proposal, and for the first time asserting that ABA Rule 1.6 and Texas Disciplinary Rule of Professional Conduct 1.05 prohibit the production of customer names without consent. *Id.* p. 1.

## II.    LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  The party opposing discovery must show specifically the way the request is irrelevant or objectionable. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

## III.    ARGUMENT

### A.    Proportionality Factors Favor Production of Customer Names

The relevant factors under Fed. R. Civ. P. 26(b)(1)-(2) favor the production of customer names. As the Court has observed, this case centers around Plaintiff's allegations that Defendants "told investors that when customers increased their revenues to seven figures it represented a stable revenue source but in reality only several of its seven figure customers were driven by large Review projects".  Plaintiff also must demonstrate the individual Defendants' scienter. Therefore, details regarding CS Disco's customers, including Defendants' and other senior employees' discussions of those customers, are highly relevant in this matter. High level executives' discussions of specific customers are highly relevant to this case, and without unredacted copies of Defendants' documents, following those discussions will be incredibly challenging.

In addition, the information is important to the efficient litigation of this action. Without

4

knowing the names of the customers referenced in Defendants' documents it will be substantially more difficult to review documents produced in discovery. Customer names allow Plaintiff's counsel to learn significant information relevant to this case, such as whether a particular customer is a large company likely to spend seven figures on legal services, whether it is a company at all or a law firm, and whether there is any public information about the legal challenges that customer faced at the time of the document. In addition, using documents with customer names redacted will present significant challenges at depositions, as it will prevent Plaintiff from using documents produced in discovery to refresh a deponent's recollection about CS Disco's dealings with that customer.  This Court, and any jury, would also be facing a far more confusing trial of the issues in this action if counsel and the Court are unable to refer to CS Disco customers by name. As an illustration of how severely Defendants' excessive redactions have restricted Plaintiff's ability to litigate this case, Plaintiff attaches Exhibit D. Without an unredacted version, this document would be virtually useless for a deposition or to present to a jury.

Nor is Defendants' proposed compromise adequate. While the Complaint alleges that Defendants' statements were misleading for failing to disclose the extent to which large customer spending was driven by seven figure review matters, the statements themselves characterized Defendants' customer base more broadly. For instance, Defendants' claim that mature customers had "dozens or hundreds of matters" on CS Disco's systems describes customers who were not necessarily large Review customers, and the challenged statement that "there's not as much variance in the ultimate wallet size of the customer" implicates customers beyond just those with seven figure Reviews. Without their names, Plaintiff will have great difficulty in determining whether these customers and their wallet sizes are accurately described in Defendants' statements. In addition, Defendants' expert, in opposing class certification relied on documents that listed each

5

customer's spending on a month-by-month basis. (Dkt. No. 98-1, p. 28, n. 71) This undercuts their claim that the identities of these customers are not relevant to this litigation.

The remaining factors also support the motion to compel: (1) the amount in controversy is significant, reaching into hundreds of millions; (2) Plaintiff has no other access to the customer identifying information, as Defendants acknowledge that this information is not publicly available; and (3) CS Disco is a publicly traded company with hundreds of employees.

### B.    Contractual Terms Cannot Override Discovery Obligations

Courts routinely find that NDAs, like the alleged agreements at issue here, cannot override a party's discovery obligations. "'Confidential' does not necessarily mean 'privileged.'" *In re Grand Jury Subpoena Dated Dec. 17, 1996*, 148 F.3d 487, 492 (5th Cir. 1998); *See also Vex Robotics, Inc. v. Cross the Rd. Elecs., LLC*, No. 3:23-CV-2586-D, 2025 WL 1384747, at *5 (N.D. Tex. May 13, 2025) ("CTRE provides no explanation for why the court's protective order permitting designation of answers and materials as 'Confidential Information' or 'Confidential Attorney Eyes Only Information' is insufficient…"). The mere existence of an NDA does not confer a privilege. *Shvartser v. Lekser*, 270 F. Supp. 3d 96, 98 (D.D.C. 2017). *See also R.S. Logistical Sols., Ltd. v. Janus Glob. Operations LLC*, No. 3:21-CV-178-DCLC-JEM, 2022 WL 3702083, at *4 (E.D. Tenn. Aug. 26, 2022) ("While the Court understands Defendants' position, and predicament, confidentiality restrictions in contracts do not override the Federal Rules of Civil Procedure.*")*; *Seegert v. Rexall Sundown, Inc.,* 2019 WL 12044514, at *7 (S.D. Cal. Mar. 26, 2019) ("[T]he Court finds persuasive case law holding that third-party confidentiality agreements ... should not and do not necessarily preclude a party from producing otherwise permissible discovery.") (citations omitted). The mere existence of NDAs is no bar to discovery.

6

## C.    The Customer Information is Directly at Issue

Courts routinely order disclosure of customer information where that information, as it is here, is directly at issue. These cases can be distinguished from other cases where the court rejected the customer discovery because that discovery was extraneous to the central issues of the case. *See TNA Australia Pty Limited v. PPM Technologies, LLC*, No. 3:17-cv-642-M, 2018 WL 2010277, *1-15 (N.D. Tex. April 30, 2018), (granting motion to compel the production of customer identifying information where the information was crucial to the underlying issues in the patent infringement case); *A+ Auto Serv., LLC v. Republic Servs. of S.C., LLC*, No. 2:21-CV-1492-RMG, 2022 WL 2903314, at *2 (D.S.C. July 14, 2022) (granting motion to compel production of unredacted customer names in class action involving illegal sales practices); *Aatrix Software, Inc. v. Green Shades Software, Inc.*, No. 3:15-CV-164-J-20MCR, 2018 WL 11268486, at *3-4 (M.D. Fla. Aug. 2, 2018) (granting motion to compel at issue customer identifying information in patent infringement case under Rule 26(b) proportionality analysis); *Innovative Commc'n Sys., Inc. v. Innovative Computing Sys., Inc.*, No. A-13-CV-1044-LY, 2014 WL 3535716, at *4 (W.D. Tex. July 16, 2014); *Tama Plastic Indus. v. Pritchett Twine & Net Wrap, LLC*, No. 8:12CV324, 2013 WL 275013, at *6 (D. Neb. Jan. 24, 2013), (granting motion to compel customer lists that were relevant to the issues in the litigation in part to determine which precise products the customers purchased from the defendant and the their respective market shares).  The cases Defendants cited in their conferral are distinguishable. For example, in *Lubrizol*, the court refused to require production of unredacted names other than the two found relevant to the litigation, and the court noted the moving party's long delay in seeking unredacted documents. *Lubrizol Corp. v. Int'l Bus. Machines Corp.*, No. 1:21-CV-00870-DAR, 2023 WL 5103944, at *3 (N.D. Ohio Aug. 9, 2023). *Nat. Dynamics, LLC v. Calm Nat. Ltd*. was a case involving a suit between competitors and the

7

Court found that the customer names constituted the Defendants' trade secrets. 2016 WL 11584909, at *3 (W.D. Tex. Oct. 14, 2016), *report and recommendation adopted*, 2016 WL 11585184 (W.D. Tex. Nov. 1, 2016).

### D.        Defendants Cannot Claim Undue Burden

Defendants are a sophisticated company and senior executives represented by a large well-known corporate law firm.  Throughout the class period, a number of contracts for business between CS Disco and customers were signed, which, according to Defense counsel, now preclude Defendants from producing unredacted customer identifying information.  Defense counsel states: "[t]o be able to disclose customer names, CS DISCO would need to provide notice to thousands of customers, which imposes undue burden…. Beyond the wholly impracticable burdens here,…." Defendants cannot now argue that there is an undue burden in complying with the terms of the very contracts they negotiated and agreed to with their own customers.  The Fifth Circuit requires that "the party resisting discovery ... show specifically how ... how each question is overly broad, burdensome or oppressive.*" McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990). Defendants have not met that burden.

Defendants' claim that they are required to contact all customers for consent is implausible. First, many if not most of CS Disco's customers were engaged in publicly disclosed litigation. In addition, many of CS Disco's customers, including many of its largest customers, are law firms, not the clients they represent. Stern Dec. Ex. E. And a law firm can scarcely have a serious confidentiality interest in its choice of document review vendor. Moreover, given that Defendants disclosed the identities of several customers in their Registration Statement, it is wholly implausible that all customers would have a confidentiality interest in concealing their identities. In its Registration Statement, CS Disco identified "Accenture, DISH, Lyft, Natera, Peloton,

8

Southwest Airlines, WeWork and ViaStat, … Foulston, Homer Bonner, Kennedys Law, Kutak Rock, Perkins Coie, Quarles & Brady and Shearman & Sterling" as customers. Stern Dec. Ex. E.

In addition, any burden to Defendants now was created by their own lack of diligence. On October 3, 2025 Defendants admitted that they only began reviewing customer notice provisions in their contracts two months prior (Ex C) – that is, in early August. Plaintiff served discovery requests at the beginning of April, meaning that Defendants delayed even attempting to assess the burden of complying with their discovery obligations for four months. Defendants had ample time to resolve any issues with their clients, but chose to squander it.

**E.      Defendants Waived any Objection to Producing Customer Names Unredacted**

Defendants' objections to Plaintiff's Requests for Production contained no objections to the inclusion of customer names in any response to any specific document request. Instead, Defendants only included a boilerplate "request to meet and confer" on the inclusion on those names. This objection is ineffective. "[G]eneral objections have long been disfavored by federal courts. " *Gonzalez v. Volkswagen Grp. of Am., Inc.*, No. A-14-CV-574-LY-ML, 2015 WL 5097271, at *2 (W.D. Tex. Aug. 28, 2015). "The not-so-recent 2015 amendments to the discovery rules expressly disallowed general objections" *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2017 WL 8939954, at *2 (W.D. Tex. Oct. 27, 2017). Defendants at no point stated that they would be withholding customer names. Instead, they asked to confer with Plaintiff. And the parties did confer, leading to the parties agreeing on a Confidentiality and Protective Order that the Court entered on August 28, 2025.  (Dkt. # 83) that specifically accounts for the handling of identifying information of customers.

> Documents produced in this litigation may contain the names or identifying information of the producing party's customers or clients ("Customer Information"). The receiving party of any documents or information that contain Customer Information agrees to inform the producing party-and to use best efforts

9

to do so at least five (5) days-before filing such information… in order to allow the producing party to ensure that proper notice is given under the terms of any third-party agreements that may be applicable to such Customer Information.

Defendants should be bound by that order. The existence of a stipulated protective order weighs against modifying the terms of the order later in the case. "An agreed protective order may be viewed as a contract, and once parties enter an agreed protective order they are bound to its terms, absent good cause to modify or vacate the protective order." *Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 3095106, at *3 (N.D. Tex. June 20, 2013). *See also Stone Eagle Services, Inc. v. Gillman, et al.,* No. 3:11–cv–2408–P., 2013 WL 6008209 *2-3, (N.D. Tex. Nov. 13, 2013) ("the plain language of the Protective Order demonstrates that the parties' mutual intent, as reflected within the Protective Order's four corners").

Finally, on October 30, 2025, Defendants for the first time argued that Texas and Model Rules of Professional Conduct bar them from disclosing the names. Beyond the fact that Defendants were not engaged in the practice of law and therefore not bound by those rules, those rules do not prevent the disclosure of client identities. The Fifth Circuit has held that as a general rule, client identities are not privileged. *Taylor Lohmeyer L. Firm P.L.L.C. v. United States*, 957 F.3d 505, 510–11 (5th Cir. 2020). Moreover, the Rules of Professional Conduct contain an exception to their confidentiality provisions when production of client names is required by court order. *Barback v. Fisher*, No. CV 20-515-SDD-EWD, 2022 WL 965914, at *6–7 (M.D. La. Mar. 30, 2022). And, as previously noted, many of Disco's customers are law firms, who would not be entitled to any confidentiality at all under the Rules of Professional Conduct.

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant Plaintiff's Motion to Compel and order Defendants to produce unredacted versions of all documents containing customers' names, and award Plaintiff his reasonable fees and costs incurred in preparing this motion.

Dated:  November 17, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Stern
Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jstern@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

-and-

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Phone: (214) 744-3000
Fax: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Liaison Counsel for Lead Plaintiff and the Class*

11

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), I hereby certify that counsel for both parties have conferred in a good-faith attempt to resolve this matter but were unable to reach an agreement because counsel disagreed as to the discoverability of the information at issue.

Dated: November 14, 2025

/s/*Jonathan Stern*
Jonathan Stern

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served on all counsel of record on

November 14, 2025, via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

Dated: November 14, 2025                          /s/*Jonathan Stern*
                                                                        Jonathan Stern