# EXHIBIT A

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>                        Plaintiff,<br><br>          v.<br><br>CS DISCO, INC; KIWI CAMARA; MICHAEL LAFAIR,<br><br>              Defendants. | Case No. 1:24-cv-00028-RP<br><br>CLASS ACTION<br><br>**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Lead Plaintiff Bert Pluymen ("Pluymen" or "Plaintiff"), hereby demands that Defendants CS Disco, Inc., Kiwi Camara, and Michael Lafair produce for inspection, within 30 days of the date of this request, at The Rosen Law Firm, P.A., located at 275 Madison Avenue, 40th Floor, New York, New York 10016, all documents described below in accordance with the definition and instructions that follow ("Requests").

## DEFINITIONS

1. "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether by letter, e-mail, text message, application (including, but not limited to, social media and/or collaboration and communication applications, on any device, including but not limited to computers, smartphones, or tablets), notes, memoranda, verbal, or otherwise.

2. "Complaint" means the Amended Class Action Complaint for Violations of the Federal Securities Laws filed in this action on March 8, 2024 (Dkt. No. 53).

3. "Concerning" means relating to, referring to, describing, evidencing or constituting.

4. "CS Disco" or the "Company" means CS Disco, Inc. and all of its present and former officers, directors, committees, employees, partners, corporate parents, predecessors, successors, direct and indirect subsidiaries, affiliates, divisions, and branch offices , and all agents, representatives, and all other persons acting, or purporting to act, on behalf of any of the foregoing.

5. "Defendants" means Defendants CS Disco, Michael Lafair, and Kiwi Camara.

6. "Document(s)" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

7. "Electronically Stored Information" is synonymous in meaning and equal in scope to the usage of the term "electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).

8. "Identify" (with respect to documents) means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, you may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

9. "Identify" (with respect to persons) means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

10. "Include" and "Including" shall be construed to mean "include but not be limited to" and "including, but not limited to."

11. "Person(s)" means any natural person or legal entity, including, without limitation, any business or governmental entity or association.

12. "Meeting(s)" means the contemporaneous presence of any natural persons, whether or not such presence was by chance or prearranged, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

13. "Plaintiff" means Lead Plaintiff Burt Pluymen.

14. "SEC" means the United States Securities and Exchange Commission.

15.     "You," "Your," or "Yours" mean the person responding to these Requests.

16.     The terms "All," "Any," and "Each" shall be construed as encompassing any and all.

17.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all responses that might otherwise be construed to be outside of its scope.

18.     The use of the singular form of any word includes the plural and vice versa.

## **INSTRUCTIONS**

a.      All documents shall be produced as they are maintained in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof. Documents maintained electronically shall be produced in the manner in which such documents are stored and retrieved.

b.      In responding to these Requests, you shall produce all responsive documents (including those stored electronically), which are in your possession, custody or control, or in the possession, custody or control of your predecessors, successors, parents, subsidiaries, divisions or affiliates, or any of your respective directors, officers, managing agents, agents, employees, attorneys, accountants or other representatives. A document shall be deemed to be within your control if you have the right to secure the document or a copy of the document from another person having possession or custody of the document.

c.      Plaintiffs reserve their right to request inspection of the original documents, including those stored electronically, as they are kept in the usual course of business. If the original is not in your custody, then a copy thereof, and all non-identical copies which differ from the

original or from the other copies produced for any reason, including, without limitation, the making of notes thereon.

  d.  If production of documents is withheld on the ground of privilege or any other discovery protection, as to each such withheld document, state the following information:

  e.  which privilege is claimed;

  f.  who is asserting the privilege;

  g.  a precise statement of the facts upon which said claim of privilege is based; and

  h.  the following information describing each purportedly privileged document:

    i.  a brief description sufficient to identify its nature, *i.e.*, agreement, letter, memorandum, type, etc.;

    ii.  a brief description sufficient to identify its subject matter and purpose of the document;

    iii.  the date it was prepared;

    iv.  the date it bears;

    v.  the date it was sent;

    vi.  the date it was received;

    vii.  the identity of the person preparing it;

    viii.  the identity of the person sending it;

    ix.  the identity of each person to whom it was sent or was to have been sent, including all addresses and all recipients of copies;

    x.  a statement as to whom each identified person represented or purported to represent at all relevant times;

    xi.  all persons to whom its contents have been disclosed; and

xii.    a precise description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

19.    If a portion of any document responsive to these Requests is withheld under claim of privilege or any other discovery protection, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

20.    If you know of any document, communication, or information but cannot give the specific information or the full information called for by a particular Request, so state, give the best information that you have on the subject (such as approximate dates or amounts), and identify every person who you believe has the required information with respect thereto.

21.    You are to produce each document requested herein in its entirety, without deletion or excision (except as qualified by Instructions 4 and 5 above), regardless of whether you consider the entire document to be relevant or responsive to the requests.

22.    Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full, and describe to the best of your knowledge, information and belief, and with as much particularity as possible, those portions of the document which are not being produced.

23.    If a document responsive to these Requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

a.    whether the document is missing or lost;

b.    whether the document has been destroyed;

c.    whether the document has been transferred or delivered to another person and, if

so, at whose request;

d.      whether the document has been otherwise disposed of; and

e.      a precise statement of the circumstances surrounding the disposition of the document and the date of its disposition.

24.      With respect to any category of documents, the production of which you contend is in some way "burdensome" or "oppressive," state the specific reasons for that objection.

25.      If no document(s) exist which are responsive to a particular Request, state this assertion in writing.

26.      Obligations under these Requests are continuing, and to the extent that at any time after the production of documents called for by these Requests you become aware of or acquire additional documents responsive to these Requests, such documents shall be produced promptly up to the final resolution of this action, whether by trial or otherwise.

## RELEVANT TIME PERIOD

Unless otherwise indicated, the time period covered by these Requests is from July 1, 2020 through and including August 11, 2022, and shall include all events or circumstances which occurred during such period, as well as related documents and information produced or created during that period. However, if a document prepared prior to July 1, 2020 is necessary for a correct or complete understanding of any document covered by a Request, the document shall be produced. If any document is undated and the date of its preparation cannot be determined, the document shall be produced if otherwise responsive to the Request.

## DOCUMENT REQUESTS

**REQUEST NO. 1:**    All documents concerning CS Disco's revenue forecasting methodologies, processes, and procedures.

**REQUEST NO. 2:**    All documents concerning CS Disco's quarterly or annual revenue

projections or guidance

**REQUEST NO. 3:**    All documents concerning CS Disco's "Review" product, including but not limited to internal analyses, evaluations, or assessments of its performance, contribution to total revenue, client adoption, and growth rates.

**REQUEST NO. 4:**    All documents related to CS Disco's Review clients, as well as quarterly or annual revenue attributable to each client, for each quarter and year during the Relevant Period.

**REQUEST NO. 5:**    All documents concerning Review projects that generated more than $1 million in revenue in any fiscal quarter during the Relevant Period.

**REQUEST NO. 6:**    All internal communications, analyses, or reports concerning large Review projects referred to in the Complaint, including but not limited to those allegedly involving Peloton and Lyft.

**REQUEST NO. 7:**    All documents concerning the termination, completion, settlement, or reduction in scope of any Review project during any fiscal quarter of the Relevant Period.

**REQUEST NO. 8:**    All communications with investors, analysts, or shareholders concerning CS Disco's Review product, its contribution to revenue, or its anticipated growth during the Relevant Period.

**REQUEST NO. 9:**    All presentations, talking points, scripts, or briefing materials prepared for or used during earnings calls or investor presentations that address the Review product.

**REQUEST NO. 10:**    All documents concerning the "usage-based revenue model" referenced in the Complaint, including any analyses of customer usage patterns and revenue implications.

**REQUEST NO. 11:**    All documents concerning the "customer adoption journey" or the progression of customers from "five-figure" to "six-figure" to "seven-figure" revenue, as described in the Complaint.

**REQUEST NO. 12:**    All documents concerning the Company's visibility into future revenue or customer usage, including the "deep bottoms-up forecasting insights" and "telemetry" referenced in the Complaint.

**REQUEST NO. 13:**    Minutes of all Board of Directors meetings and any committee thereof

where the Review product, its revenue contribution, or revenue forecasts were discussed.

**REQUEST NO. 14:**  Minutes of all executive committee meetings where the Review product, its revenue contribution, or revenue forecasts were discussed.

**REQUEST NO. 15:**  All documents concerning "metrics calls" referenced in the Complaint, including calendars, agendas, minutes, presentations, and attendee lists.

**REQUEST NO. 16:**  All documents concerning the downward revision of CS Disco's annual revenue guidance announced on August 11, 2022.

**REQUEST NO. 17:**  All drafts of the press release announcing the Company's revised revenue guidance on August 11, 2022, and all documents concerning the preparation of that press release.

**REQUEST NO. 18:**  All documents concerning the Company's revenue achievements compared to its revenue projections for each quarter during the Relevant Period.

**REQUEST NO. 19:**  All documents concerning the Company's analysis of any decline in Review product revenue during the Relevant Period.

**REQUEST NO. 20:**  All documents concerning analyst reactions to CS Disco's August 11, 2022 earnings announcement and revised revenue guidance.

**REQUEST NO. 21:**  All documents concerning CS Disco's IPO in July 2021 that address revenue projections, the Review product, or statements about the Company's ability to forecast revenue.

**REQUEST NO. 22:**  All documents concerning CS Disco's secondary public offering in September 2021 that address revenue projections, the Review product, or statements about the Company's ability to forecast revenue.

**REQUEST NO. 23:**  All documents concerning diligence conducted by underwriters for the IPO or secondary offering related to the Review product.

**REQUEST NO. 24:**  All documents concerning communications between CS Disco and the SEC regarding the Company's revenue recognition policies, revenue forecasting, or the Review product.

April 9, 2025                                  **THE ROSEN LAW FIRM, P.A.**

                                               /s/ Jonathan Stern
                                               Jonathan Stern (*pro hac vice*)
                                               275 Madison Avenue, 34th Floor
                                               New York, NY 10016
                                               Telephone: (212) 686-1060
                                               Fax: (212) 202-3827
                                               Email: jstern@rosenlegal.com

                                               *Lead Counsel for Plaintiff*

                                               -and-

                                               **KENDALL LAW GROUP, PLLC**
                                               Joe Kendall
                                               Texas Bar No. 11260700
                                               3811 Turtle Creek Blvd., Suite 825
                                               Dallas, Texas 75219
                                               Phone: (214) 744-3000
                                               Fax: (214) 744-3015
                                               Email: jkendall@kendalllawgroup.com

                                               *Liaison Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of April, 2025, a true and correct copy of the foregoing

document was e-mailed to counsel of record for Defendants.


*/s/ Jonathan Stern*
Jonathan Stern