# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 1:24-cv-00028-DAE |

**DEFENDANTS CS DISCO, INC., KIWI CAMARA, AND MICHAEL LAFAIR'S OBJECTIONS AND RESPONSES TO LEAD PLAINTIFF BERT PLUYMEN'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

TO:     Lead Plaintiff Bert Pluymen, by and through his attorneys of record, Jonathan Stern, THE ROSEN LAW FIRM, P.A., 275 Madison Avenue, 34th Floor, New York, NY 10016 and Joe Kendall, KENDALL LAW GROUP, PLLC, 3811 Turtle Creek Blvd., Suite 825, Dallas, TX 75219

NOW COME Defendants CS Disco, Inc., Kiwi Camara, and Michael Lafair, and serve these Objections and Responses to Lead Plaintiff Bert Pluymen's First Set of Requests for Production of Documents.

Dated: June 25, 2025                         COOLEY LLP

By: */s/ Patrick E. Gibbs*
        Patrick E. Gibbs
        pgibbs@cooley.com
        Brett H. De Jarnette
        bdejarnette@cooley.com
        3175 Hanover Street
        Palo Alto, CA  94304-1130
        Telephone: +1 650 843 5000
        Facsimile:  +1 650 849 7400

        Attorneys for Defendants

**GENERAL RESPONSES**

1.    Defendants' responses to the Requests are made to the best of Defendants' present knowledge, information, and belief.  These responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendants' further discovery or investigation.

2.    Defendants reserve the right to make any use of, or to introduce at any hearing and at trial, documents responsive to the Requests but discovered subsequent to the date of Defendants' initial production, including, but not limited to, any documents obtained in discovery herein.

3.    Subject to an appropriate protective order being entered in this case, Defendants will otherwise not produce documents that Defendants or any other party to this litigation deems to embody material that is private, business confidential, proprietary, trade secret, or otherwise protected from disclosure pursuant to Texas law, Federal Rule of Civil Procedure 26(c)(1)(G), or Federal Rule of Evidence 501.

4.    Defendants reserve the right to decide whether the documents produced for inspection shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with the categories in the Requests, in accordance with Federal Rule of Civil Procedure 34(b)(2)(E).

5.    Defendants reserve all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence of this response and any document or thing produced in response to the Requests, in any subsequent proceeding in or trial of this or any other action.

6.    Defendants reserve the right to object on any ground at any time to such other or supplemental requests for production as Plaintiff may at any time propound involving or relating to the subject matter of these Requests.

7.    By stating in these responses that Defendants will produce documents or are searching for responsive documents, Defendants do not represent that such documents actually exist, but rather that Defendants will make a good faith search and attempt to ascertain whether documents responsive to the Request do, in fact, exist, and to produce such documents if they are found to exist and are within Defendants' records or files.  Defendants will use reasonable diligence to locate responsive documents based on an examination of those files that reasonably may be expected to yield responsive documents and an inquiry of those employees who reasonably may be expected to possess responsive documents.  Defendants commit to making a good faith effort to produce responsive documents, to the extent they exist, within a reasonable time, on a rolling basis, and in accordance with of the Federal Rules of Civil Procedure 34.

**<u>GENERAL OBJECTIONS</u>**

1.    Defendants object generally to each Request to the extent it seeks production of documents or information protected by the attorney-client privilege, work product doctrine, common interest or joint defense privilege, or any other privilege or protection from discovery. Such documents or information shall not be produced in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege or right with respect to such documents or information or of any work product doctrine that may attach thereto.

2.    Defendants object to all Definitions, Instructions, and Requests to the extent they seek documents not currently in Defendants' possession, custody, or control, or refer to persons, entities, or events not known to Defendants, on the grounds that such Definitions, Instructions, or

Requests seek to require more of Defendants than any obligation imposed by law, would subject Defendants to unreasonable and undue annoyance, oppression, burden, and expense, and would seek to impose upon Defendants an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiff.

3.    Defendants' responses to the Requests are made to the best of Defendants' present knowledge, information, and belief.  Defendants' responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Defendants' recollection, are subject to such refreshing of recollection, and such additional knowledge of facts, as may result from Defendants' further discovery or investigation.

4.    Defendants object to all Definitions, Instructions, and Requests to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific Request on the ground that such enlargement, expansion, or alteration renders said Request vague, ambiguous, unintelligible, unduly broad, and uncertain.

5.    Defendants object to the definition of "Communication(s)" to the extent it imposes on Defendants an obligation greater than required under the local rules.  Defendants will construe this term consistently with Local Rule CV-26(b)(1).

6.    Defendants object to the definitions of "CS Disco" or the "Company" to the extent they are overbroad, vague, unduly burdensome, and purport to have a meaning other than as commonly attributed to them, including to the extent they purport to include those "purporting to act" on behalf of Defendants.  Defendants will construe these terms to mean CS Disco, Inc.

7.    Defendants object to the definition of "Identify" as used with respect to both documents and persons, to the extent it is overbroad, unduly burdensome, and purports to call for

-4-

information outside of the four corners of the document(s).  Defendants will simply produce documents, if any are produced, and any agreed upon metadata.  Defendants further object to this definition on the ground that it is not used within the Requests.

8.    Defendants object to the definition of "Person(s)" to the extent it purports to have a meaning other than as commonly attributed to it.  Defendants will construe this term to refer to natural persons.

9.    Defendants object to Instruction b to the extent it seeks documents not currently in Defendants' possession, custody, or control, or refers to persons, entities, or events not known to Defendants, on the grounds that such Instruction seeks to require more of Defendants than any obligation imposed by law or would seek to impose upon Defendants an obligation to investigate or discover information or materials from third parties or services who are equally accessible to Plaintiff.  In addition, Defendants object to the usage of the term "control" to the extent Plaintiff seeks to impose upon Defendants an obligation greater than required under the federal rules, local rules or caselaw, or other applicable law.

10.    Defendants object to Instructions d through h (inclusive of h.i–xii) to the extent they seek to impose upon Defendants an obligation greater than required under the federal rules, local rules or caselaw, or other applicable law with respect to production of a privilege log. Defendants will produce a privilege log within a reasonable amount of time for withheld documents consistent with Federal Rule of Civil Procedure 34 and any other agreement that may be entered into between the parties.

11.    Defendants object to Instruction 19 to the extent it seeks production of documents in which the entirety of the responsive portion of a document is privileged.  Defendants will serve a privilege log for such documents, consistent with Federal Rule of Civil Procedure 34.

12.    Defendants object to Instruction Nos. 20, 23, and 26 on the grounds that they seek to impose upon Defendants an obligation greater than required under the federal rules, local rules or caselaw, or other applicable law.

13.    Defendants object to each Request to the extent it seeks information that is irrelevant, overly broad, or not proportional to the needs of the case because the burden of the proposed discovery outweighs its likely benefit to the extent each Request is not properly limited by date or in time.  Unless specifically called out below, Defendants will produce documents, if they produce any, to each Request from the time period of August 1, 2021 to August 12, 2022.

14.    Defendants request to meet and confer on the extent to which the actual names or identities of clients are identified in documents that are produced in response to any of the Requests, and Defendants reserve their right to identify each client by a unique letter, symbol, number, or the like.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

Without waiving or limiting in any manner any of the foregoing General Objections, but rather incorporating them into each of the following responses to the extent applicable, Defendants respond to Plaintiff's Requests as follows:

**REQUEST FOR PRODUCTION NO. 1:**

All documents concerning CS Disco's revenue forecasting methodologies, processes, and procedures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern

revenue forecasting related to the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading.  Plaintiff's claims that were based on Defendants' statements related to revenue projections were dismissed from this case.  Defendants further object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain on a rolling basis.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 2:**

All documents concerning CS Disco's quarterly or annual revenue projections or guidance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern quarterly or annual revenue projections or guidance relating to the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading. Plaintiff's claims that were based on Defendants' statements related to revenue projections were dismissed from this case.  Defendants further object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 1.  Defendants further object to this

-7-

Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning CS Disco's "Review" product, including but not limited to internal analyses, evaluations, or assessments of its performance, contribution to total revenue, client adoption, and growth rates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or the sustainability or concentration of Review revenue during the Class Period.  Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to CS Disco's Review clients, as well as quarterly or annual revenue attributable to each client, for each quarter and year during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern clients with the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents that do not relate to the sustainability or concentration of Review revenue during the Class Period.  Defendants further object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3. Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents, and uses capitalized terms that are not defined, such as Relevant Period instead of Relevant Time Period.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will

produce documents sufficient to show CS Disco's quarterly and annual revenue attributable to each Review client, for each quarter and year during the Class Period. Defendants will also conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 5:**

All documents concerning Review projects that generated more than $1 million in revenue in any fiscal quarter during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3. Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents, and uses capitalized terms that are not defined, such as Relevant Period instead of Relevant Time Period.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 6:**

All internal communications, analyses, or reports concerning large Review projects referred to in the Complaint, including but not limited to those allegedly involving Peloton and Lyft.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading. Defendants object to this Request to the extent it calls for documents that are not within Defendants' possession, custody, or control or that do not exist. Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3. Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including communications and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning the termination, completion, settlement, or reduction in scope of any Review project during any fiscal quarter of the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading. Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3. Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning, and uses capitalized terms that are not defined, such as Relevant Period instead of Relevant Time Period.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 8:**

All communications with investors, analysts, or shareholders concerning CS Disco's Review product, its contribution to revenue, or its anticipated growth during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case. Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3. Defendants object to this Request to the extent it calls for documents that are not within Defendants' possession, custody, or control, or that do not exist. Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including communications, and uses capitalized terms that are not defined, such as Relevant Period instead of Relevant Time Period.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will produce analyst reports related to CS Disco during the Class Period that are identified following a reasonable search. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 9:**

All presentations, talking points, scripts, or briefing materials prepared for or used during earnings calls or investor presentations that address the Review product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents

that are not relevant to the allegations remaining in this case, such as documents that do not concern the four challenged statements remaining in this case. Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case in response to this Request on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 10:**

All documents concerning the "usage-based revenue model" referenced in the Complaint, including any analyses of customer usage patterns and revenue implications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the four challenged statements remaining in this case, or documents that do not relate to customer usage patterns and revenue implications as they relate to the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading. Plaintiff's claims that were based generally on Defendants' statements related to CS Disco's usage-based revenue model were dismissed from this case. Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the

extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case in response to this Request on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 11:**

All documents concerning the "customer adoption journey" or the progression of customers from "five-figure" to "six-figure" to "seven-figure" revenue, as described in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern Mr. Camara's September 2, 2021 statement identified in paragraph 52 of the Amended Complaint. Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 10. Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will

conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 12:**

All documents concerning the Company's visibility into future revenue or customer usage, including the "deep bottoms-up forecasting insights" and "telemetry" referenced in the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern Mr. Camara's statement of mind when he made the four challenged statements remaining in this case. Defendants also object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3. Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents sufficient to show the bottoms-up forecasting and telemetry referenced by Mr. Camara on September 2, 2021, as identified in paragraph 86 of the Amended Complaint on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 13:**

Minutes of all Board of Directors meetings and any committee thereof where the Review product, its revenue contribution, or revenue forecasts were discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents that do not relate to the sustainability or concentration of Review revenue during the Class Period.  Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3.  Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce final minutes from Board of Directors meetings where the Review product, its revenue contribution, or its revenue forecasts were discussed.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 14:**

Minutes of all executive committee meetings where the Review product, its revenue contribution, or revenue forecasts were discussed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents that do not relate to the sustainability or concentration of Review revenue during the Class Period. Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request Nos. 3 and 13. Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants are not aware of any executive committee meeting minutes. To the extent CS Disco's Board of Directors met in an executive session, such meetings would be reflected in the Board minutes identified in response to Request No. 13. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning "metrics calls" referenced in the Complaint, including calendars, agendas, minutes, presentations, and attendee lists.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that were not

prepared in connection with the Management Team Metrics Review Meetings referenced in paragraph 45 of the Amended Complaint, or documents that were prepared in connection with the Management Team Metrics Review Meetings but that do not relate to projections about CS Disco's Review business. Defendants object to this Request to the extent the phrase "metrics call" is vague and ambiguous. Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning the downward revision of CS Disco's annual revenue guidance announced on August 11, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents that do not relate to the sustainability or concentration of Review revenue during the Class Period. Defendants object to this Request to the extent it calls

-19-

for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 17:**

All drafts of the press release announcing the Company's revised revenue guidance on August 11, 2022, and all documents concerning the preparation of that press release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents not concerning the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents that do not relate to the sustainability or concentration of Review revenue during the Class Period.  Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 16.  Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged drafts of the press release announcing CS Disco's revised revenue guidance on August 11, 2022, and non-privileged documents concerning the preparation of that press release, on a rolling basis. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 18:**

All documents concerning the Company's revenue achievements compared to its revenue projections for each quarter during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents that do not relate to the sustainability or concentration of Review revenue during the Class Period. Plaintiff's claims that were based on Defendants' statements related to revenue projections were dismissed from this case. Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request Nos. 1 and 2. Defendants further object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will produce documents sufficient to show CS Disco's revenue achievements compared to its revenue projections for each quarter during the Class Period.  Defendants will also conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning the Company's analysis of any decline in Review product revenue during the Relevant Period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case, such as documents that do not concern the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents that do not relate to the sustainability of Review revenue during the Class Period.  Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 3.  Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning, and uses capitalized terms that are not defined, such as Relevant Period instead of Relevant Time Period.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce non-privileged, responsive documents that are relevant to the allegations that remain in this case on a rolling basis.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning analyst reactions to CS Disco's August 11, 2022 earnings announcement and revised revenue guidance.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendants object to this Request to the extent it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case.  Defendants object to this Request to the extent it is duplicative or cumulative of prior Requests, including Request No. 8.  Defendants object to this Request to the extent it calls for documents that are not within Defendants' possession, custody, or control or that do not exist.  Defendants object to this Request to the extent it calls for information that is protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will conduct a reasonable search and produce analyst reports related to CS Disco's August 11, 2022

earnings announcement.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 21:**

All documents concerning CS Disco's IPO in July 2021 that address revenue projections, the Review product, or statements about the Company's ability to forecast revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendants object to this Request on the grounds that it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks every document concerning CS Disco's initial public offering, which has been dismissed from this case.  Defendants object to this Request on the grounds that it is duplicative or cumulative of prior Requests, including Request Nos. 2 and 18.  Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection.  Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will not produce documents in response to this Request, as it seeks irrelevant documents related to claims previously dismissed from this case.  To the extent this Request seeks relevant documents, it is duplicative of other Requests to which Defendants will search for and produce non-privileged, responsive documents.  Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 22:**

All documents concerning CS Disco's secondary public offering in September 2021 that address revenue projections, the Review product, or statements about the Company's ability to forecast revenue.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendants object to this Request on the grounds that it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks every document concerning CS Disco's secondary public offering, which has been dismissed from this case. Defendants object to this Request on the grounds that it is duplicative or cumulative of prior Requests, including Request Nos. 2 and 18. Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will not produce documents in response to this Request, as it seeks irrelevant documents related to claims previously dismissed from this case. To the extent this Request seeks relevant documents, it is duplicative of other Requests to which Defendants will search for and produce non-privilege, responsive documents. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning diligence conducted by underwriters for the IPO or secondary offering related to the Review product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendants object to this Request on the grounds that it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are related to allegations that have previously been dismissed from this case. Defendants object to this Request on the grounds that it is duplicative or cumulative of prior Requests, including Request Nos. 21 and 22. Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants will not produce documents in response to this Request, as it seeks irrelevant documents related to claims previously dismissed from this case. To the extent this Request seeks relevant documents, it is duplicative of other Requests to which Defendants will search for and produce non-privileged, responsive documents. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning communications between CS Disco and the SEC regarding the Company's revenue recognition policies, revenue forecasting, or the Review product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendants object to this Request on the grounds that it calls for documents that are irrelevant, overbroad, and/or not proportional to the needs of the case, including because it seeks documents that are not relevant to the allegations remaining in this case. Defendants object to this Request to the extent it calls for documents that are protected by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, immunity, or protection. Defendants object to the extent this Request uses terms that are defined but not capitalized herein, including documents and concerning.

Subject to and without waiving the foregoing objections, and subject to an appropriate protective order being entered in this case, Defendants respond as follows: Defendants are not aware of any documents concerning communications CS Disco had with the SEC regarding the allegations that remain in this case, such as documents concerning the seven-figure Review projects that Plaintiff claims rendered the four remaining challenged statements false or misleading, or documents related to the sustainability of Review revenue during the Class Period. Discovery is ongoing and Defendants expressly reserve their right to supplement or amend this response.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of June, 2025, a true and correct copy of the foregoing document was e-mailed to counsel of record for Plaintiff.

*/s/ Julie L. Correll*
Julie L. Correll