# EXHIBIT C

## Jonathan Stern

| | |
|---|---|
| **From:** | Corkery, Ashley K <acorkery@cooley.com> |
| **Sent:** | Thursday, October 30, 2025 7:31 PM |
| **To:** | Jonathan Stern; Ryan Hedrick |
| **Cc:** | Gibbs, Patrick; Brien, Tijana; De Jarnette, Brett; Ganapathi, Anuva; Ivanowsky, Rachel K |
| **Subject:** | RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up |

**[EXTERNAL EMAIL]**

Jonathan,

Plaintiff has requested that Defendants provide notice to and disclose the names of *every* customer that generated *any* amount of Review revenue during the class period, as well as any customer that spent at least $100,000 on Software in any quarter during the class period and any customer referenced or discussed in any email or internal document.  Plaintiff insists that DISCO identify each of these customers by name but has not articulated why he is entitled to such a broad scope of information, where his claims relate only to DISCO's large Review customers and the revenue attributable to those customers across the class period.  Given the nature of Plaintiff's claims, Defendants have offered and remain willing to (1) notify and seek consent to disclose the names of any customer who spent seven figures on Review in any quarter during the class period, and (2) overlay an anonymized ID number for all redactions of other seven-figure revenue customers, regardless of whether the customer used the Review product and notwithstanding their irrelevance to Plaintiff's claims.  This proposal will allow Plaintiff to track the references to seven-figure customers in emails and other documents to the revenue from each such customer during the Class Period.  Plaintiff has not articulated what difference it makes to his case whether a customer is identified as "Customer 28" versus an actual company or law firm name.

DISCO remains committed to providing Plaintiff will all relevant and responsive information in this litigation.  As we have made clear, however, DISCO is under contractual and ethical obligations not to disclose customer information, including customer identity, without express consent.  These obligations arise from DISCO's agreements with its customers, as well as from its role as an agent of attorneys, law firms, and in-house attorneys who retain and work with DISCO in connection with privileged and confidential legal matters.  DISCO's business depends on maintaining the same confidentiality standards that apply to these legal clients.  In fact, both federal and state ethical rules dictate that the identity of a client constitutes confidential information and cannot be disclosed absent client consent.  *See* ABA Rule 1.6; Texas Disciplinary Rule of Professional Conduct 1.05.  To voluntarily disclose its customers' identities without consent would not only violate these ethical obligations, but it would also irreparably harm DISCO's customer relationships and competitive interests.  And to reach out to these customers and seek consent to disclose their identity and information would compromise the key premise of DISCO's business model – that customer information and data is protected.  In addition, the effort required to provide notice to and secure consent from each customer would be disproportionate to the needs of the case, as it would require DISCO to identify the governing contract from thousands of potential contracts, provide notice to the appropriate contact by the designated process, and await consent from each such customer.

Again, DISCO is willing to notify any customer who spent seven figures on Review in any quarter of the class period and request their consent to disclose their identity subject to the protective order, but DISCO cannot and will not jeopardize its contractual and professional obligations to all of its clients, especially given DISCO's offer to provide anonymized identifier numbers, which would allow Plaintiff to assess and track customer's revenue contributions to various products across the class period.  Plaintiff has not explained, let alone established, how or why his case would be hindered if a customer is identified by anonymized identification number rather than name.

DISCO has made significant and meaningful efforts to reach a reasonable compromise that provides Plaintiff with the information he seeks while avoiding undue burden and harm to DISCO's core business operations.  Plaintiff,

however, has failed to establish why disclosure of *all* customer names, as opposed to the anonymized identifiers already produced and agreement to provide notice to certain seven-figure Review customers, is necessary or proportional to the needs of this case.

Please let us know if you would like to discuss further.

Best,
Ashley

Ashley Kemper Corkery
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5257 office
+1 650 849-7400 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

**From:** Corkery, Ashley K
**Sent:** Friday, October 24, 2025 1:20 PM
**To:** 'Jonathan Stern' <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Ivanowsky, Rachel K <RIvanowsky@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

Jonathan,

Our client is working with the executive team on your most recent customer name proposal, and unfortunately we will not have a final position to you this week.  We are working to get you a response by early next week.

Thanks,
Ashley

Ashley Kemper Corkery
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5257 office
+1 650 849-7400 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Thursday, October 23, 2025 1:50 PM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett

<bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Ivanowsky, Rachel K
<RIvanowsky@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

We're fine to file the ESI protocol you attached. I will await to hear back about your position on customer names by the end of the week. On confidentiality – we maintain that the CW names are properly designated AEO but agree that any discussion of the issue can be tabled until it becomes an issue, and will not interpret Defendants' position as any sort of waiver.

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Wednesday, October 22, 2025 5:15 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett
<bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Ivanowsky, Rachel K
<RIvanowsky@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

**[EXTERNAL EMAIL]**

Jonathan,

To follow up on the current discovery items:

- **Customer Names**: We disagree that the names of non-Review customers are relevant to this case.  To the extent you claim the names of non-Review customers are relevant to determining the "real drivers of revenue for CS Disco" and the "stability (or lack thereof) of such revenue," which Defendants dispute, it is unclear why this information cannot be ascertained from the spreadsheets with anonymized identification numbers or why you require specific customer names.  The spreadsheet provides detailed revenue data for each customer across the class period, which allows Plaintiff to assess each customer's contribution of Software revenue to DISCO's overall revenue and the stability of these revenue contributions.  Additionally, Defendants did not prepare either the Software or Review revenue spreadsheets (DISCO_001585; DISCO_001587) for this litigation.  Both documents were maintained by DISCO in the ordinary course of business (though some formatting changes, including anonymization of customer names, were applied).   Nevertheless, we have taken your proposal to our client and will circle back with our position on this request.

- **Confidentiality Designations**:  We are willing to permit Lead Plaintiff to view AEO documents with highly sensitive financial information for Bates you identify, and we will endeavor to provide that confirmation within one business day of any request.  We cannot, however, wholesale downgrade the non-public financial information to Confidential, and we specifically negotiated this in the Confidentiality Protective Order to designate non-public financial information as such.  As for Plaintiff's designations, we do not believe the confidential witness identities are AEO and think Defendants have a right to know those identities, but as a compromise, we will permit the witness names to stay AEO unless or until it becomes necessary to reveal their identities beyond counsel in the case.

- **ESI Protocol**: Attached are revisions to the ESI Protocol that align with our discussion.  As discussed, we of course remain willing to meet and confer throughout the course of discovery, including on search terms should Plaintiff identify a specific discovery gap or issue, but we cannot agree to a stipulation that would order Defendants to engage in a lengthy search term report exchange or adopt Plaintiff's search term requests.  We will comply with the Sedona Conference Principles and governing law.  If Plaintiff is signed off on the attached, we can agree to file the ESI Protocol and then exchange search terms on Friday at 5:00 p.m. ET.

Please let us know if you would like to discuss.

Thanks,
Ashley

Ashley Kemper Corkery
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5257 office
+1 650 849-7400 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Tuesday, October 21, 2025 9:35 AM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett
<bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

Our proposal is that the Review spreadsheet should be de-anonymized and that the Software
spreadsheet should be de-anonymized as to all customers over $100k in any quarter. Regarding the
relevance of non-Review revenues, the dispute in this case relates to the real drivers of revenue for CS
Disco during the class period, and the stability (or lack thereof) of such revenues. The non-Review
customers are material. Defendants can hardly contest the relevance of a document that they prepared
for this litigation, produced to Plaintiff, and provided to an expert who cited it multiple times in her report.

Regarding the cross-reference point, what we are saying is if a customer is identified only by number in
1585, but referred to by name in an email or other responsive document, we will need some way of
knowing that this number corresponds to the name of the customer.

On confidentiality designations, I do not anticipate sharing confidential information with any class
member other than Mr. Pluymen. The only conceivable circumstance I could think of where another
class member would even arguably be entitled to see confidential information without further
modification of the Confidentiality Order is if for some unforeseen reason another class member was
appointed an additional or substitute class representative, but I have no reason to think that would occur
in this case.

---

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Monday, October 20, 2025 10:11 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett
<bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

[EXTERNAL EMAIL]

Jonathan,

Thank you for your response. We are reviewing and discussing your proposal with our client and will revert with our position by the end of the week.

As a point of clarification on customer names, DISCO_001585 is a spreadsheet detailing revenue by customer attributable to DISCO's Software product. DISCO_001587 details revenue by customer for the Review product. Could you confirm whether you are requesting that we provide a de-anonymized version of the Software revenue spreadsheet or Review revenue spreadsheet with respect to customers who spent over $100,000 in any quarter referenced in the spreadsheet? If you are requesting a de-anonymized version of the Software spreadsheet, would you explain the relevance of DISCO's Software customers and their respective revenues per quarter given that Plaintiff's claims relate to Review customers and revenue? Would you also clarify what you envision in your proposal that "to the extent that any customer's name appears anywhere else in a document produced by Defendants, we will need a cross reference between that customer's name and the number listed in DISCO_001585"?

On the confidentiality designations, you indicated that you interpret the "Confidential" tier in our Confidentiality and Protective Order as meaning only the Lead Plaintiff and counsel can see the information, never class members. The Order allows any "party" to see "Confidential" information, so would you clarify your position on whether you would anticipate "Confidential" documents ever being shared with anyone other than Lead Plaintiff?

Best,
Ashley

**Ashley Kemper Corkery**
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5257 office
+1 650 849-7400 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Monday, October 20, 2025 10:15 AM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

Thank you for the response. We disagree with your position on this matter. First, information regarding customers other than seven figure review customers is relevant to plaintiff's claims because the challenged statements characterize CS Disco's business and its customers beyond the customers who spent 7 figures on review in a particular quarter. Second, if a customer is referenced in a particular email, and defendants redact the name of the client, plaintiff will be unable to determine the significance of the reference to that customer, or ask follow up questions in a deposition, without knowing the customer's name and being able to discuss it with a Defendant.

Defendants' suggestion that customer names are subject to unique protection not applicable to other confidential information is meritless. Courts routinely order production of customer lists notwithstanding a party's objections. *TNA Australia Pty Limited v. PPM Technologies, LLC*, No. 3:17-cv-642-M, (N.D. Tex. Dallas April 30, 2018), 2018 WL 2010277 *1-15 (granting motion to compel the production of customer identifying information where the information was crucial to the underlying issues of the case); *A+ Auto Service, LLC v. Republic Services of South Carolina*, LLC, Civil Action No. 2:21-cv-1492-RMG, D. S.C. July 14, 2022, 2022 WL 2903314 *2 (granting motion to compel production of unredacted customer names in class action involving illegal sales practices). Defendants' caselaw is not to the contrary. in *Lubrizol Corp. v. Int'l Bus. Machines Corp.*, the Court faulted Plaintiff's lack of diligence in seeking the customer names, noting that the issue was not raised until a year after the information was produced. 2023 WL 5103944, at*3-4 (N.D. Ohio Aug. 9, 2023). *Nat. Dynamics, LLC v. Calm Nat. Ltd*. Was a case involving a suit between competitors and the Court found that the customer names constituted the Defendants' trade secrets. 2016 WL 11584909, at *3 (W.D. Tex. Oct. 14, 2016), *report and recommendation adopted*, 2016 WL 11585184 (W.D. Tex. Nov. 1, 2016).

Nevertheless, to avoid requiring disclosure of customer contacts that are not necessary for this case, we will agree that Defendants need not produce a de-anonymized version of DISCO_001585 as to customers who spent below $100,000 in every quarter referenced therein. However, to the extent that any customer's name appears anywhere else in a document produced by Defendants, we will need a cross reference between that customer's name and the number listed in DISCO_001585. Please let us know by the end of the week if you agree. Otherwise we will be forced to move to compel.

---

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Friday, October 10, 2025 4:59 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

**[EXTERNAL EMAIL]**

Jonathan,

Thanks for the response.  Defendants are reviewing your position on the confidentiality designations, but in the meantime, we write to correct your characterization of Defendants' obligations to produce *all* customer names.

As explained in detail during meet and confer, CS DISCO is legally prohibited from disclosing the names of thousands of customers at this time, even with a Court order in a number of circumstances.  To be able to disclose customer names, CS DISCO would need to provide notice to thousands of customers, which imposes undue burden.  Not only would the required notice and consent take many months to complete, but there are also unique challenges.  For example, some customers have multiple agreements with CS DISCO, and thus CS DISCO would need to identify the governing contract and specific person to whom notice is required, as well as the required process for notice—whether by mail, email, or otherwise—for each reference in the document review.

Beyond the wholly impracticable burdens here, it is unclear how the disclosure of all customer names is relevant to this case or responsive to Defendants' document production commitments.  Plaintiff has not made any effort to explain why the names of all customers other than "large" seven-figure Review revenue customers are relevant to

this matter nor identified how such information would, as Plaintiff conclusively alleges below, "significantly burden [his] ability to conduct discovery and prepare for trial." The only burden is on Defendants.

Given the insurmountable burdens and strained relevance, Defendants agreed to the following as a compromise: (1) to notify and seek consent to disclose the names of any customer who spent seven figures on Review in any quarter; (2) to provide an anonymized ID number for all other seven-figure revenue customers, regardless of whether the customer used the Review product, notwithstanding their irrelevance to Plaintiff's claims; and (3) to redact all other customer names.

Defendants' approach is consistent with the law. Courts regularly permit parties to redact customer names where, as here, agreements require notice to numerous customers and such burdens outweigh the relevance. *See* Fed. R. Civ. P. 26(b)(1). For example, in *Lubrizol Corp. v. Int'l Bus. Machines Corp*., the court denied a motion seeking to compel the defendants to remove redactions from all customer names other than the four customers at issue in the case because information regarding "over a hundred other clients" was irrelevant and the defendants would "need to determine whether contractual confidentiality provisions from a number of different contracts apply, and [then] comply with each contract's specific notification provisions." 2023 WL 5103944, at*3-4 (N.D. Ohio Aug. 9, 2023). The court recognized that the defendants had "adequately demonstrated that it would be unduly burdensome [] to reproduce unredacted versions of the disputed documents" as they had "represent[ed] that some of the disputed documents include[d] references to over a hundred other [] clients" and the defendants had entered into confidentiality agreements with clients that would require "notice to those clients before [the defendants] could produce unredacted versions of the disputed documents." *Id*. Likewise, Judge Lane has denied a motion to compel the identification of customer names on grounds that such disclosure was not necessary to the plaintiff's claims and the customers' identities constituted the defendants' trade secrets. *See Nat. Dynamics, LLC v. Calm Nat. Ltd*., 2016 WL 11584909, at *3 (W.D. Tex. Oct. 14, 2016), *report and recommendation adopted*, 2016 WL 11585184 (W.D. Tex. Nov. 1, 2016).

The only authority you offer in support of your position merely holds that information subject to general confidentiality agreements may be discoverable; the case does not address or consider the unique burdens presented with providing notice to thousands of customers who are not relevant to the claims of the case. *See Vex Robotics, Inc. v. Cross the Rd. Elecs., LLC*, 2025 WL 1384747, at *5 (N.D. Tex. May 13, 2025).

It is simply untenable to demand that CS DISCO provide notice and seek consent from thousands of its customers, as is contractually required. We remain willing to further discuss options but need a practical solution.

Finally, with respect to Interrogatory No. 5, it appears Plaintiff mistakenly re-labeled this request as Interrogatory No. 4 in supplemental responses, and we request that you update your interrogatory responses to properly label this request when serving your supplemental responses to Interrogatory Nos. 4, 10, and 19-21 next Friday.

Best,
Ashley

Ashley Kemper Corkery
Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5257 office
+1 650 849-7400 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Wednesday, October 8, 2025 12:00 PM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

Thanks for getting back to me. Here are our responses:

**Customer names:** customer names are clearly responsive and, in any event, redaction of customer names for responsiveness is improper. Courts routinely find that confidentiality agreements cannot override a party's discovery obligaitons, let alone a mere notice provision. *Vex Robotics, Inc. v. Cross the Rd. Elecs., LLC*, No. 3:23-CV-2586-D, 2025 WL 1384747, at *5 (N.D. Tex. May 13, 2025). Withholding customer names would significantly burden Plaintiff's ability to conduct discovery and prepare for trial. We therefore require that customers' names not be withheld from Defendants' productions.

**Confidentiality Designations:**
We agree to the proposed compromise as to Plaintiff's confidential information with the addition that, as we noted on our meet and  confer, we believe it is appropriate to maintain the names of former employees cited in the complaint as Attorneys' Eyes only.

Regarding defendants' confidentiality designations: we do not read the current protective order as allowing us to discuss confidential documents with class members other than Mr. Pluymen, even if a class is certified. To the extent Defendants believe there is any ambiguity in the current order we are happy to agree to an appropriate amendment, which will allow Defendants to produce the documents as confidential.

We should be able to provide supplemental responses to interrogatories and RFAs by October 17. Regarding Interrogatory 5 could you clarify what it is that you believe needs supplementing?

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Friday, October 3, 2025 3:00 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>
**Subject:** Gambrill v. CS Disco - Discovery Meet and Confer Follow Up

**[EXTERNAL EMAIL]**

Jonathan,

Thank you for the productive meet-and-confer call this week.  We coordinated with our client and worked to find a mutually agreeable solution by making the below compromises on our end.  Here are our proposed solutions, which we hope will resolve the points we discussed:

- **Customer Names:** As noted, we spent the last two months gathering and reviewing thousands of customer notice provisions.  Our lengthy review has uncovered that we would need to provide notice to most customers and in manners and ways that are burdensome, time-consuming, and conflicting among

various contractual obligations.  To ensure that Plaintiff has the requested information, while avoiding undue burden that results from binding agreements, we propose the following:

- o CS Disco will notify and secure consent from any customer who spent seven figures on Review in any quarter.  This process will be complete by around mid-October.  In the meantime, CS Disco will provide updated documents that reflect an overlay of the anonymized IDs of the customers, as set forth in the spreadsheets previously produced, until CS Disco has authorization to disclose each name this month.  I would note that, even if required by court order, some of these seven-figure Review customer contracts indicate that the customer may still seek to challenge it before disclosure.  We are hopefully that will not be an obstacle and think we will be able to secure customer consent to disclose the names/matters as expeditiously as possible.

- o CS Disco will also agree to provide over each redaction the anonymized IDs in the spreadsheets previously produced for seven-figure customers at any point in time, even if they never used the Review product.  This will ensure that, in addition to the seven-figure revenue Review customer names, Plaintiffs also have a unique identifier for all seven-figure CS Disco customers.  Our agreement to take this additional step is, of course, in no way meant to suggest that we think non-Review customers are relevant to the allegations in this case.

- **Confidentiality Designations:** Following our discussion of confidentiality tiers, the parties agreed that (1) Plaintiff will downgrade all email communications to confidential and narrowly identify confidentiality on interrogatory responses, such that only certain financial investments will be AEO, and (2) Defendants will downgrade analyst reports to not confidential, with the understanding it is not a violation of any publisher services or terms.  Given our discussion, we propose the following mutual compromise to the remaining issues:

  - o Defendants will permit Plaintiff to maintain his text messages with his nephew as AEO, without waiver to being able to request consent or challenge that designation in the future, should those text messages require distribution beyond the in-house counsel with whom outside counsel coordinates.  Given the purported concern Plaintiff raised, we also want to make clear that Defendants have not and would not use Plaintiff's discovery for any purpose other than defending against Plaintiff's claims.

  - o Defendants will permit Lead Plaintiff to view AEO financials to the extent doing so facilitates with settlement discussions or is necessary to assess the claims.  For the reasons discussed, including the risk of broader circulation should a class be certified, the financial statements will otherwise maintain their AEO designation.

  - o We propose that the parties provide overlays of the agreed-upon, revised confidentiality designations by October 10.

- **Supplemental Discovery Responses:**  Plaintiff confirmed he has not executed an engagement letter with Kendall Law Group.  Plaintiff also confirmed that he will serve supplemental responses to Interrogatory Nos. 4, 5, 10, 19-21 and RFA No. 4.

  - o Please confirm by when you intend to serve these supplemental responses.

- **ESI Protocol**: We have been reviewing your proposed edits to the ESI Protocol with our client and with our e-discovery team.  We should be in a position to respond next week.

If there is anything I am missing from our discussion, please let me know.

Thanks,
Ashley


## Ashley Kemper Corkery

Cooley LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
+1 650 843 5257 office
+1 650 849-7400 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.