**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| LYNN GAMBRILL, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 1:24-cv-00028-DAE |
| CS DISCO, INC., KIWI CAMARA, and MICHAEL LAFAIR, | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF BERT W. PLUYMEN'S REPLY IN SUPPORT OF OPPOSED MOTION TO COMPEL**

## <u>TABLE OF CONTENTS</u>

I.    Introduction ................................................................................................................. 1

II.   Argument ................................................................................................................... 1

      A.    The Information Sought is Relevant and the Burden is Proportional ......................... 1

      B.    Federal Law Does not Permit Redactions in Circumstances Such as These ............... 3

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Lubrizol Corp. v. Int'l Bus. Machines Corp.*,
  No. 1:21-CV-00870-DAR, 2023 WL 5103944 (N.D. Ohio Aug. 9, 2023) ................................ 3

*Nat. Dynamics, LLC v. Calm Nat. Ltd.*,
  No. A-14-CV-1060-LY-ML, 2016 WL 11584909 (W.D. Tex. Oct. 14, 2016) .......................... 4

*Shintech Inc. v. Olin Corp.*,
  No. 3:23-CV-00112, 2023 WL 6807006 (S.D. Tex. Oct. 16, 2023) .......................................... 5

*UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*,
  No. A-17-CA-365-LY, 2017 WL 8939954 (W.D. Tex. Oct. 27, 2017) .................................... 4

*Weems v. Hodnett*,
  No. 10-cv-1452, 2011 WL 3100554 (W.D. La. July 25, 2011) .................................................. 5

## I.      Introduction

Defendants' opposition to the motion to compel turns on their claim that *only* seven figure Review customers are relevant to this case, despite Defendants' reliance on documents that include customer by customer revenues for *all* customers. Defendants' position both takes an unduly narrow view of the scope of discovery and is in direct contrast to their positions elsewhere in the litigation. Nor have Defendants shown an undue burden. Any burden to them was largely created by their own dilatory conduct, which has also waived any objection to discovery. For those reasons, the motion to compel should be granted.

## II.     Argument

### A.      The Information Sought is Relevant and the Burden is Proportional

In opposing this motion, Defendants insist that customers other than those who spent seven figures on review are wholly irrelevant to this case, and therefore redaction of their identities is proper. This stands in stark contrast to Defendants' position in this litigation overall. In opposing class certification, Defendants relied on documents that list the monthly revenues of *every* customer, not simply seven figure review customers. As Defendants themselves note, two of the misstatements are "about the types of customers DISCO was targeting." Dkt No. 97 at 2. The most straightforward way to test this proposition is to learn who those customers are and see if they match the descriptions that Defendants provided in their public statements. In addition, Defendants argued at class certification that CS Disco's overall revenue projections were consistent with public forecasts. Dkt. No. 97 at 16. Emails that CS Disco has produced include discussions by high level employees, including Individual Defendants, of specific customers other than seven figure Review customers. Without identifying who those customers are it becomes vastly more difficult to compare Defendants' public statements to information about those customers' litigation needs.

1

Moreover, in their redacted form, many documents produced by Defendants are incomprehensible. As an example, attached as Exhibit A to the Reply Declaration of Jonathan Stern is a presentation to analysts apparently given around the time of Disco's IPO that has a detailed discussion of several customers. However, it is impossible to understand what information was provided to analysts (a highly relevant issue that bears directly on Defendants' arguments that all material information had been publicly disclosed) without an unredacted copy.  This document was provided to Plaintiff on November 26, 2025.

In claiming unfair burden, Defendants insist that they are required to contact and retain approval from thousands of customers before disclosing their names. But Defendants have provided scant evidence that their agreements with customers require anything of the sort. Rather than provide a single customer agreement in response to Plaintiff's motion, Defendants quote limited portions of two out of apparently more than 2000 confidentiality agreements, neither one of which clearly requires notice and consent prior to disclosure of customers' names. Sample Contract 1 only defines as confidential a customer's "data" – as in, the documents and attorney notes uploaded to their discovery management software, not the customer's identity itself. Sample Contract 2 governs "Confidential Information" which appears to be a defined term under the contract and yet Defendants withhold the portion of the contract containing that definition. Worse yet, the requirement that Defendants obtain consent only applies where they are not "prevented by law" from doing so. Therefore, any order by the court requiring prompt production of the customer's name will nullify the consent requirement.

Moreover, Defendants' burden argument disregards Plaintiff's proposed compromise, which would allow Defendants to keep anonymous the names of customers who were not discussed in responsive communications, did not use Review, and never spent more than $100k in

2

a quarter. It appears that only approximately 400 customers used Review during the period covered by Defendants' productions, and fewer than 100 customers spent more than $100k on software in any quarter. Therefore, Plaintiff's proposal would allow Defendants to keep anonymous the vast majority of Defendants' customers. Defendants were unwilling to accept this compromise.

**B.      Federal Law Does not Permit Redactions in Circumstances Such as These**

Defendants have pointed to a mere two cases where courts have allowed redaction of customer names, and the circumstances there are not analogous to those here. *Lubrizol* is distinguishable because in this case, unlike *Lubrizol*, defendants have directly placed all their customers' spending at issue by affirmatively relying on a document containing *all* customers' supposedly confidential individual monthly spending in opposing class certification. *Lubrizol Corp. v. Int'l Bus. Machines Corp.*, No. 1:21-CV-00870-DAR, 2023 WL 5103944, at *5 (N.D. Ohio Aug. 9, 2023). In addition, the court in *Lubrizol* "weigh[ed] heavily the fact that Lubrizol waited until discovery was at an advanced stage and depositions had begun before bringing this to [the court's] attention, thereby heightening the potential burden on IBM.". Here, by contrast, and as set forth more fully in Plaintiff's Moiton to Compel, it is Defendants who have created undue delay, while Plaintiff has acted promptly.[1] Having created the burden that they now complain of,

---

[1] Defendants insist that Plaintiff mischaracterized the parties' negotiations. Plaintiff wholly rejects Defendants' claim that the parties "conferred extensively on the issue" of customer names, other than to negotiate a Protective Order, which Defendants now insist has no bearing on the instant dispute. Tellingly, Defendants provide no evidence of this supposed conferral in the form of a written communication or a statement under penalty of perjury. In reality. The written record of the parties' communication undercuts their claims. Upon seeing the redaction of customer names, Plaintiff highlighted the parties' extensive conferral on the parties' protective order and expressed surprise at the redactions. Defendants, contrary to their current position, insisted that "[a]s to the redacted customer names, … we disagree that there has been 'extensive conferral' on this issue." Stern Reply Dec. Ex. B. Moreover, as Plaintiff's response (which Defendants did not contest) makes clear, at no point prior to their production of redacted documents did Defendants inform Plaintiff of their intention to make such redactions.  Nor was discovery "stayed" through the parties' agreement. Defendants' extension to formally provide responses and objections did not alleviate their obligation to *work through* time consuming discovery issues. Defendants, instead,

they should receive no relief from it. Defendant LaFair insists it will take several months to comply with their notice provisions, ignoring the fact that Defendants chose to make no effort to comply with those provisions during the several months that discovery was ongoing, and even as to those seven figure Review customers that Defendants do not contest are relevant. Defendants also fail to explain their redaction of the names of law firm that have no obvious interest in concealing their eDiscovery vendor. Defendants also disregard the fact that *National Dynamics*, unlike this case, involved the issue of disclosure of trade secrets to a competitor. *Nat. Dynamics, LLC v. Calm Nat. Ltd.*, No. A-14-CV-1060-LY-ML, 2016 WL 11584909, at *4 (W.D. Tex. Oct. 14, 2016), *report and recommendation adopted*, No. A-14-CV-01060-LY, 2016 WL 11585184 (W.D. Tex. Nov. 1, 2016). Further, the documents redacted in *National Dynamics* were sales invoices. Here, Defendants seek redaction of responsive emails among high level employees, rendering them much more material to the litigation. Nor was there any indication in either case Defendants' cited that the party opposing production used the redacted documents in supporting their position.

Defendants have also provided no justification for their waiver of objections. Defendants do not contest that they only provided a general reservation of rights in their objections to Plaintiff's discovery requests. Defendants' insistence that this does not constitute waiver flies in the face of the Federal Rules of Civil Procedure, which since 2015 has "expressly disallowed general objections,". *UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. A-17-CA-365-LY, 2017 WL 8939954, at *2 (W.D. Tex. Oct. 27, 2017). "General objections such as the ones asserted by Plaintiff are meaningless and constitute a waste of time for opposing counsel and the court. In the face of such objections, it is impossible to know whether information has been

---

apparently squandered the time provided by their extension. As Defendants admit, they did make any formal proposal for the redaction of customer names until *October*, six months after receiving discovery requests.

withheld and, if so, why." *Shintech Inc. v. Olin Corp.*, No. 3:23-CV-00112, 2023 WL 6807006, at *4 (S.D. Tex. Oct. 16, 2023) *quoting Weems v. Hodnett*, No. 10-cv-1452, 2011 WL 3100554, at *1–2 (W.D. La. July 25, 2011). This case provides ample evidence for why courts have so held, as Defendants failure to provide specific objections has meaningfully delayed discovery.

Defendants' argument that the confidentiality order in this case, in which Defendants specifically represented that they "do not anticipate the need for higher levels of confidentiality as to ultrasensitive documents or information" should not cover the instant dispute because it does not "determine the scope of permissible discovery" is meritless. Regardless of the scope of discovery, redaction of documents based on information being outside of that scope is normally prohibited. Therefore if Defendants' motion does not turn on confidentiality, it has no basis at all.

Defendants argue that they are entitled to redact all customer names because one customer has litigation adverse to a party represented by the Rosen Law Firm. This fails to support their position. To the extent a small number of their customers are subject to additional confidentiality concerns because of collateral litigation involving the Rosen Law Firm, specific protocols can be created for that customer. Defendants' conduct does not justify wholesale redaction of documents as to all customers. Moreover, Defendants' decision to conceal that fact from until this late date has not only wasted Plaintiff's and the Court's time, they have ill served their own client's interests. Had Defendants promptly informed Plaintiff of this issue at the outset of discovery, the Rosen Law Firm could have evaluated the appropriateness of alternate measures to address the issue. Instead of working cooperatively and informing the Rosen Law Firm of this issue, thereby both ensuring a smooth discovery process in this case and the protection of their customers' interests, Defendants instead chose to hold this information back in a manner that benefits nobody but themselves.

For the foregoing reasons, Plaintiff's motion should be granted in all respects.

5

Dated: November 28, 2025

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Jonathan Stern
Jonathan Stern (*pro hac vice*)
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: jstern@rosenlegal.com

*Lead Counsel for Lead Plaintiff and the Class*

-and-

**KENDALL LAW GROUP, PLLC**
Joe Kendall
Texas Bar No. 11260700
3811 Turtle Creek Blvd., Suite 825
Dallas, Texas 75219
Phone: (214) 744-3000
Fax: (214) 744-3015
Email: jkendall@kendalllawgroup.com

*Liaison Counsel for Lead Plaintiff and the Class*

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was served on all counsel of record

on November 28, 2025, via CM/ECF, in accordance with the Federal Rules of Civil Procedure.

Dated: November 1, 2025                    */s/Jonathan Stern*
                                            Jonathan Stern