# EXHIBIT B

**Jonathan Stern**

---

| | |
|---|---|
| **From:** | Corkery, Ashley K <acorkery@cooley.com> |
| **Sent:** | Friday, September 26, 2025 5:00 PM |
| **To:** | Jonathan Stern; Ryan Hedrick; Joe Kendall; Joshua Baker |
| **Cc:** | Gibbs, Patrick; Brien, Tijana; De Jarnette, Brett; Ganapathi, Anuva; Ivanowsky, Rachel K |
| **Subject:** | RE: Gambrill v. CS Disco - AEO Designations |

<div style="background:red;color:white;text-align:center;font-weight:bold">[EXTERNAL EMAIL]</div>

Jonathan,

We are available to meet and confer on Monday, September 29 at 12:30 p.m. PT.  If that window works for you, I will circulate an invite.  At that time, we can also discuss the September 16, 2025 letter.

Thanks,
Ashley

**Ashley Kemper Corkery**
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
+1 415 693 2158 office
+1 415 693 2222 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

---

**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Friday, September 26, 2025 10:35 AM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Joshua Baker <jbaker@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Ivanowsky, Rachel K <RIvanowsky@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - AEO Designations

I can't make Friday work but I am available any time Monday after 9 am PT. We can also be prepared to discuss outstanding ESI protocol issues on that call.

Regarding Defendants' redactions of customer names – the issue of disclosure *has* been discussed extensively. Brett De Jarnette first raised it with me at the outset of discovery via phone call. Defendants' proposed protective order included language specifically regarding the overall handling of customer information, and Defendants' made their position about the sensitivity of that information clear in comments to Plaintiff's proposed edits, but at no point asserted that it would be redacting those names from production.  This issue is resolved and we will move to compel if we do not receive unredacted versions of the prior production by October 1.

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Thursday, September 25, 2025 3:30 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Joshua Baker <jbaker@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Ivanowsky, Rachel K <RIvanowsky@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - AEO Designations

<span style="color:red">**[EXTERNAL EMAIL]**</span>

Jonathan,

We are happy to meet and confer on both parties' AEO and Confidentiality designations, after which the parties can provide their final position before invoking Section 12(a) of the Confidentiality and Protective Order.  We are available tomorrow, September 26 after 3:30 p.m. PT, if that later window in the day works for you.  Alternatively, we are available early next week.

As to the redacted customer names, while we disagree that there has been "extensive conferral" on this issue and note that our prior conferrals were with respect to filing customer information under seal in Section 5 of the Confidentiality and Protective Order, we have been working with our client on the customer name disclosures.  In the interest of getting you the documents sooner, we produced with redactions applied in the interim.  Our client has been traveling internationally, so we have not had a chance to connect but plan to do so next week.

On both the confidentiality designations and customer names, after the parties' meet and confer, we will provide an overlay based on party agreement.

Best,
Ashley


Ashley Kemper Corkery
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
+1 415 693 2158 office
+1 415 693 2222 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation


Cooley GO > **Start and build your business**


**From:** Jonathan Stern <jstern@rosenlegal.com>
**Sent:** Wednesday, September 24, 2025 12:40 PM
**To:** Corkery, Ashley K <acorkery@cooley.com>; Ryan Hedrick <rhedrick@rosenlegal.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Joshua Baker <jbaker@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Ivanowsky, Rachel K <RIvanowsky@cooley.com>
**Subject:** RE: Gambrill v. CS Disco - AEO Designations

Ashley,

Defendants' attempt to issue a written notice pursuant to section 12(a) of the Confidentiality and Protective Order violates the terms of that order, which requires the parties attempt to meet and confer in good faith *prior* to the entry of an order. We are available to confer regarding Defendants' concerns on Friday, September 26. Please let us know times you are available. Relatedly, we note that Defendants have, in their first production, designated attorneys' eyes only all internal emails produced. Given that the documents largely include only 1) past financial results that have since been made public and 2) stale financial projections as to past periods, it does not appear that defendants will be able to make a required showing of competitive harm, or provide any other basis for an AEO designation. In addition, it appears Defendants have indiscriminately applied a confidentiality designation to all analyst reports produced, notwithstanding the fact that at least some of these reports are publicly available. Please be prepared to discuss these issues on our forthcoming call.

Finally, we note that Defendants' production has redacted the names of customers. There is no basis for this redaction as the parties took considerable time to negotiate specific terms for the handling of such customer names to address any confidentiality concerns Defendants have. Given the extensive conferral on this issue there is no basis for Defendants to redact those names now. Please provide unredacted versions within 7 days or we will be forced to move to compel.

---

**From:** Corkery, Ashley K <acorkery@cooley.com>
**Sent:** Tuesday, September 16, 2025 7:10 PM
**To:** Jonathan Stern <jstern@rosenlegal.com>; Ryan Hedrick <rhedrick@rosenlegal.com>; Joe Kendall <jkendall@kendalllawgroup.com>; Joshua Baker <jbaker@rosenlegal.com>
**Cc:** Gibbs, Patrick <pgibbs@cooley.com>; Brien, Tijana <tbrien@cooley.com>; De Jarnette, Brett <bdejarnette@cooley.com>; Ganapathi, Anuva <aganapathi@cooley.com>; Ivanowsky, Rachel K <RIvanowsky@cooley.com>
**Subject:** Gambrill v. CS Disco - AEO Designations

**[EXTERNAL EMAIL]**

Jonathan,

We are in receipt of your September 2, 2025 Supplemental Responses to Defendants' First Set of Interrogatories ("Supplemental Interrogatory Responses") and document production. Pursuant to Section 12(a) of the Parties' Confidentiality and Protective Order, Defendants hereby formally challenge the designation of the following as "Highly Confidential – Attorneys' Eyes Only":

- The Supplemental Interrogatory Responses;

- Text Messages (Bates stamped BP0000835; BP0000839; BP0000837; BP0000836; BP0000840; BP0000838); and

- Account Statements (Bates stamped BP0000786; BP0000810; BP0000800).

It is our view that nothing contained in the above materials qualifies as AEO, as there is no guise of proprietary or trade secret level information, such as design information or study methodologies. *See* Confidentiality and Protective Order ¶ 3(c). Instead, Plaintiff's Supplemental Interrogatory Responses merely identify parties with whom he has communicated about CS Disco, purchase and sale dates of CS Disco stock, and reasons for which Plaintiff decided to purchase, sell, or re-purchase CS Disco stock. Likewise Plaintiff's produced materials concern informal text messages and various account statements.

The W.D. Tex. model protective order language of information that qualifies as AEO has, in practice, been construed to require some level of proprietary or commercial sensitive information for which competitive harm would result.  *See, e.g., Demoss v. Perry's Restaurants Ltd.*, No. 1:21-CV-01054-RP, 2023 WL 113743, at *2 (W.D. Tex. Jan. 4, 2023) (denying defendants' motion to designate tax returns as AEO rather than confidential); *El Paso Disposal, LP v. Ecube Labs Co.*, No. EP-24-CV-00097-KC, 2024 WL 4678472 (W.D. Tex. Aug. 30, 2024) (noting the parties agreed that customer information and pricing was properly designated as AEO).

Moreover, courts typically require targeted designations of the precise information that qualifies as confidential, not en masse designation across full interrogatory responses.  *See Jostens Inc. v. Haarsma*, No. 3:22-CV-0796-X, 2024 WL 2702441 (N.D. Tex. May 23, 2024) (granting motion to seal "targeted redaction" of interrogatory response on basis that the information regarding the identity of the individual who allegedly stole a sample was AEO designated).

Plaintiff, as the producing party, bears the initial burden to "describe the alleged harm it will suffer from any disclosure with a particular and specific demonstration of fact" in designating material as AEO.  *Demoss*, 2023 WL 113743, at *1 (internal quotes and citation omitted).

Accordingly, please confirm that you will downgrade the current AEO designations identified in the bulleted list above within 14 days of this written notice or else seek relief of Court, as required under Section 12(a) of the Parties' Confidentiality and Protective Order.  If you would like to discuss live, please let us know.

Best,
Ashley

Ashley Kemper Corkery
Cooley LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA  94111-4004
+1 415 693 2158 office
+1 415 693 2222 fax
+1 831 261 9277 mobile
acorkery@cooley.com

www.cooley.com/acorkery
www.cooley.com/litigation

Cooley GO > **Start and build your business**

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.